19 of 25

~~Exh~~ "Exhibit 1"

# Appeal From The Disciplinary Board

Appellant: Arthur Basaldua

original Charge. #1

charge found guilty of: #1

Board Members: Warden Malcolm, Mrs Trupiano, Mr. Henshaw

counsel: P. Holland

Date of Report: 10-11-2024

Date of Hearing: 10-31-2024

Location of Hearing: N4 Court Room

Sentence Imposed: 7 days los of canteen

Sentence Imposed: Yes

Plea: Not Guilty

## Issues

I was found guilty of contraband for a package of legal mail containing synthetic Cannabinoids that was sent to me. There is no evidence to suggest I requested that the package be sent to me. This write up should be dismissed due to lack of evidence Also I would like camera footage to be saved and reviewed ~~the~~ from 10-14-24 11:45 A.M. Until 12:00 p.m.

## Argument

On Monday 10-14-24 ~~[illegible]~~ as the camera footage will show from the back of the tier of N4-D tier. Not more then 10 feet from the cell 14. That Lt. Judgeware along with Sgts. Reeves and Harris came to my cell (N-4-D-14) to Serve me legal mail. Since it was unusual for the shakedown crew to accompany anyone to bring legal mail. I asked why they were at my sell while signing for the legal mail They informed me they where there to shakedown my cell. So as I am signing the paper to get the legal papers I am looking up and talking to the shakedown guys. Not paying attention who sent me legal mail. As I regularly receive legal mail

"Exhibit 1"

due to my current litigation. In addition to my current litigation I get much correspondence through out the pass 17 years of me being incar-cerated, because lawyers and organizations trying to reach out to me due to my time and subscription from prison legal News magazine Puts out my profile. So I get letters and information from lawyers and legal services whom I am not familiar with so it is not at all out of the ordinary for me to sign for legal mail from an attorney I am not familiar with.

As the camera will show while I am signing for the legal mail Lt. Judgeware opens the legal papers, starts going threw each paper page by page in front of the camera now mind you and in-front of the shakedown guards. Fans threw each page after inspecting page by page. Now Lt. Judgeware is trainned to spot paper that look tanted or have any smell to it. After inspecting and oking the legal mail, she hands me the legal mail. I set it on my bed and come to the bars to be restrained. I come out the cell and stand in the hall with Sgt. Reeves while Sgt. Harris searches my cell. He flips the mattress. Picks up the legal mail that was just ok'd and inspected by the legal lady Lt. Jugdeware And says it look funny and walks out my cell and they put me back in my cell in less then "90 seconds", and the so called shake-down was over. That is the fastest shake down I ever had. The camera will show all this.

During my hearing on 10/31/24, through inmate counsel, it was established there is no record of me asking anyone to send me drugs through legal mail. My communications is all monitored so if I had asked through U.S. postal service, Jpay, or the telephone there would be

"Exhibit 1"

records of it. It would be all to easy for an enemy that does not like me for whatever reason to get my name and D.O.C. number from the call out sheet they pass every night over here at David Wade, and have bogus legal mail containing contraband to be sent to me in order to get me in trouble. Or it can be the investigations Col. Terrence Hauley that I have been having problems with since March of this Year. On 2/26/24 me and Col. Hauley got in a heated arguement over a write up for using the phone to make a legal phone call I made two calls one to my lawyer and one to my wife. He called me a fucking "wetback" and that I thought I knew it all He told me he been doing this for 14 years and that he would show me. Now every since I been getting write ups only from Col. Hauley from investigations. This is the first write up from investigation that is other then Col. Hauley. I wrote a A.R.P. and now I am going to the U.S. District Courts with my complaint for Racial Discrimination, Abuse of power and Authority, and cruel and unusal punishment.

This to me is like a set up Every time I get my 60 days write up free the investigation dept finds some kind of thing to write me up. Like this time. The write up says I received legal mail 10/11/24 that was friday. Monday the 10/14/24 they brought me the legal mail, Lt. Judegware inspected it and hand it to me. She didn't smell nothing. But in the write up it smelled once it is in invesitgation hands. They don't even say how many pages it was and how many they tested. This guilty verdict by D.B. court must be reversed to Not guilty do to lack of any evidence linking me to this package and the report is not clear and precise.

Relief Desired

The guilty verdict should be reversed to not guilty and the write up expunged from my prison master record.

Date of Appeal: 11-12-24 Number: 531174

Submitted: By [signature] N.4.D.4

"Exhibit 1"

23 of 25

JB

FORM OP-C-1-a
23 February 2023

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
DISCIPLINARY REPORT

INSTITUTION: **David Wade Correctional Center**

| 1. Name of Inmate | 2. Number | 3. Date of Incident | 4. Time of Incident |
|---|---|---|---|
| Arthur Basaldua | 531174 | 11 October 2024 | 1257 |

| 5. Place of Incident | 6. Job Assignment (Inmate) | 7. Housing Assignment (Inmate) |
|---|---|---|
| N4D | Unassigned | N4D Tier |

| 8. Rule Violated | 9. Rule Number |
|---|---|
| Contraband (Schedule B) | Rule# 01 |

10. Description of Incident (Include all relevant information – "unusual Inmate behavior, staff witnesses, physical evidence & disposition, immediate action taken, including use of force"). Use other side, if necessary.

On 11 October 2024 a piece of legal mail was received by the David Wade Correctional Center Mailroom employees that was addressed to inmate Arthur Basaldua #531174 from Ronald K. Cool Law Firm. Inmate Basaldua signed to receive the envelope of legal mail and it was confiscated for further inspection. Upon further inspection of the package a strong odor could be detected that concerned investigators. The package was sent to the North Louisiana Criminalistics Laboratory to be tested. On 22 October 2024 the results from the North Louisiana Criminalistics Laboratory were returned to investigators and indicated a positive result for Synthetic Cannabinoids. Inmate Basaldua is currently housed on N4D Tier on Preventative segregation Level 1. Rule #01- No inmate shall have under his immediate control of any item not permitted by Department Regulation or institutional posted policy to be received or possessed or any other item detrimental to the security of the facility.

11. Inmate Placed in Administrative Segregation ☐ Yes ☒ No

| 12. Signature of Reporting Employee | 13. Name, Title, Assignment (Print) |
|---|---|
| Lt. Tyler Nalitt | Tyler Nalitt, Lt, (Investigations) |

| 14. Date of Report | 15. Time of Report | 16. Report (copy) given to above Inmate by: | 17. Inmate's Signature |
|---|---|---|---|
| 24 October 2024 | 1137 Hours | Richard Rogers 24 Oct 24 @ 1805 | Refused to Sign |

18. Plea by Inmate: ☐ Not Guilty ☐ Guilty
19. Verdict: ☐ Not Guilty ☐ Guilty
20. Date of Hearing: Oct 24
21. Counsel Substitute: Holland DOC #: 516151

22. Disciplinary Court Motions: Refer to Form OP-C-1-b.

23. Reasons For Disposition:
☐ Report is clear and precise. ☐ Lack of credible defense/little or no defense. ☐ Based on Inmate's statement.
☐ The officer's version is determined to be more credible than the Inmate's. ☐ Pled guilty/accepted guilty plea.
☐ Only defense is denying contents of report. ☐ The Inmate presented no evidence to refute the charges.
☐ The Investigative officer's testimony was deemed more truthful and accurate than the Inmate's. ☐ Plea bargain.
☐ The Inmate's demeanor led the board to believe that the Inmate's testimony was untrue.
☐ Other

24. Reasons for Sentence:
☐ Seriousness of offense ☐ The need to protect the institution, employees or other.

☐ Poor conduct record. A total of ______ rule violation(s). A total of ______ Schedule B violations since: ________.

A total of ______ # ______ rule violations since ________.

☐ Other: ________

| 25. Sentence: ☐ Suspended ☐ Imposed ____ Days | 26. Sentence: ☐ Suspended ☐ Imposed ____ Days |
|---|---|
| (7) Days loss of Cant-rid | |

27. DISCIPLINARY BOARD: After an Inmate is found guilty of a disciplinary violation through a formal administrative hearing, the Disciplinary Board may order restitution in accordance with Department Regulation No. OP-C-11 "Imposition of Restitution via the Disciplinary Board."

________________
CHAIRMAN (DISCIPLINARY OFFICER)

________________
MEMBER

________________
MEMBER

# DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS
## STATE OF LOUISIANA

JEFF M. LANDRY
GOVERNOR

GARY E. WESTCOTT
SECRETARY

**DISCIPLINARY BOARD APPEAL**

| | |
|---|---|
| **Appeal Number:** | DWCC-2023-156 |
| **Inmate's Name:** | ARTHUR BASALDUA #531174 |
| **Inmate's Counsel:** | HOLLAND |
| **Board Chairman:** | NATLITT |
| **Rule Violation:** | 10/11/2024 |
| **Disciplinary Board Action:** | 10/31/2024 |
| **Appeal Decided:** | FEB 21 2025 |
| **Decision of the Secretary:** | 06 – REJECTED **Inst:** DWCC |

The appellant was convicted of violating Rule #1 (Contraband) on one disciplinary report. He was sentenced to seven (7) Days Loss of Canteen Privileges.

The Secretary will only consider appeals from decisions of the Warden that resulted in an imposed or suspended sentence of one or more specified penalties. The inmate's sentence is not within the specified penalties. Therefore, making this appeal moot.

Appeal is Rejected.

Gary E. Westcott, Secretary
Public Safety and Corrections

Received
2-28-25



2034

"Exhibit A" Pg 1 of 2

To: Warden Dauzat — From: Arthur Basaldua
531174
Date: 4-2-2024 — N.4.C.11

Dear Mrs. Dauzat,

The reason why I am writing is because I feel like you guys are doing things wrong. I've been off phone restriction going on 3 weeks. But my account still says "my account has been suspended." I found out my Dad died on 3-26-24 and that day Colonel Malcolm allowed me to call my sister once I was ready to talk to her I followed the rules one call even if it was a 10 minute free call But for some reason my phone account is blocked again The only person I have been able to talk to is my sister since my Dad passed away. My phone privilege was suspended on 3-9-24 when I made two free calls, the only number that went thru was Ashley Collins phone # on my list

I haven't use the phone since 3-9-24, except on 3-26-24 when I was allowed to call my sister. I asked Colonel Malcolm, today why is my account still suspended if he is the one that took my phone for two week on 3-4-24 He said he don't know, he don't have nothing to do with the phone. He told me to write you and he would ask you.

Also how could you take my friend off my visit lisit and phone list? Due to a internal investigation. Yes you sent her a letter but that letter does not say nothing of any kind of violation. Also the

posted policy for offender #30 states in Limitation or suspension of visiting privileges part C. Suspension of a Visitor's Visiting Privileges.

1) Suspension of visiting

a.) Any visitor who introduces contraband into or upon the grounds of an institution, including inside personal vehicles, or commits any illegal activity on the grounds of an institution shall be subject to suspension of visiting at the discretion of the Warden or designee. The suspension of visiting may be temporary (removal from a visiting list for a fixed period of time) or indefinite (removal from visiting list for an undetermined amount of time), depending upon the severity of the offense and at the discretion of the Warden or designee.

This letter does not say anything other then a internal investigation. She didn't introduce contraband into or upon these grounds of D.W.C.C. or commit any illegal activity, on these grounds of D.W.C.C. To get removed from my list as per posted policy for offender #30. The day I talk to you on the tier between the days of 3-11-24 and 3-15-24 you told me it was you that took her off my lists, because of something she said in her correspondence. I asked you when will I know the out come of the investigation You said you would come and talk to me. That is over 3 weeks now. Like I told you that day I feel

"Exhibit A" 2 of 2

like if it is dealing with Colonel Hauley doing the investigation. The out come will be bias, because me and him exchanged words when he brought me my first write up. And told me I been doing this 14 years you fucking wet back, you think you are know it all, I will show you. You told me the same thing that I am smart and I know what is going on. No I don't know what is going on, I don't read minds. And I feel you guys are using my pass to discipline me for my pass.

Can you please let me know in what is going on with my phone and my visits? Thank you.

Sincerely, Arthur Basaldua
#531174
N.4.C 11

C/C: Attorney
Mrs. Maureen Shanahan
Bar # 38973
New Orleans, LA

DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS
STATE OF LOUISIANA
DAVID WADE CORRECTIONAL CENTER "Exhibit B"

JEFF M. LANDRY
GOVERNOR

GARY E. WESTCOTT
SECRETARY

To: Arthur Basaldua #531174

Date: November 13, 2024

From: DWCC Warden's Office
DWCC Investigative Unit
DWCC Visitation Department

Effective immediately, your visitation and phone privileges have been temporarily suspended. This action is a result of an ongoing investigation regarding your attempts to have contraband brought/sent into DWCC. You may continue to correspond via mail and/or Jpay with the following family members that have been verified in your record:

Lillian Basaldua Mother
Lisa Basaldua Sister

All other correspondence, with the exception of legal mail, will not be permitted for the immediate future. A letter will be sent to your visitors notifying them of the suspension. The suspension of phone and visitation privileges will be reviewed pending the outcome of the internal investigation.

11-13-24
4:05 p.m. to 4:10 p.m.

4:11 PM.

DWCC
APPEAL DECISION



| | | | |
|---|---|---|---|
| TO: | ARTHUR BASALDUA<br>**INMATE NAME** | 531174<br>**DOC #** | DWCC-2024-156<br>**DECISION NUMBER** |
| | N4D<br>**HOUSING** | | "Exhibit C" |
| **FROM:** | **Michele Dauzat**<br>**Warden** | | |
| **DATE:** | **11/13/2024** | | |
| **RE:** | **DATE OF REPORT:** 10/11/2024 | | |

**DATE OF HEARING:** 10/31/2024

**ORIGINAL CHARGE:** Rule #1 Contraband

**PLEA:** ☐ GUILTY ☒ NOT GUILTY

**SENTENCE:** 7 days loss canteen

**SENTENCE:** ☒ IMPOSED ☐ SUSPENDED

**RESTITUTION:** ☐ YES ☒ NO

**APPEAL DECISION:** 01-DENIED

Your arguments on appeal and the RVR have been reviewed along with the taped hearing. You argue on appeal that there is no evidence to suggest that you requested the package be sent to you. Upon review, I find the disciplinary report to be clear, precise and to provide convincing evidence of the rule violation as charged. The report states a package from Ronald K. Cool Law Firm was received at DWCC addressed to you. You signed for the package and received the documents. The documents confiscated and sent to the North LA Criminalistics Laboratory to be tested. The results from the North LA Criminalistics Laboratory indicated the documents were positive for synthetic cannabinoids. The "Disciplinary Rules And Procedures for Adult Inmates" defines Contraband as no inmate shall have under his immediate control any illicit drugs. By you receiving the documents that tested positive for synthetic cannabinoids, you are clearly in violation of Rule #1 Contraband. You signed for the package therefore, it was considered your property. The officer's version is determined to be more credible than yours, and your only defense is denying the contents of the report. The Board imposed appropriate and allowable sanctions for a Schedule "B" offense. It is evident that you received a full, due process hearing. Due to the seriousness of the offense and the need to protect the institution, I concur with the Board's decision and find no reason for administrative intervention. Your appeal is denied.

____ I am not satisfied with this decision and wish to appeal to the Secretary in accordance with the conditions set forth in the "Disciplinary Rules and Procedures for Adult Inmates. "The Secretary will only consider appeal decisions which result in the imposed or suspended sentences of one or more of the following penalties: 1) Forfeiture of Good Time; 2) Custody change-minimum to medium if it involves transfer; 3) Custody change to maximum custody; 4) Failure to earn incentive wages; 5) Restitution.

DATE: ____________________ OFFENDER SIGNATURE: ______________________

Instruction to Inmates: Forward to "" within 5 Days of your receipt of this decision.

Nikki McCoy, DWCC
Recieved: 11-19-24 11:50 p.m.

"Exhibit D"



*package while he is admitted to University Health-Shreveport and University Health-Monroe, the package will be held in the mailroom until the offender is released to DWCC. They will verify the number of packages arriving, where the package came from, and who the package is for. This will be noted in the logbook located in the mailroom. In the event, packages are delivered after mailroom staff have left for the day, the Sallyport Officer will be responsible for verifying the information described above along with the delivering officer.*

*Packages that are not allowed and are being sent back to the company, etc., shall be handled in the same manner as described above.*

*Mailroom staff will deliver packages to the North Compound Security Office and lock it inside the cabinet located there. Packages for the South Compound will be left locked inside the Major's office inside a secure cabinet. The shift supervisor will be directly responsible for delivering packages. After 1630 hours, during normal workdays and on weekends and holidays, no one below the rank of Major shall enter the mailroom without the Major being present and this being for business only.*

4275 *X. Legal Mail:*

4488

4491

*All Legal Mail will be delivered by the mailroom to a supervisor on the appropriate compound. Legal mail for the North Compound will be delivered to the North Security Office and turned over to the Shift Supervisor or a Captain. Legal Mail for the South Compound will be delivered to the South Security Office and turned over to the Shift Supervisor or a Captain. (The only exceptions to other people entering the mailroom would be on authorized occasions for the purpose of painting, cleaning, etc., or work assignment). Mailroom staff deliver legal mail to a supervisor in the appropriate security office. (A Captain or higher ranking officer will deliver all legal mail. The delivering supervisor will secure the signature of the recipient on the legal mail receipt. The delivering supervisor will open and inspect the contents for contraband in the presence of the offender. Upon discovery of any contraband it will be confiscated. The envelope - and contents - in which the contraband was found will be retained by the security officer. If no contraband is found, the offender will certify by his signature that he has received his mail).*

*XI. All security staff involved in mail distribution will insure that all mail is delivered to the*

"Exhibit E" Pg. 1 of 2

# MEMO

TO: Arthur Basaldua (Inmate's Name) 531194 (DOC #) N4D (Housing)

FROM: Nikki McCoy
Executive Management Officer

RE: Disciplinary Board Appeal

I received your Appeal from the Disciplinary Board in this office on 9/3/24

for the following charge(s):

Rule # 5, #30 8/13/24

You will receive an answer within 30 days of the date your appeal was received in this office.

"Exhibit E" Pg 2 of 2

DWCC
APPEAL DECISION

**TO:** ARTHUR BASALDUA **INMATE NAME** 531174 **DOC #** DWCC-2024-125 **DECISION NUMBER**

N4D
**HOUSING**

**FROM:** **Michele Dauzat**
**Warden**

**DATE:** **09/19/2024**

**RE:** **DATE OF REPORT:** 08/13/2024

**DATE OF HEARING:** 08/20/2024

**ORIGINAL CHARGE:** Rule #30 Gen. Pro. Behavior; Rule #5 Aggravated Disobedience

**PLEA:** ☐ GUILTY ☒ NOT GUILTY

**SENTENCE:** 4 days loss of canteen; 14 days loss phone

**SENTENCE:** ☒ IMPOSED ☐ SUSPENDED

**RESTITUTION:** ☐ YES ☒ NO

**APPEAL DECISION:** 01-DENIED
Your arguments on appeal and the RVR have been reviewed along with the taped hearing. You argue on appeal that the RVR's do not describe the rule number. You received a Rule #30 for making three way phone calls and a Rule #5 for making multiple phone calls without approval. RVR #30 states that upon monitoring phone calls, Col. Haulcy found you had made multiple three-way phone calls. RVR #5 states that upon monitoring phone calls, Col. Haulcy discovered you made phone calls that were not allowed according to your housing assignment. It was determined that both the Rule #30 and Rule #5 are appropriate rule violations. You previously received an RVR due to making unauthorized phone calls threrefore, you have been informed of not making phone calls without approval. It is evident that you received a full due process hearing. Due to the seriousness of the offense and the need to protect the institution, I concur with the Board's decision and find no reason for administrative intervention. Your appeal is denied.

____ I am not satisfied with this decision and wish to appeal to the Secretary in accordance with the conditions set forth in the "Disciplinary Rules and Procedures for Adult Inmates. "The Secretary will only consider appeal decisions which result in the imposed or suspended sentences of one or more of the following penalties: 1) Forfeiture of Good Time; 2) Custody change-minimum to medium if it involves transfer; 3) Custody change to maximum custody; 4) Failure to earn incentive wages; 5) Restitution.

DATE: ____________________ OFFENDER SIGNATURE: ______________________

Instruction to inmates: Forward to "" within 5 Days of your receipt of this decision.

Exhibit "F" Pg 1 of 2

# MEMO

TO: Arthur Basaldua — Inmate's Name — 531174 — DOC # — N4C "1" — Housing

FROM: Nikki McCoy
Executive Management Officer

RE: Disciplinary Board Appeal

I received your Appeal from the Disciplinary Board in this office on 8/12/25

for the following charge(s):

Rule # 3 #37 Date of Incident: 7/21/25

Received corrected copy of appeal on

You will receive an answer within 30 days of the date your appeal was received in this office.

Exhibit F Pg 2 of 2

DWCC
APPEAL DECISION

| | | | |
|---|---|---|---|
| TO: | ARTHUR BASALDUA<br>**INMATE NAME** | 531174<br>**DOC #** | DWCC-2025-133<br>**DECISION NUMBER** |
| | N4C<br>**HOUSING** | | |
| FROM: | **Michele Dauzat**<br>**Warden** | | |
| DATE: | **09/03/2025** | | |

RE: **DATE OF REPORT:** 07/18/2025

**DATE OF HEARING:** 07/25/2025

**ORIGINAL CHARGE:** Rule #37 Bribery; Rule #3 Defiance

**PLEA:** ☐ GUILTY ☒ NOT GUILTY

**SENTENCE:** 10 days disciplinary segregation w/CFTS 4 days; 4 days loss canteen

**SENTENCE:** ☒ IMPOSED ☐ SUSPENDED

**RESTITUTION:** ☐ YES ☒ NO

**APPEAL DECISION:** 06-REJECTED
In order to appeal a Disciplinary Board Hearing, an inmate must submit his appeal to the Warden within 15 days of the hearing. Your hearing was conducted on July 25, 2025, and your disciplinary appeal was received August 12, 2025. More than 15 days had lapsed since your hearing therefore, this appeal is rejected. Refer to the Appeal Section of the "Disciplinary Rules and Procedures for Adult Inmates."

____ I am not satisfied with this decision and wish to appeal to the Secretary in accordance with the conditions set forth in the "Disciplinary Rules and Procedures for Adult Inmates. "The Secretary will only consider appeal decisions which result in the imposed or suspended sentences of one or more of the following penalties: 1) Forfeiture of Good Time; 2) Custody change-minimum to medium if it involves transfer; 3) Custody change to maximum custody; 4) Failure to earn incentive wages; 5) Restitution.

DATE: ____________________ OFFENDER SIGNATURE: ______________________

Instruction to inmates: Forward to "" within 5 Days of your receipt of this decision.

"Exhibit 6"

"Exhibit 6"

Date: 7-18-25

To ARP Department

From: Arthur Basaldua
531174 · N·Y·C·11

To whoever this may concern,
The reason why I am writing is because on 7-14-25 I received a rejection dealing with my sensitive issue ARP to chief of operation in DOC Headquaters. They said I had 5 days from the day I received that notice. I signed for it Monday 7-14-25 and Tuesday 7-15-25 they brought me to N·Y·C tier took all my property and legal papers and put me under investigation, today makes 5 days and I will like to have you guys submitt that same ARP for I can go forward. Can you please let me know you submitted it for me. Thank you or what will be my next step.

Sincerly Arthur Basaldua
531174

C/C: To Lawyer

If the ARP came from Headquarters it would've been mailed directly back to them. It would not have come through DWCC's ARP office.

[signature]

"Exhibit H" Pg 1 of 2

N4C. 11

FORM OP-C-1-a
23 February 2023

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
DISCIPLINARY REPORT

INSTITUTION: **David Wade Correctional Center**

| 1. Name of Inmate | 2. Number | 3. Date of Incident | 4. Time of Incident |
|---|---|---|---|
| **Arthur Basaldua** | **531174** | **18 July 2025** | **Approx. 0815** |

| 5. Place of Incident | 6. Job Assignment (Inmate) | 7. Housing Assignment (Inmate) |
|---|---|---|
| **Investigative Office** | **U/A** | **N4 C-Tier** |

| 8. Rule Violated | 9. Rule Number |
|---|---|
| **Bribery of Coercion** | **#37** |

10. Description of Incident (Include all relevant information – "unusual inmate behavior, staff witnesses, physical evidence & disposition, immediate action taken, including use of force"). Use other side, if necessary.

On the above date and approximate time, it was determined through the information provided by numerous confidential informants that inmate Authur Basaldua #531174 has made several attempts to circumvent the rules and regulation of DWCC in an effort to smuggle contraband into the facility. Inmate Basaldua was propositioned various inmates to assist with trafficking drugs into the facility. Inmate Basaldua has provided restricted numbers to inmate in an effort to reach civilians that he has been prohibited to communicate with over the telephone. Inmate Basaldua was offered the use of inmate telephone, seen by medical and placed on investigative segregation.

11. Inmate Placed in Administrative Segregation ☒ Yes ☐ No

| 12. Signature of Reporting Employee | 13. Name, Title, Assignment (Print) |
|---|---|
| [signature] | Phillip Krause Major Investigations |

| 14. Date of Report | 15. Time of Report | 16. Report (copy) given to above Inmate by: | 17. Inmate's Signature |
|---|---|---|---|
| "21 July 2025" | 0915 | Michael Caley 21 July 2025 | Arthur Basaldua |

18. Plea by Inmate: ☐ Not Guilty ☐ Guilty

19. Verdict: ☐ Not Guilty ☐ Guilty

20. Date of Hearing: * 25 July 25 *

21. Counsel Substitute: W. Austin DOC #: 504845

22. Disciplinary Court Motions: Refer to Form OP-C-1-b.

23. Reasons For Disposition:
☐ Report is clear and precise. ☐ Lack of credible defense/little or no defense. ☐ Based on Inmate's statement.
☐ The officer's version is determined to be more credible than the Inmate's. ☐ Pled guilty/accepted guilty plea.
☐ Only defense is denying contents of report. ☐ The Inmate presented no evidence to refute the charges.
☐ The Investigative officer's testimony was deemed more truthful and accurate than the Inmate's. ☐ Plea bargain.
☐ The Inmate's demeanor led the board to believe that the Inmate's testimony was untrue.
☐ Other _____

24. Reasons for Sentence:
☐ Seriousness of offense ☐ The need to protect the institution, employees or other.

☐ Poor conduct record. A total of _____ rule violation(s). A total of _____ Schedule B violations since: _____.

A total of _____ # _____ rule violations since _____.

☐ Other: _____

25. Sentence: ☐ Suspended ☐ Imposed ✓ _____ Days
4 Days Loss of Canteen

26. Sentence: ☐ Suspended ☐ Imposed _____ Days

27. DISCIPLINARY BOARD: After an Inmate is found guilty of a disciplinary violation through a formal administrative hearing, the Disciplinary Board may order restitution in accordance with Department Regulation No. OP-C-11 "Imposition of Restitution via the Disciplinary Board."

[signature] R. Rawson
CHAIRMAN (DISCIPLINARY OFFICER) MEMBER

[signature]
MEMBER

"Exhibit H" Pg. 2 of 2

FORM OP-C-1-a
23 February 2023

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
DISCIPLINARY REPORT

INSTITUTION: **David Wade Correctional Center**

| 1. Name of Inmate | 2. Number | 3. Date of Incident | 4. Time of Incident |
|---|---|---|---|
| **Arthur Basaldua** | **531174** | **18 July 2025** | **Approx. 0800** |

| 5. Place of Incident | 6. Job Assignment (Inmate) | 7. Housing Assignment (Inmate) |
|---|---|---|
| **Investigative Office** | **U/A** | **N4 C-Tier** |

| 8. Rule Violated | 9. Rule Number |
|---|---|
| **Defiance** | **#3** |

10. Description of Incident (Include all relevant information – "unusual Inmate behavior, staff witnesses, physical evidence & disposition, immediate action taken, including use of force"). Use other side, if necessary.

On the above date and approximate time, it was determined through the information provided by numerous confidential informants that inmate Authur Basaldua #531174 has made several attempts to circumvent the rules and regulation of DWCC in an effort to smuggle contraband into the facility. Inmate Basaldua was propositioned various inmates to assist with trafficking drugs into the facility. Inmate Basaldua has provided restricted numbers to inmate in an effort to reach civilians that he has been prohibited to communicate with over the telephone. Inmate Basaldua was offered the use of inmate telephone, seen by medical and placed on investigative segregation.

11. Inmate Placed in Administrative Segregation ☒ Yes ☐ No

| 12. Signature of Reporting Employee | 13. Name, Title, Assignment (Print) |
|---|---|
| | |

| 14. Date of Report | 15. Time of Report | 16. Report (copy) given to above Inmate by: | 17. Inmate's Signature |
|---|---|---|---|
| *21 July 2025* | 0900 | | |

18. Plea by Inmate: ☐ Not Guilty ☐ Guilty
19. Verdict: ☐ Not Guilty ☐ Guilty

20. Date of Hearing:
21. Counsel Substitute:
DOC #:

22. Disciplinary Court Motions: Refer to Form OP-C-1-b.

23. Reasons For Disposition:
☐ Report is clear and precise. ☐ Lack of credible defense/little or no defense. ☐ Based on Inmate's statement.
☐ The officer's version is determined to be more credible than the Inmate's. ☐ Pled guilty/accepted guilty plea.
☐ Only defense is denying contents of report. ☐ The Inmate presented no evidence to refute the charges.
☐ The Investigative officer's testimony was deemed more truthful and accurate than the Inmate's. ☐ Plea bargain.
☐ The Inmate's demeanor led the board to believe that the Inmate's testimony was untrue.
☐ Other ______

24. Reasons for Sentence:
☐ Seriousness of offense ☐ The need to protect the institution, employees or other.

☐ Poor conduct record. A total of ______ rule violation(s). A total of ______ Schedule B violations since: ______.

A total of ______ # ______ rule violations since______.

☐ Other: ______

25. Sentence: ☐ Suspended ☐ Imposed ______ Days
26. Sentence: ☐ Suspended ☐ Imposed ______ Days

27. DISCIPLINARY BOARD: After an Inmate is found guilty of a disciplinary violation through a formal administrative hearing, the Disciplinary Board may order restitution in accordance with Department Regulation No. OP-C-11 "Imposition of Restitution via the Disciplinary Board."

______ CHAIRMAN (DISCIPLINARY OFFICER)

______ MEMBER

______ MEMBER

"Exhibit I"

# DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS
## STATE OF LOUISIANA
### DAVID WADE CORRECTIONAL CENTER

JEFF M. LANDRY
GOVERNOR

GARY E. WESTCOTT
SECRETARY

18 July 2025

To: Arthur Basaldua #531174

From: Michele Dauzat
Warden

Re: Suspension of Phone, Correspondence, and Visitation Privileges

This is to notify you that your phone, correspondence, and visitation privileges have been suspended until further notice, effective immediately. This action is being taken as a result of your continued attempts to violate the institutional rules and regulations as indicated by your recent rule violations.

In an effort for you to maintain some family contact, you may continue to contact Lisa Basaldua (Sister), Lillian Basaldua (Mother), and Aurora Marroquin (Emergency Contact) via correspondence and telephone and receive your legal mail in the same manner you have been receiving it. Special visitation requests for the visitors listed above will be reviewed on a case-by-case basis. Each request will be carefully evaluated and responded to accordingly.

Sincerely,

Michele Dauzat
Michele Dauzat
Warden

JG/bt

xc: Secretary Westcott
Chief Smith
Support Colonel
Visitation File
Offender's File

[redacted]

"Exhibit J" Pg 1 of 2

# DAVID WADE CORRECTIONAL CENTER

670 BELL HILL ROAD
HOMER, LA 71040
PHONE 318-927-0400

**JEFF LANDRY**
GOVERNOR

**JAMES M. LEBLANC**
SECRETARY

**MICHELE DAUZAT**
WARDEN

**FORM: DWCC 153**

**DATE: May 15, 2024**

***VISITATION APPROVAL***

| TO : | ARTHUR BASALDUA | 531174 | N4-C |
|---|---|---|---|
| | INMATE NAME | DOC | Housing |

**THE FOLLOWING NAME HAS BEEN APPROVED FOR YOUR VISITOR LIST PER YOUR REQUEST:**

1.JÉSSICA PAYTON
2.
3.

**NIKITA MARK WAS REMOVED PER YOUR REQUEST.**

**NEXT UPDATE : Your next update is schedule for : 9/14/2024**

**LT. T. KINSEY**
**Visitation Department**

"Exhibit J" Pg. 2 of 2

**STATE OF LOUISIANA**
DEPARTMENT OF
PUBLIC SAFETY AND CORRECTIONS
DAVID WADE CORRECTIONAL CENTER
670 BELL HILL ROAD, HOMER, LA 71040
TELEPHONE 318-927-0400
FAX 318-927-0433

GARY WESTCOTT
SECRETARY

MICHELE DAUZAT
WARDEN

**MEMORANDUM**

Date: 06/11/2025

To: Arthur Basaldua 531174 N3A 1712

From: Judy Lofton
DWCC Inmate Banking

Re: Returned JPay Funds

Departmental Regulation B-09-003 states that funds cannot be sent to offenders from other offenders or the families of other offenders without the prior approval of the Warden. Funds cannot be sent to offenders from ex-offenders or their families, or employees and their families, except to purchase hobbycraft items properly supported by a hobbycraft agreement or other contract approved by the Warden in accordance with Department Regulation #C-03-009 "Sale of Hobbycraft to Employees and Employees' Families".

A deposit of $__300.00__________ received from __Jessica_Payton______________________ on __06/06/25_________________ was returned for the following reasons:

______ This is a former offender.

______ This is a family member of an offender or ex-offender.

________This person is on another inmate's visiting/phone/JPay list.

______ This is not the correct procedure for purchasing hobbycraft.

____x____This person is not approved to send you JPAY deposits.

The above mentioned funds will be returned to JPAY.

" [redacted] "

"Exhibit K" Pg 1 of 3

**STATE OF LOUISIANA**
DEPARTMENT OF
PUBLIC SAFETY AND CORRECTIONS
DAVID WADE CORRECTIONAL CENTER
670 BELL HILL ROAD, HOMER, LA 71040
TELEPHONE 318-927-0400
FAX 318-927-0433

GARY WESTCOTT
SECRETARY

MICHELE DAUZAT
WARDEN

**MEMORANDUM**

Date: 05/28/2025

To: Arthur Basaldua 531174 N3A

From: Judy Lofton
DWCC Inmate Banking

Re: Returned JPay Funds

Departmental Regulation B-09-003 states that funds cannot be sent to offenders from other offenders or the families of other offenders without the prior approval of the Warden. Funds cannot be sent to offenders from ex-offenders or their families, or employees and their families, except to purchase hobbycraft items properly supported by a hobbycraft agreement or other contract approved by the Warden in accordance with Department Regulation #C-03-009 "Sale of Hobbycraft to Employees and Employees' Families".

A deposit of $__300.00___________ received from
__Ashley_Collins__________________________ on
__05/20/25_________________ was returned for the following reasons:

______ This is a former offender.

______ This is a family member of an offender or ex-offender

________This person is on another inmate's visiting/phone/JPay list.

______ This is not the correct procedure for purchasing hobbycraft.

____x____This person is not approved to send you JPAY deposits.

The above mentioned funds will be returned to JPAY.

## You have received a *Jpay* offender payment

"Exhibit K" Pg. 2 of 3

ID#: 00531174 Name: BASALDUA,ARTHUR HOUSING UNIT: N4C 11

INSTITUTION: WCC
DATE: Tuesday, December 19, 2023

In accordance with Department Regulation B-09-003, Offender Banking, the following transaction has been received by Centralized Offender Banking. Please allow two business days for the money to appear on your account.164312539

| JPay TR# | Amount | Customer Name | Customer Address |
| --- | --- | --- | --- |
| 164312539 | 200.00 | ASHLEY COLLINS | Not Available |

Posted 12/21/2023

You have received a JPay offender payment

"Exhibit K" Pg. 3 of 3

ID#: 00531174 Name: BASALDUA,ARTHUR HOUSING UNIT: N4C

INSTITUTION: WCC
DATE: Wednesday, June 5, 2024

In accordance with Department Regulation B-09-003, Offender Banking, the following transaction has been received by Centralized Offender Banking. Please allow two business days for the money to appear on your account.170075443

| JPay TR# | Amount | Customer Name | Customer Address |
|---|---|---|---|
| 170075443 | 300.00 | ASHLEY COLLINS | Not Available |

Posted 06/07/2024

To: Mrs. Judy ~~[illegible]~~ Lofton
DWCC Inmate Banking

Date: 6-11-25

"~~[illegible] A~~"

"Exhibit L"

From: Arthur Bazaldua
531174 N·3·A·13
DWCC

Dear Mrs. Lofton,

The reason why I am writing is because I got a memorandum dealing with Jessica Payton sending me $300 on 6-6-25. It says this person is not approved to send me Jpay deposits.

Mrs. Lofton your Department is applying Department Regulation B-09-003 wrongly in my situation. I am asking you to please correct this for me. Jessica Payton is on my visitation list since May 15, 2024 and on my phone list as well.

Do I have to send you a copy of the visitation approval from the visitation Department? With Warden Dauzat name on it? From May 15, 2024. Form: DWCC 153. Because Dept. Reg. B-09-003 does not apply to me in either situation that you sent ~~[illegible]~~ my money back to Jpay. I understand Ashley Collins is not on my visitation list, and may be that is why you did it on 5-28-25. But dealing with Jessica Payton there must be a mistake. Please get back at me, Thank you.

Sincerely, Arthur Bazaldua
531174
N·3·A·13

C/C: To Lawyer.

"I was told to move the money out of your account by Warden Dauzat."

J. Lofton
06-13-25

To: ARP Dept.
Sarah Nalitt

From: Arthur Basaldua
531174 · N.Y.C. 11
DWCC

Date: 9-8-25

Dear Mrs. Nalitt,

Hello, how are you? I hope to hear good. Mrs. Nalitt I am writing because I am filing this ARP today with a incident date of 6-13-25. Also I filed 2 ARP's one on 8-20-25 and the other one a week or two later. this one of 8-20-25 is been 19 days and I haven't got a acceptance or rejection. I don't even know if you received it yet. I also wrote you on 8-8-26, and again on 8-26-25 and never got a response from you or your dept. I asked you about some legal and adequate assistance, from this department. Now dealing with these ARP'S can you please let me know you received them. Because as I said I put them in the mail box, the first one 19 days ago, and still no reply. Just to let me know they where received by your Department.

I put my disciplinary Appeal in the Mailbox on 8-7-25 and this Friday night 9-5-25 I received a rejection saying it was received

Exhibit M

8-12-25 so it was rejected because it was more then 15 days since the hearing. Mrs. Nalitt aren't weekends and Holidays excluded? So that is why I would like to know you received these ARP's.

Can you please get back at me or have somebody that job it is from your department to respond to me in a timely matter. Thank you for your time and patience.

Sincerely, Arthur Basaldua
531174
N.4.C.11

C/C: To Lawyer

To: Chief of Operation
Seth Smith
D.O.C. Headquarters

From: Arthur Basaldua
531174
DWCC

"Exhibit M"
3 thru 16

Date: Sept. 9, 2025

DWCC-2025-133
Decision Number

In re: Not Satisfied with Decision
DWCC Appeal Decision

I am appealing this decision that they received more then 15 days had pass. I put it in the mail box 8-8-25 but they said they received in Executive Management office on 8-12-25. I can't dispute that this office may of received it that day. Mail get's hold up in the mail room. Especially with my mail for some reason. As you see, I wrote the ARP department the other day. I filed a ARP on 8-20-25 and 8-30-25 and I still haven't receive a notice that the received it. It is not like they process it with priority. So I am entering this letter I wrote to Mrs. Nalitt as a "Exhibit A."

Also I am Entering "Exhibit B" a Jpay Email from Mia Ann Silva from 11-9-24 ~~when~~ where it shows what I am saying that these allegations I am saying are something I said to the correction officers when they put me on the scanner.

"Exhibit W" ... 16

I don't want you to say these allegations are with out proof. I wrote Ma Silva after they put me through the scanner, all you have to do is check the mail, my mail is copied and filed. These are trumped up charges against me. And these confidental informants where not certified on recored, and the report was not clear and precise.

So these rejection is out of order and we have the mailbox rule, where once it goes in the mail it's in their. We can't give it to ranking officiers when they make rounds. So please reconsider this ruling.

Sincerely, Arthur Basaldua
#531174
N.4.C.11
DWCC

P.S. By the way I Received this rejection on 9-5-25 around 10:00 at night by the tier officer to sign.

C/C: To Lawyer

"Exhibit M" 5 thru 16

C-11

Paid 10-27-25

**DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS**
**CORRECTIONS SERVICES**
**INMATE FUNDS WITHDRAWAL REQUEST**

Mailed: 18 Sept. 25

received & processed 09-17-25 JaL

**CODE — DRAWING ACCOUNT**

73 ,Inmate club — Chief of Operations Seth Smith DOC Headquarters PO Box 94304 - Capitol Station Baton Rouge, LA 70804 - 9304

74 [ ] Outside purchase
[ ] Family member
[ ] Educational courses
[ ] Outside bank savings acct# ____
[ ] Newspaper ad for clemency / pardon.
[✓] Other: Legal Mail
____

79 [ ] Court Cost - Civil action number ____

94 [ ] Savings Bond — Disciplinary Appeal 9-9-25

1 - 2oz legal letter

**CODE — SAVINGS ACCOUNT**

94 [ ] Savings Bond

79 [ ] Court cost - Civil action number ____

82 [ ] Educational courses

**CODE — TRANSFERS - No check will be produced**

68T [ ] Transfer from drawing account to savings.

Note: Print name and address in the payee section to the right. Attach necessary documents including a stamped, self-addressed envelope for all outside mail.

| DOC NUMBER | NAME: LAST NAME, FIRST NAME, INITIAL | | |
|---|---|---|---|
| 531174 | Basaldua Arthur | | |
| LIVING QUARTERS | DATE OF REQUEST MO. DAY YEAR | | TOTAL AMOUNT |
| N.4.C.11 | 9 12 25 | | $ 1.07/ |

One dollar & 07/100 — DOLLARS
WRITTEN AMOUNT

**PAYEE:**

VENDOR NO. — *INMATE MUST ATTACH A STAMPED, ADDRESSED ENVELOPE FOR ALL OUTSIDE MAIL.*

NAME: General Funds

ADDRESS: 670 Bell Hill Rd.

CITY: Homer, LA 71040 STATE ZIP

INMATE SIGNATURE: Arthur Basaldua

REQUEST DENIED. REASON:

RIGHT THUMB PRINT

VERIFIED BY: Dante Wiebke
TITLE: M/Sgt.

APPROVED BY:
TITLE: [illegible signature]

DOC Form PF-30 — 10-A — CIB Form Revised 08-2003

"Exhibit M" 6 thru 16

1

Date: 9-22-2025

To: ARP Department
Mrs. Sarah Nalitt

From: Arthur Basaldua
531174
N-4-D-11

Dear Mrs. Nalitt,

The reason why I am writing is because I put in 4 ARP's and till this day I have not received any notice of them being received by your office. This is the second time I have wrote on this matter. The last time I had wrote you is 9-08-25. I would like to see what is going on. I put a ARP 8-20-25, dealing with the last of my visits, ~~OR~~ correspondence, and phone privileges, and I put another one in 8-30-25, dealing with Warden retalating on my for using the grievance system, and I put another one on 9-8-25 for warden Dauzat retalating on me by ~~a~~ not allowing me to get money through Jpay for using the grievance system. This is all ~~a~~ a form of retalation by Warden Dauzat. Is you not answering me a form of you allowing warden Dauzat to continue to retaliate? By stalling me out? Usually you write me back ASAP. Please get back to me on this matter. Thank you.

~~Sinc~~ Sincerely Yours Truly,
Arthur Basaldua
531174
N-4-C-11

C/C: To Lawyer

To: Chief of Operation
Seth Smith
DOC Headquarters

From: Arthur Basaldua
531174. N.Y.C.11
David Wade Correctional Center

Date: 10-6-2025

"Exhibit M" 7 thru 16

To who ever this may concern,

I filed this ARP on 8-20-25 and 8-30-25. And till this day I haven't got it ~~exceptedxxxx~~ accepted or rejected and the first one will be over 50 days by the time your office receives this letter. And the other one ~~want~~ will be over 40 days. Case law tells me if I don't get an answer to a grievance, try to appeal anyways to the next ~~ss~~ step for I can exhaust. It says many ~~grivance~~ grievance system say that if a certain amount of time passes and there's no decision, you can treat the non-response as a denial of the grievance, and appeal, and if I don't the court will say I didn't exhaust. As you see with these letters I am sending as Exhibits that I wrote to the ARP Department Mrs. Nolita on 8-26-25, 9-8-25, and 9-22-25, I have never got a responsge back or any-thing. So I will take this as a denial.

This is why I filed my ARP as Sensitive Issue ARP to your office case # HDQ-2025-1140. It don't make no sense if the Head warden Mrs. Dauzat has to answer her own ARP against herself. It has to be someone higher then her which is your Department.

Can you please accept or reject for I can show I am trying to exhaust, for I can move forward with my process. thank you for your patients and time.

Sincerely, Arthur Basaldua
531174
N.Y.C.11
David Wade

C/c: To Lawyer

My ARP'S Second Step "Exhibit M" 8 thru 16

ARP dates 8-20-25 and 8-30-25

C11 Paid 10-31-25

Mailed: 09 Oct 25

received & processed 10-08-25 JGL

**DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS**
**CORRECTIONS SERVICES**
**INMATE FUNDS WITHDRAWAL REQUEST**

**CODE** **DRAWING ACCOUNT**

73 _ Inmate club — Attn: Chief of Operations Seth Smith, DOC Headquarters, PO Box 94304, Baton Rouge, LA 70804-9304

74 [ ] Outside purchase
[ ] Family member
[ ] Educational courses
[ ] Outside bank savings acct#
[ ] Newspaper ad for clemency / pardon.
[✓] Other: Legal Mail

79 [ ] Court Cost - Civil action number

94 [ ] Savings Bond

1 - 5oz large legal envelope

**CODE** **SAVINGS ACCOUNT**

94 [ ] Savings Bond

78 [ ] Court cost - Civil action number

82 [ ] Educational courses

**CODE** **TRANSFERS - No check will be produced**

88T [ ] Transfer from drawing account to savings.

Note: Print name and address in the payee section to the right. Attach necessary documents including a stamped, self-addressed envelope for all outside mail.

| DOC NUMBER | NAME: LAST NAME, FIRST NAME, INITIAL | |
|---|---|---|
| 531174 | Basaldua Arthur | |
| **LIVING QUARTERS** | **DATE OF REQUEST** MO. DAY YEAR | **TOTAL AMOUNT** |
| N-4-C-11 | 10 / 7 / 2025 | $ 2.72/- |

Two dollars & 72/100 — DOLLARS

**WRITTEN AMOUNT**

**PAYEE:**

VENDOR NO. — *INMATE MUST ATTACH A STAMPED, ADDRESSED ENVELOPE FOR ALL OUTSIDE MAIL.*

NAME: General Funds.

ADDRESS: DWCC

CITY: Homer, LA 71040 STATE ZIP

INMATE SIGNATURE: Arthur Basaldua

REQUEST DENIED. REASON:

RIGHT THUMB PRINT

VERIFIED BY:

TITLE:

APPROVED BY:

TITLE: [signature]

To: ARP Dept.
Sarah Nalitt

From: Arthur Baldua,
#531174
N.Y.C.11
DWCC

Date: 1-21-2026
"Exhibit M" 9 thru 16

Dear Mrs. Nalitt,

The reason why I am writing is because I got my second step denial from my ARP Case # DWCC-2025-0600. I received it early this morning at 3:35 AM on N.Y.C tier cell 11. This ARP I filed on 8-20-25 and in my First step Response I received on 11-7-25 or So. Stated that it was received in your office on 9-24-25 and Accepted 9-30-25. And was prepared by AW Dakota Nalitt. But Mrs. Nalitt I wrote you once on 9-8-25 dealing with this ARP and several other ARP's I have filed. And I wrote you again on 9-22-25 dealing with me not hearing anything about my ARP's getting rejected or accepted. But still no reply from you or your office. And I expect nothing less Mrs. ~~Nalt~~ Nalitt. So I sent chief of Operation Seth Smith my two ARP's from 8-20-25 and 8-30-25 on 10-6-25. I explained to his office that it had be over 50 days since I filed these ARP's to your Department. So I was taking it as a denial and trying to go to my Second Step. Now on 11-7-25 I received my response from the First step.

So what I was trying to do is get my ARP that is backlog from 8-30-25 start the process. You never rejected it, so can we get it going? For I don't have to wait another 5 months for the process. It should not take more then 90 days for both steps. According to Dept. Reg. No B-05-005 First step time limit 40 days, and Second step time limit 45 days. So it is no way it should take 5 months unless this is a stall tactic to discourage me, and it also shows as I claim that I am being retaliate against for me filing this grievance against your

"Exhibits M" 10 thru 16

boss Warden Dauzat. This is my First Amendment right to file and Use the prison grievance system without retaliation against me or harassment, for complaining through proper channels about prison official's missconducts, or violating the posted policies.

But I feel like I am being retaliated by your office, especially you Mrs. Nalitt every time I write you. You are the Designee of the Warden in this Department. When I get my Accepted or rejected dealing with my ARP'S your name is on it. that is why I write you. But out of all the time I write you, you only answered me one time. That was when I wrote you 7-18-25. I wrote you 8-3-25, 8-6-25, 8-26-25, 9-8-25, and 9-22-25. Till this day I have neve got a response from you on any of my ARP issues I have inquired about. please don't take this personal Mrs. Nalitt, this is just business, dealing with my constitutional rights.

So with all this being said can you please submit my ARP from 8-30-25 to start the process in the first step since, I am done with the Second step process of my ARP for case # DWCC-2025-0600. Also can you please let me know that you have my other ARP'S on Backlog from 9-8-25 and 9-16-25. Thank you for your patience and time.

arthur Basaldua #531174
Sincerely, Arthur Basaldua
531174
N.4. C.11

C/C: 1-21-26

"Exhibit M" thru 16

To: ARP Dept.
Mrs. Sarah Nalitt
DWCC

From: Arthur Basaldua
#53117Y
N.Y.C.11
DWCC

Date: 2-25-2026

Dear Mrs. Nalitt,

I wrote you on 1-21-2026 dealing with my pending ARP's I have back logged. The reason why I had wrote you was because on 1-21-2026 I received my denial from my ARP Case# DWCC-2025-0600 and I asked you could you process my back logged ARP from 8-30-25 I had put in.

I have wrote you several times dealing with these ARP's. The reason why I address it to you is because I see you are warden's Designee. I notice you took over this job when you rejected my ARP on 4-3-25. On 6-11-25 I wrote you and you wrote me back. Then on 7-18-25 I wrote you again and you wrote me back a lil note. But lately if I write you I don't get ~~no~~ nothing resolve.

Can you please file my ARP I filed on 8-30-25, my last ARP got answered 1-21-26 and now we are here a month later and still no accepted or rejection notice has came my way to sign for it. I wrote you this letter 1-21-26 and this letter I turned in to chief of Operations on 10-6-25 with both these ARP'S.

Can you please take care of this matter, thank you.

Sincerely,
Arthur Basaldua
53117Y
N.Y.C.11

c/c:

To: MRS. Warden Dauzat
DWCC

From: Arthur Basaldua
#531174
N.Y.C. 11

Date: 3-6-2026
"Exhibit M" 12 thru 16

Dear Mrs. Dauzat,

The reason why I am ~~g~~ writing you is to see if you can help me. I have wrote Mrs Sarah Nalitt a number of times since I see she is the one that excepts or rejects our ARP'S. As you see by the copies I am sending you of these letters that I have wrote Mrs. Nalitt to the ARP Dept. I am trying to get my ARP's moving, and this I feel is a stall ~~tacts~~ tatic. As you see I wrote her on 9-8-25, 9-22-25 dealing withe my ARP's I had filed on 8-20-25 and 8-30-25. And never got a response. I wrote and sent these two ARP's to chief of Operations Seth Smith on 10-6-2025. I am sending you a copy of this letter. Well on 11-6-25 my ARP was Deemed Without Merit. Saying your office received it on 9-24-25. which is a lie, but it is okay. Now on 1-21-26 my second step was found to have no merit, So now that same night I write this letter to Mrs. Nalitt letting her know, for she can process my ARP from 8-30-25. As you see. I gave her some time, now on 2-25-26, I wrote her again as you see. But still till this day my ARP has not been accepted or rejected. I am trying to fully ~~exhaust~~ exhaust my claims for I can move forward. Can you please look into this matter Mrs. Dauzat. Thank you, and please get back at me in a timely matter.

Respectfully,
Arthur Basaldua
#531174
N.Y.C. 11

C/C:

"Exhibit M" 13 thru 16

To: Warden Dauzat
DWCC

From: Arthur Basaldua
#531174
N.4.C.11

Date: 3-9-2026

Dear Mrs. Dauzat,

The reason why I am writing you is because I received your response from my letter I wrote you on 3-6-26. I appreciate you responding to me in a timely matter. I also have a letter I got from Mrs. Sarah Nalitt tonight. You and Mrs. ~~Nal~~ Nalitt say I don't have any backlogged ~~ARP~~ ARP's on file. But this is the thing Mrs. Dauzat, I have wrote Mrs. Nalitt a number of times dealing with this issue, and another ARP that was rejected ARP DWCC-2025-0458 on 8-5-25. As you see I wrote her on 8-26-25 and never got a response. Then As you see I wrote her again when I filed my ARP on 9-8-25 and asking what ever happen to my two other ARP's I had filed on 8-20-25 and 8-30-25 and never got a approved or rejection in the mail from her. Then I filed another ARP on 9-16-25, and on 9-22-25 I wrote Mrs. Nalitt again as you see asking what is going on with my 4 ARP's I have filed and still haven't received notice of they where accepted or rejected, or put on back log. That is the normal procedures. But as you see I even wrote Mrs. Nalitt again on 1-21-26 once my second step was over and again on 2-25-26. But never got a response until tonight when I wrote you about the problem.

Now come to find out I don't have any ARP's backlogged in my file. So Mrs. Dauzate why was this not brought to my attention sooner when I was writing mrs. Nalitt? Like I say it is a stall tactic. So as you see I have a number of letters I wrote Mrs. Nalitt, and on Sept. 9, 2025 I wrote Chief of Operation and explained the situation dealing with my DB Court Decision that you guys rejected because you said your office received it passed the 15 days. As you see I explained the situation with me writing Mrs. Nalitt about my ARP's I filed on 8-20-25. and 8-30-25. And never getting a answer. So

"Exhibit M" withdraw

on 10-6-25 I took the non-response as a denial of my grievences. I sent both these ARP's to chief of Operations as you see on the letter of 10-6-25. I sent it through legal mail with a withdraw slip, this was received & processed on 10-8-25 by Inmate Account Mrs. Judy Lofton, and mailed 10-9-25.

Now on 11-6-25 I received a response from my ARP of 8-20-25 saying it was received in your office 9-24-25 and deemed without Merit by Assistant Warden Nalitt on 11-6-25. DWCC-2025-0600. But I sent both these ARP's to Chief of Operations Seth Smith. So I know it is on file at Headquarters. I know that. Now I want to show you something Mrs. Dauzat as you see I wrote Mrs. Nalitt on 6-11-25 and she responded to my letter, also on 7-18-25 I wrote to the ARP Department "To whoever this may concern" and Mrs. Sarah Nalitt responded as well. Now on Nov 12, 2025 I sent ARP DWCC-2025-0600 to be sent to the Secretary and Mrs. Sarah Nalitt responded to let me know she received it.

Now I want to send you this letter Mrs. Judy Lofton responded to me on 4-16-25, and these two letters I wrote visitation on July 8, 2025 and 10-21-25 and I got a response in a timely fashion. I have a number of letters that I have wrote Mrs. Sarah Nalitt about this matter. And never no response. Now 3 of my ARP's I have filed are not in ~~bad~~ backlogged. Some-thing is not right Mrs. Dauzat. This is all a form of retaliation since I have filed that ARP on 1-13-25 to Chief of Operations Seth Smith.

Warden Dauzat I pray you make this right. I am submitting my copies of my ARP's I been filed 8-30-25, 9-8-25, and 9-16-25. I hear you will make sound tomorrow on 3-10-26, I will hand deliver it to you. If not this will be in the mailbox 3-11-26.

Also I want you to know on 9-30-25 I sent a copie of all my letters and ARP's to Coast-to-Coast Lawyers, and Law office of Stephen J. Haedicke of New Orleans. Both of these where processed and received on 10-2-25 and mailed 10-07-25. through legal mail. with a withdraw slip. Also on 10-2-25 I sent a copies to Attorney At Law Michael Admirand, Southern Center for human Rights. With a withdraw slip received and processed 10-8-25 and maied 10-9-25. Mrs. Judy Lofto processed all this on record. Just so you know. thank you.

Sincerly Yours, Arthur Basaldua
#531174
N.Y. C-11

C/C:

Exhibit 3 M 15 and 16

DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS
STATE OF LOUISIANA
DAVID WADE CORRECTIONAL CENTER

JEFF M. LANDRY
GOVERNOR

GARY E. WESTCOTT
SECRETARY

To: Arthur Basaldua #531174

Date: March 9th, 2026

Re: Correspondence

I have received your letter regarding your request for the times you had a zoom meeting with Attorney Maureen Shanahan. I have enclosed the dates on file for your previous meetings with Ms. Shanahan.

You also inquired about your family not being able to deposit money on JPay using a debit/credit card. I personally contacted JPAY and was informed that there is a previous deposit in 2019 for the amount of $312.50. According to the representative, the deposit was disputed and refunded to the individual that disputed the charge. However, because you spent the money and then the transaction didn't clear, you now owe JPAY the $312.50 that was refunded to your friend/family. Until this balance is paid, no one can deposit money using a debit/credit card to your account. Deposits using money gram are still accepted.

In regards to the magazines rejected by the mailroom, there was a receipt located in the package the magazines came in that had the name of a prior inmate on it; however, the magazines were still sent through for approval review with a final disposition still pending. If the magazines are approved by the Regional Warden, you will receive them.

You also inquired about the status of an ARP filed in August of 2025. There is no record of an ARP from you on that date. I have asked Mrs. Nalitt to forward you a list of all of the ARP's we have on record from you. I hope this addresses all your concerns.

Sincerely,

Michele Dauzat
DWCC Warden

Exhibit M 16

# DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS
## STATE OF LOUISIANA
DAVID WADE CORRECTIONAL CENTER

JEFF M. LANDRY
GOVERNOR

GARY E. WESTCOTT
SECRETARY

To: Arthur Basaldua #531174

Date: March 9th, 2026

Re: ARPs

These are the most current ARPs that you have on file and their determinations.

-ARP DWCC-2025-0178 - CLAIMS THE INVESTIGATION AND DB IS HARRASSING HIM AND HIS VISITATION WAS TAKEN UNJUSTLY – Rejected 4/3/25

- ARP DWCC-2025-0257 - CLAIMS COL COLEMAN IS TARGETING HIM AND SPRAYED HIM WITH CHEMICAL AGENTS UNNECESSARILY – Denied 6/16/25

-ARP DWCC-2025-0458 - CLAIMS COL HAULCY IS HARASSING HIM WITH INVESTIGATIONS AND DISCRIMINATION AFTER WARDEN DAUZAT HIRED HIM TO INVESTIGATE HIM – Rejected 8/5/25

-ARP DWCC-2025-0600 - CLAIMS HIS VISITATION PRIVILEGES HAVE BEEN UNJUSTLY SUSPENDED – Denied at 2nd step 1/13/26

Currently there are no backlogged ARPs on file for you. If there is an issue that you still need addressed, please submit a copy of that ARP.

Sarah Nalitt

Sarah Nalitt
Executive Staff Officer

To: Warden Dauzat
DWCC

From: Arthur Basaldua
#531174
N.Y. C.11

Date: 3-19-26

Dear Mrs. Dauzat

The reason why I am writing is to see when am I going to get my Visitation, phone, and regular correspondence back. I has been 8 months today and 16 months since you have taken my visitation. I need my correpondence to start trying to get some people to sign Affidavits for me to file in my court proceedings.

Also you have me writing to my Mom and my sister. But I don't get regular mail from them. I do have a First Amendment right to assication. Also I wrote you a letter on 3-9-26 and on 3-12-26 at 7:12 AM M/Sgt. Wievke and M/Sgt. Jackson put my letter and all my ARP'S and letters I wrote to ARP Dept. Sarah Nalitt and Chief of Operations dealing with me never getting a rejection or accepted dealing with my ARP's. Camera footage Will show M/Sgt. Wievke struggling to put my Big Brown Manila Envelope in the mail box at this time thanks to the camera in front of my cell and in my cell. These are the same ARP's that I filed to your office and your Designee [illegible] Sarah Nalitt.

I don't understand what is the point to have to file a grievance on you and you are the one that is going to answer it. I tried to file it to Chief of Operations Seth Smith and they tell me it is not sensitive. It don't fit the criteria. 9 months later I am having all kinds of problems that my ARP's against you are not backlogged. But you see they where turned in Mrs. Dauzat. Now I hope you call let me know some thing soon. Thank You.

Sincerely Yours,
Arthur Basaldua
#531174
N.Y. C.11

c/c:

"Exhibit 1"

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
CORRECTIONS SERVICES

CASE NUMBER: HDQ-2025-1140

SECOND STEP RESPONSE FORM
(HEADQUARTERS)

TO: BASALDUA, ARTHUR 531174
Offender Name and Number

DWCC
Living Unit

Received in this Office on 06/06/2025:

We have considered your statements in this matter. A Corrections Specialist has closely reviewed your ARP to determine the validity of your claim, to assess this particular situation, and to issue a fair response.

Department Regulation No. OP-C-13 states in part, "If the offender believes the complaint is sensitive and that he would be adversely affected if the complaint became known at the institution, he may file the complaint directly with the Secretary through the Chief of Operations/Office of Adult Services...If the Chief of Operations/Office of Adult Services agrees that the complaint is sensitive, he shall accept and respond to the complaint at the Second Step. If he does not agree that the complaint is sensitive, he shall so advise the offender in writing, and return the complaint to the Warden's office. The offender shall then have five days from the date the rejection memo is received in the Warden's office to submit his request through regular channels." After review of your ARP, it was found that it does not meet the criteria as being a sensitive issue; therefore, it is rejected. It is to be noted that it was your actions that caused you to be issued a rule violation and receive sanction(s) that you do not believe you should have been given. Warden Dauzat nor Col. Haulcy forced you to violate the rules of the institution which caused a free person, that you know, to have their visiting and telephone privileges suspended effective 3/06/2024. Also, if this person did not agree with the suspension, she could have appealed the decision to the Secretary of the Department of Public and Corrections within fifteen days of receiving her notice. As indicated above, since it was determined that your complaint does not meet the criteria as being sensitive, the ARP is being returned to the Warden's Office and you have five days from the date the rejection memo is received in the Warden's office to submit your ARP through regular channels.

Your grievance is rejected.

6-24-25

Date

Secretary's Signature or His Designee

Received and Signed
7-14-25 10:30AM to 1:pm
N.3.A.13 Camera footage
will show Lt. ~~Judge~~ Judge Ware
~~did~~ deliver my Legalmail.

To: ARP Department
Sarah Nalitt

Date: 8-3-2025
David Wade Correctional Center

From: Arthur Basaldua
531174
N-4-C-11

In Re: Sensitive Issue ARP to chief of Operations: Seth Smith Dep. Reg. No. Op-C-13

Dear Mrs. Nalitt,

The reason why I am writing is because like I wrote you on 7-18-25. I was put under investigation on 7-15-25 the day after I received this rejection on 7-14-25. from Head-quarters case # HDQ-2025-1140 "Exhibit 1". I am also sending you a copy of the letter I wrote you on 7-18-25 as "Exhibit 2" As you see in Exhibit 1 it says I had 5 days from the day I received this memo. But like I said in my letter from 7-18-25 they put me under investigation and took all my property on 7-15-25 and I didn't get my property back until 8-1-25 at 3:00 AM in the morning.

So now as per this rejection notice I am resubmitting the same ARP to this ARP Department at DWCC. And I am also including 25 pages as exhibits number 25 of 25 that I need as evidence. Under La. R.S. 15:1177 pursuant to CARP's statutory framework, the opportunity for the parties to present evidence occurs at the administrative level, not at the trial court level, and review by the trial court is limited to the record established at the administrative level, absent alleged irregularities in procedure. So can you please submit this ARP that was rejected by Head-quarters and submit these 25 pages of evidence and these two exhibits I have sent. Thank you for your time and patience.

C/C: Copy To Lawyer

Sincerely, Arthur Basaldua
531174
N-4-C-11

To: ARP Department
Sarah Nalitt
Warden Designee

From: Arthur Basaldua
#531174
N.4.C.11

Date: 8-6-25

Dear Mrs. Nalitt,

I am writing you because of this rejection dealing with my ARP. first off it has nothing to do with multiple issues. And all to do with retaliation, discrimination, and violating my constiutional rights. It has nothing to do with the issue from DWCC-2024-0273 but I have to show the on going pattern to show why I am getting my equal protection claim violated. I have to show as a class of one was intententionally treated differently from others similarly situated and there is no rational basis for the difference in treatment. Also I have to show it was more then a de minimis adverse act, for retaliation. without any facts supporting actual retaliation, the courts will deny my motion. So I have to show a on going pattern. Since I first got here. But I am showing that it is on going from the November 13, 2024 so called investigation. I am showing with all the disciplinary and Appeal from DOC Disciplinary that Warden Davzat, Investigation Unit, and Review Board are violating my right. I am also showing they are conspiring together to violate my rights. Conspiring means, come together more then one person; to plan secretly an unlawful act. Plot. Now if you don't allow me to file this you are dening me my right to First Amendment right to file grievance.

Also you said there cannot be more than 90 day between the date of the incident and when I file my ARP. If you look at page 22 of 25 of the evidence papers I sent. That was the date of the incident when the Wardens office, Investigation Unit, and visitation Department served me with that memo taking all my privileges without any kind of Due process. It was dated November 13, 2025. I am sending it to you again. And I am sending you the withdrawl slip when I file this ARP to head-quarters on 1-15-25 mail box rule for Prisoners. that is whe I put it in the box.

I am also sending you the letter I wrote to the ARP Department on 7-18-25 tell you that I needed you to submit this ARP for me, because they put me under investigation and took all my property. I explained all this to you. As you see in this letter. And you responded saying if the ARP came from Head-quarters it would've been mailed directly back to them. It would not have come through DWCC ARP office.

But if you read the ARP response from Headquarters. It states if the chief of operations does not agree that the complaint is sensitive, he shall so advise the offender in writing which I explained to you in my letter I received on 7-14-25 and return the complaint to the Warden's office. which is why I asked you to submit for me because they took all my property when I got to N.Y.C tier cell 11 on 7-15-25 between ~10:30 AM and 11 AM. The camera footage will show. It also stated that I had five days from the date the rejection memo is received in the Warden's office to submit my request through the regular channels.

So what you are telling me and the chief of operations

is telling me is two different thing. And I did my Due Diligence by writing you and explaining the situation.

So with all that being said I hope you can re-consider accepting my ARP. Thank you for your patience and time.

Sincerely Yours,
Arthur Basaldua
#531174
N.4.C.11

C/c. To Lawyer

To: Chief of operations
Seth Smith
DOC Headquarters

FROM: Arthur Basaldua
531174 · N · 4 · C · 11
DWCC

Date: 8-27-2025

In Re: Rejection of ARP from First Step

To who ever may concern,

On 7-14-25 I received and signed on N.3 A.13 around 10:30 Am to 1 pm from Lt. Judgeware my rejection from Headquarters Case # HDQ-2025-1140 from my ARP I re-submitted on 4-8-25. Dealing with sensitive issue. I had 5 day from the day I received the rejection. On 7-15-25 I was put under investigation, and brought to N.4.C.11 at around 10:30AM to 11AM the camera footage will show in N.4 lobby. All my property was taken and I didn't get back until 8-1-25 around 3 A.m in the morning.

As you see in my Exhibits on 7-18-25 I wrote the ARP Department and Ask them to resubmit for me. Because as I explained I had 5 days. they say as you see that DOC Headquarters would've mailed directly to me. Not to the Warden or ARP Depart ment of DWCC. So once I got my property back, I filed it as soon as possible.

On 8-6-25 it was rejected as you see. That same night I wrote them and asked for them to reconsider to resubmitt to process my ARP. I wrote them again on 8-26-25 to see whats going on. So As of today I haven't heard nothing. So I would like to appeal to the second step. As you read the letter I wrote the ARP Department on 8-6-25. This has nothing to do with multiple issues and nothing to do with DWCC-2024-0273. And all to do with Violating my constitutional rights for exercising my First Amendment right to use the prison grievance system. I am showing that Warden Dauzat, and Investigation Unit are retaliatiating against

me and harassing me for complaining through proper channels about misconduct, in my Appeal for disciplinary. On those same days I am showing a pattern from mrs. Dauzat and the investigation on Nov. 13, 2024 the so reason why I file this ARP. I needed to enter this evidence Under La.R.S. 15:1177 pursuant to CARP's statutory framework, the opportunity for the party's to present evidence occurs at the administrative level, not at the trial court level. Also in Dept. Reg. No. B-05-005 in 1.) General Procedures (H) Exhaustion occurs: when the grievance has been screened and rejected for one of the reasons specified in chapter 5 "Grievance Screening". I have Exhausted Step One.

I pray you help me resolve this issue and restore my privileges and visitor. Thank you.

Sincerely Arthur Basaldua
531174
DWCC

C/C: To Lawyer.

To: ARP Department
Sarah Nalitt
Warden Designee

FROM: Arthur Basaldua
531174
N.4.C.11

Date: 8-26-25

Dear Mrs. Nalitt,

The reason why I am writing you is because I never got a response from you from the letter I sent to you from 8-7-25. Asking could you reconsider submitting my ARP that you rejected; on 8-5-25. You never let me know what I could do. I filed my ARP to DOC chief of operations on 1-15-25 that was 30 days before my 90 days between incident. Then you just rejected it on 8-5-25. You said it is multiple issues as well. So I should be able to file a proper ARP dealing with the incident of retaliation on 11-13-24? Can you please get back at me and let me know some-thing. I know I have at least 30 days because my time stopped when I filed on 1-15-25 and you just rejected my ARP on 8-05-25. I was just waiting to hear from you to be able to know something. Can you please let me know something. Thank you for your patience and time.

Sincerely, Arthur Basaldua
531174
N.4.C.11

C/C: To Lawyer

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
CORRECTIONS SERVICES
OFFENDERS RELIEF REQUEST FORM

CASE NUMBER: DWCC-2025 -0458

TO: ARTHUR BASALDUA 531174 — Offender's Name and Number

N4C — Living Quarters

ONGOING
Date of Incident

ACCEPTED: This request comes to you from the Wardens Office. A response will be issued within 40 days of this date.

X REJECTED: Your request has been rejected for the following reason(s):
MULTIPLE ISSUES. YOUR ISSUE HAS BEEN ADDRESSED IN DWCC-2024-0273. THERE CANNOT BE MORE THAN 90 DAYS BETWEEN THE DATE OF INCIDENT AND WHEN YOU FILE YOUR ARP. THIS ARP SHOULD HAVE BEEN FILED FOLLOWING THE FIVE DAY REJECTION PERIOD FROM HEADQUARTERS.

08/05/2025
Date

Sarah Nalitt
Warden's Signature or Designee

10-13-25
Paid - 8-28-25

DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
CORRECTIONS SERVICES
INMATE FUNDS WITHDRAWAL REQUEST

Mailed: 04 Sept 25 recieved & processed 09-03-25 JdL

| CODE | DRAWING ACCOUNT | DOC NUMBER | NAME: LAST NAME, FIRST NAME, INITIAL |
|---|---|---|---|
| 73 | Inmate club — chief of operations Seth Smith | 531174 | Basaldua Arthur |

74
- [ ] Outside purchase — DOC Headquarters
- [ ] Family member — P.O. Box 94304
- [ ] Educational courses — Baton Rouge, LA 70804-9304
- [ ] Outside bank savings acct# ______
- [ ] Newspaper ad for clemency / pardon.
- [x] Other: Legal Mail: Rejection of First Step from ARP

79 [ ] Court Cost - Civil action number ______

94 [ ] Savings Bond

1-8oz large legal envelope

| LIVING QUARTERS | DATE OF REQUEST MO. / DAY / YEAR | TOTAL AMOUNT |
|---|---|---|
| N.4.C.11 | 8 / 28 / 25 | $ 3.56 |

Three dollars & 56/100 DOLLARS
WRITTEN AMOUNT

PAYEE:

| VENDOR NO. | INMATE MUST ATTACH A STAMPED, ADDRESSED ENVELOPE FOR ALL OUTSIDE MAIL |
|---|---|

NAME: General Funds.
ADDRESS: DWCC
CITY: Homer STATE: LA ZIP: 71040
INMATE SIGNATURE: Arthur Basaldua
REQUEST DENIED. REASON:

| CODE | SAVINGS ACCOUNT |
|---|---|
| 94 | [ ] Savings Bond |
| 79 | [ ] Court cost - Civil action number ______ |
| 82 | [ ] Educational courses |

| CODE | TRANSFERS - No check will be produced |
|---|---|
| 68T | [ ] Transfer from drawing account to savings. |

Note: Print name and address in the payee section to the right. Attach necessary documents including a stamped, self-addressed envelope for all outside mail.

RIGHT THUMB PRINT

VERIFIED BY:
TITLE:
APPROVED BY:
TITLE:

Administrative Remedy Procedure
Sensitive Issue ARP to Chief of Operations: Seth Smith
"Dept. Reg. No.-Op-C-13"

Arthur Basaldua 531174
N-4-C-2 4-7-25
Location of Incident: N-4-D-4

Date of Incident: Nov 13, 2024-on going
Case # DWCC-2025-1078

On 4-4-25 at 1:30 A.M. I signed and received notice that ARP was to lengthy, so summarize and resubmit per Sarah Nalitt, Case# DWCC-2025-1078 So I am resubmitting and this ARP was filed to Chief of operations Seth Sminth on 1-13-25.

On 11-13-24 I got notice from Warden Dauzat, that my visitation and phone privileges where temporaily suspended from on going investigation to have contraband brought/sent into DWCC. And I can only correspond with my mom and sister, for the immediate future. This is clearly retaliation for saying what I said in my Disciplinary Appeal # DWCC-2024-156, look at the record. It's obvious Warden Dauzat denied my Appeal that same day I turned it in 11-13-24, that same day Warden Dauzat took my privileges, both signed by Warden Dauzat on 11-13-24. My privileges have been taken for the past 5 months, without giving me my Due process in front of a disciplinary board hearing, to put me under investigation, In the Disciplinary rules and procedures chapter 3 they have the "72 hour Rule" It says Any inmate who is placed in Investigative Segregation for a rule violation shall be afforded a disciplinary hearing with in 72 hours of being placed in Investigative Segregation. None of this has happen. I've been in DOC custody since 2009, if you look at my record I've been put under investigation a number of times, either 30W or 30C. Like on 10-18-13 for 30W or on 5-29-18 for 30W, or on 5-15-20 for 30C, and on 5-25-21 for 30C. All this is in my La. Dept. of public Safety & Corrections Conduct report record. Even though there is no more 30C or 30W in the rule book as of June 9, 2024. You still have to bring me to DB court and could put me under investigation for a Rule 34 trafficking a new rule, to give me my Due Process and put on record: I would like to enter into the record a letter I wrote to Warden Dauzat on 2-16-25 and 3-5-25 dealing with this investigation, Dept. and visitation Dept. on these days. I only heard back one time from visitigation Dept. saying the last information they received was the memo from 11-13-24. This is to show I am and have been doing my due dilligence, in trying to resolve this matter. In the process Warden Dauzat is violating my 14th Amendment right to Equal Protection. By allowing Col. Hauley and the investigation Unit to discriminate against me, and allowing to harass me. First off by allowing Col. Hauley to write me up on phone calls like the two I got on 8-13-24 for making 3 way calls and making numerous calls. I want to make this very, very clear this does not have any thing to do with disciplinary reports

at all. And every thing to do with similarly situated inmates were treated differently. It is a pattern of discrimination by Col. Hauley and Warden Dauzat since I got here. Look at the ARP # 2024-0273. It has been on going. Col. Hauley has made allegations against me dealing with several letters with me and Ashley Collins, saying I was instructing her to contact several people speaking in codes and using numbers. Also that Ashley Collins was assisting me in purchasing with intent to transport or distribute illegal drugs. Also in ARP case # DWCC-2024-0147 Col. Hauley said the same thing and that Ashley Collins was a lawyer and does not represent herself as a lawyer. Which is a lie she is a house keeper in a hotel in New Orleans. This was in March & April 2024. If I did all that why wasn't I ever put under investigation on a 30C or 30W by warden Dauzat? Or even wrote up with with a RVR? I am just saying these are serious allegations not to take action on. Right? I am entering another letter I wrote Warden Dauzat dealing with Col. ~~Hau~~ Hauley and me getting into it, the letter is dated 4-2-24. This is putting Warden Dauzat on notice of the situation. If you do a systematic check on the day of these phone calls in N-4 on the dates of 8-10-24, 8-11-24, 7-27-24, and 3-9-24 you will see similarly situated inmates in this whole building did the same thing numerous phone calls and 3 way calls, but each day I was the only person that got wrote up on these days. Also on March 15, 2024 Col. Hauley wrote me up for a 30X rule violation. Just to retaliate on me. I wrote my cousin in a letter asking her to get on my facebook and get two females address for me. Those messages and if you look at the dates was before I got to David Wade. 11-22-23. It shouldn't have mattered what I was talking about it wasn't while I was at David Wade. And he knew this, but since he said he was going to get me, he has. Now because I accuse that Col. Hauley is setting me up through investigations with this 10-14-24 legal mail. Because Warden Dauzat as you see failed to investigate this matter and look at camera footage to see if I was telling the truth. Also Warden Dauzate denied my appeal by saying because I signed for it the contraband was considered mine. But the Employee ~~p~~ policy Memorandum mail Procedures # 02-01-032 states: If no contraband is found, the offender will certify by his signature that he has received his mail.

Now Warden Dauzat, Investigation Unit, and the Segregation Review Board are retaliating against me, and conspiring by writing me up for these extra phone calls, or like this legal mail I sign for and received. It so serious they only take 7 days loss of canteen for a rule 1. All these write ups are just a way to keep me back here in N-4 and deny me the review board. And it all goes through Warden Dauzat. Also I will show you where similary situated inmates where treated differently and I was discriminated on. On May 3, 2024 I believe or so I went to the Segregation review board and got denied

because disciplinary report, but that same day they gave an emergency board to 3 people on the tier. One was Hermon Scott #567178 and another Emmett Minor #581376 and both had disciplinary write ups at the time. Another was Leroy Bird #608855, me and him got wrote up for a rule violation #30w by Col. Hauley May 10, 2024. He made the board in May 2024, and I got denied in June 20, 2024 for the same write ups. Now I've been in N.4. for the pass 16 months, I just went to the Segregation Review Board on March 26, 2025 and got denied again. The Review Board said this is only a recommendation to Warden Dauzat, it is up to Warden Dauzat at the end of the day. I've been write up free since Dec 13, 2024. If you do a systematic check on the review board for the last year. Every-One with 60 days write up free makes it to the next level, as you see even these 3 inmates I named made the review board with write ups. But me I had 103 days write up free and still can't move up. Because warden Dauzat is Discriminating and retaliating on me.

Warden Dauzat now has me on N.4.C tier with 3 others people on the tier, out of 16 cells. I am isolated for no reason. I understand Warden Dauzat is afforded a widediscretion in the application of policies and practices designed to maintain security and preserve internal order. while the prison adminstration may punish, it may not do so in a manner that threatens the physical and mental health of prisoners. I content that warden Dauzat is violating my Eighth Amendment right because of the conditions she is making me live thru, on N.4.C and D tier consititutes mental torture. In inhumane conditions with miminal property and little to no meaningful social interaction and enviormental stimulation. I've been isolated since 1-2-25, no book carts comes in the building since Oct 2024, no law library is allowed to make weekly rounds. The food is so minumal that I lost 70 lbs. in the last 17 months in N.4 building at DWCC. I am being disciplined and held accountable even if it was never proved that I had any involement in, or knowledge of these missdeeds. There is no possible penological justification. I want to make this clear this is not a ARP dealing with or concering disciplinary. It is dealing with a pattern of Retaliation, Abuse of Authority & Power, Conspiring with Warden Dauzat on down, Violating my Equal protection Rights, Violating my First Amendment Rights to Association, Violating My Due Process and Eighth Amendment right to Cruel and unusal punishment.

Relief Desired

1.) No retaliation for this ARP
2.) $200 a day for violating my constitutional rights, starting Nov 13, 2024
3.) Make Warden Dauzat follow DOC posted policies and procedures
4.) Restore all my privileges and Correspondence back to Normal
5.) Ship me to another DOC prison
6.) Restore my visitation with Ashley Collins since I never got a RVR of any kind with me or her violating any rules

C/C: To Lawyer
4-7-25

(3)

Arthur Basaldua 531174

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
CORRECTIONS SERVICES
OFFENDERS RELIEF REQUEST FORM

CASE NUMBER: DWCC-2025 -0178

TO: ARTHUR BASALDUA 531174 — Offender's Name and Number
N4C — Living Quarters

11/13/24
Date of Incident

ACCEPTED: This request comes to you from the Wardens Office. A response will be issued within 40 days of this date.

X REJECTED: Your request has been rejected for the following reason(s):
ARP TOO LENGTHY. YOU SHOULD SUMMARIZE AND RESUBMIT TO APPROXIMATELY NO MORE THAN 3 PAGES.

04/03/2025
Date

Sarah Nalitt
Warden's Signature or Designee

Rec
4-4-2025
1:35 A.M.

**DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS**
**CORRECTIONS SERVICES**
**OFFENDER FUNDS WITHDRAWAL REQUEST**

Mailed: 28 Jan 25 received & processed 01-27-25 [illegible]

| CODE | DRAWING ACCOUNT |
|---|---|
| 73 | ☐ Offender club — chief of Operations Seth Smith |
| 74 | ☐ Outside purchase — D.O.C. Headquarters |
| | ☐ Family member — P.O. Box 94304 |
| | ☐ Educational courses — Baton Rouge, LA 70804 |
| | ☐ Outside bank savings acct # |
| | ☐ Newspaper ad for clemency / pardon. |
| | ☑ Other: Legal Mail |
| 79 | ☐ Court Cost - Civil action number |
| 94 | ☐ Savings Bond |

1-2oz large legal envelope

| CODE | SAVINGS ACCOUNT |
|---|---|
| 94 | ☐ Savings Bond |
| 79 | ☐ Court Cost - Civil action number |
| 82 | ☐ Educational courses |

| CODE | TRANSFERS - No check will be produced |
|---|---|
| 68T | ☐ Transfer from drawing account to savings. |

Note: Print name and address in the payee section to the right. Attach necessary documents including a stamped, self-addressed envelope for all outside mail.

| DOC NUMBER | NAME: LAST NAME, FIRST NAME, INITIAL |
|---|---|
| 531174 | Basaldua Arthur |

| LIVING QUARTERS | DATE OF REQUEST MO. / DAY / YEAR | TOTAL AMOUNT |
|---|---|---|
| N.4.C.2 | 1 / 15 / 25 | $ 1.77 |

One dollar & 77/100 DOLLARS
WRITTEN AMOUNT

**PAYEE:**

VENDOR NO.
*OFFENDER MUST ATTACH A STAMPED, ADDRESSED ENVELOPE FOR ALL OUTSIDE MAIL*

NAME: General Funds

ADDRESS: D.W.C.C.

CITY: Homer, LA 71040 STATE ZIP

**OFFENDER SIGNATURE:** Arthur Basaldua

**REQUEST DENIED. REASON:**

RIGHT THUMB PRINT

VERIFIED BY: [illegible signature]

TITLE: M/Sgt.

APPROVED BY:

TITLE: [illegible signature]

Dear Mrs. Dauzat, 2-16-2025

Hello, the reason I am writing you is to see what's going on with this investigation you got me on. It has been over 90 days now, and still nothing. No write up, no disciplinary court to allow me my Due Process. I just lost my phone privileges and visitations privileges, and am only allowed to write and get mail from my mom and sister. Because you have the power and authority. But I haven't been allowed to receive no mail but only one time in the last 94 days since you suspended everything. I get my newspapers and magazines, But no letters or emails.

My thing is the posted policy dealing with Disciplinary rules and Procedures for the Louisiana Dept. of Corrections. This is DOC, Right? Am I still a prisoner under DOC regulations? I still have, Right Mrs. Dauzat, don't I? Or just because I am in David Wade and you are the Warden, I lost all my Rights, as I walked through David Wade gates? I would just like to know.

You have discipline me by taking my visitation and phone privileges, for the pass 90 days without no kind of hearing. And even if I was found in Violation of any rule infractions, which I haven't been. I've been sanctioned and punished for the maximum ~~pen~~ penalties without a board hearing or my Due process. Because you are the Warden, and you can.

At the end of the day we both have to follow the Departmen Rules and Procedures set in Department of Corrections. The court of Law says. Also the last few times I received legal mail they made copies. The first time Lt. Judgeware took my original after making

copies. That didn't sit well with me. The second time she shredded them in front of me. The ~~third~~ third time on 2-11-2025 around 1:50 p.m. I was brought up to the security building to receive legal mail from Lt. Judgeware. She said this time you have giving her a direct order that she could not shredd my original legal papers after she made copies. Like I told her I don't mind you guys making copies. And I am not "denying" my legal mail. But I do have a big issue with you making a copy of my legal mail, giving me a copy and then taking my legal mail where ever, and having who ever read it. Especially when you are going to become a Defendant in a Civil lawsuit I have to file to get my rights back, through a preliminary injunction until we can let the courts settle our disagreement.

Mrs. Dauzat the Department Regulation No. OP-C-7 Section 7.K "Mail Precautions" says, It allows you the authorization to "Open and Inspect" incoming and outgoing privilege mail outside my presence. I haven't got any kind of notice that the Secretary or Designee authorized this, or that anything resulted from your internal investigation. I understand you are inspecting for contraband and by you making copies it should end all that. No where in the law or Department Regulation states that you can keep my privilege mail and read it. You can open and inspect for contraband. But by you making copies, that should satisfy your legitimate penological interest to protect ~~the~~ and ~~further~~ further the Security and order of the prison. Like I said I am ok with receiving copies of my privilege mail.

But if you want to read my legal mail you must show probable cause and obtain a search ~~warnt~~ warrant to read it. The law states, in Guajardo v. Estelle, 580 F.2d 748, 759 (5th Cir. 1978). It also states that TDC could not require inmates to leave attorney mail in the writ room or in the hands of a TDC agent. You can open and inspect, but not keep. This is long standing Law. I am getting a copy already, so why can't I get it shredded?

Also you put me under investigation on 11-13-24 the same day I filed my Disciplinary Appeal. My ~~quest~~ questions is why wasn't I put under investigation on 10-14-24 when I received the legal mail or even on 10-22-24 when the lab results came back? Or even when I went to DB court for this write up? It is funny that you took my visitation and phone privileges and cut me off from the out side world the same day I filed my DB appeal. Because I said it could of been Col. Hauley of investigation unit the one trying to set me up. Because that same day you put me under investigation 11-13-24 was the same day you received that appeal, and was the same day you Denied my appeal. It was signed by you Warden Michele Dauzat on 11-13-24 DB Court Appeal Decision # DWCC-2024-156. 11-13-24 was also the day you signed the notice and put me under investigation, and took all my privileges without Due Process. It looks like you are retaliating against me for a number of reasons, and one of them it looks like I am being punish for saying what I said in my appeal or trying to exhaust my Aminst- ~~rative remedies~~ rative remedies.

Then in my Appeal you denied me because you said I received the documents that tested positive for Synthetic cannabinoids, and I was clearly in violation of rule #1 contraband. And because I "signed" for the mail, therefore it was considered my property.

"Employee Policy Memorandum # 02-01-032" Mail procedures on page six sec. 10:

It says, A Captin or higher ranking officer will deliver all legal mail. The delivering supervisor will secure the signature of the recipient on the legal mail receipt. The delivering supervisor will open and inspect the contents for contraband in the presence of the offender. Upon discovery of any contraband it will be confiscated. ~~Upon~~ The envelope and contents in which the contraband was found will be retained by the security officer. If no contraband is found, the offender will "certify" by his signature that he has received his mail.

Mrs. Douzat you are a smart educated woman, you really think I am that stupid to have someone send me some contraband to my name? That would be crazy on my behalf. You should give me more credit then that. But at the end of the day you monitor my phone calls, my mail and visits, if I would of did something like this I would of took my lick. But since I didn't, and you haven't had any thing pop up in over 90 days in your investigation to show other wise. I am fighting you on this. If the investigation would of found something I would of got a write up by now and went to DB court. Every time I made an extra phone call I was written up by the investigation...

unit with the quickness. So what makes this time any different?

All I am asking is that I be treated by the Department Regulations and policy. If I did something wrong write me up and give me my Due process in DB Court. You have accused me of a lot of things, but I haven't got written up for anything. I don't want to file no lawsuit but it's like you are leaving me with no choice. I hope we can come to an agreement, but if not I know what I have to do. Like you said keep reading the last time you made rounds on Dec 13, 2024 dealing with the posted policies. As you see I've been reading.

Well I hope to set with me and explain to me what is really going on. We are going on 100 days in this investigation. I would like my privileges back, for I can call and visit my friends and family. I did the maximum already on loss of visitation. Like I said I don't want to file this lawsuit, I rather work it out between us. But if it is not possible I understand. Have a good day.

Sincerely, Arthur Basaldua
#537174
N.4.C.2.

C/C: To Lawyer

8-11-2025

To: Warden Dauzat

Fro: Arthur Basaldua
531174
N·4·C·11

Dear Mrs. Dauzat,

The reason why I am writing is because I am having problems with my mail and my phone account is suspended. First off I went to DB court on 7-25-25 and they took my phone for 4 days. It usually goes into effect on a Sunday night while on a memo By Col. Hanley said from 8-3-25 to 8-7-25, so when I was trying to use it on 8-2-25 I was not allowed. Now this weekend I used it but my account is still suspended. Can you please make sure they unblock my pin for I can call my mom, sister, and wife phone and work phone.

Also can you please check why I am not receiving any mail? I only received two emails since you suspended my correspondence. I got one from my wife on 7-25-25 and two from my mom 7-21-25 and 7-20-25. that was on 7-31-25. Since then I haven't got any. And I havent talk to my family. thank you.

Arthur Basaldua
531174

C/C: To Lawyer.

4-08-2025

To: Sarah Nalitt
ARP Dept.

Case # DWCC-2025-0178
6 of 25

From: Arthur Basaldua
531174
N.4.C.2

In Re: ARP Sensitive Issue ARP to Chief of Operation

Dear Ms. Nalitt,

On 4-4-25 at 1:35 A.M, I received a rejection paper that my ARP I file to the chief of Operation 1-13-25 was to lengthy. So I had to summarize and resubmit to 3 pages. I ~~do~~ did that and now I am sending it to you for you can ~~sent~~ send back to the Chief of Operation. ~~Over~~ Under Dept. Reg. No. OP-C-13. It states sensitive issue ARP's may be sent directly to chief of Operation Headquarters. So now that I am resubmitting can you please send it to them? ~~[illegible]~~ Also I made it 3 pages but these letters are my exhibits. I need to submit them with my ARP thank you.

Sincerely, Arthur Basaldua
531174
N.4.C.2

C/C: For Lawyer

TO: ARP Department
DWCC
Mrs. Sarah ~~Nalt~~ Nalitt
Case Number: DWCC-2025-0257

Date: 6-11-2025

7 of 25

FROM: Arthur Basaldua
531174
N.3.A.13

Dear Mrs. Nalitt,

I would like to "drop" this ARP Case number DWCC-2025-0257 dealing with Col. Coleman I filed on 3-6-2025. Can you please let me know this has been done or send me the papers I need to sign to do this.

Also I would like to know what ever happen to that ARP Case number DWCC-2025-1078 that I resubmitted on ~~4~~ 4-7-25 to ~~you~~ your Department addressed to you Mrs. Sarah Natlitt. It was a Sensitive Issue ARP to Chief of Operations Seth Smith. Please let me know what is going on in a timely matter. ↑

This ARP was forwarded to Headquarters for Chief Smith's response. SN

thank You, Sincerely,
Arthur Basaldua
531174 N.3.A.13

c/c: To Lawyer.

To: Investigation Unit



Date: 2-11-2025

FROM: Arthur Basqldua
#531174
N.4.C.2

In RE: Internal Investigation of Nov 13, 2024

To who ever this may concern,

I would like to see what is going on with this internal investigation you and the wardern Davzat have placesed me on since Nov 13, 2024? It has been 90 days and still no out come. Can you please let me know the out come. It should be over by now.

thank you, Arthur Basaldua
531174
N.4.C.2

c: To Lawyer

To: Visitation Dept.



Date: 2-11-2025

FROM: Arthur Basaldua
#531174
N.Y.C.2

On Nov 13, 2024 I got a memo from the Warden Office, investigation Unit, and Visitation Dept. that my visitation was being temporarily suspended. Dealing with a internal investigation. I am writing to see if my visits have been reinstated? Can you ~~ples~~ please let me know something. Thank you.

Arthur Basaldua
531174
N.Y.C.2

This is the last information that the visitation office has recieved. We have not recieved anything new regarding this matter.

Msgt Wyman

C/C: To Lawyer

To: Investigation Dept. 



Date: 3-5-25

From: Arthur Basaldua
531174
N.4.C.2

In RE: Internal Investigation of Nov. 13, 2024

To who ever this may concern,

This is the second time I have wrote since 2-11-25 dealing with this matter. It should of been plenty of time to investigate, and come to a outcome. A report should have got to Warden Davzat by now. I should of got a report by now if I did anything wrong. It has been 113 days since this internal Investigation started. Since I haven't got a write up from 2-11-25 which was 90 days, I pray your Department does not retaliate by writing me up now. please have all my privileges reinstated.

Thank You, Arthur Basaldua
531174
N.4.C.2

C/C: To Lawyer



Sent Farm Mail to Investigation Dept. 3-5-25

To: Visitation Dept.



Date: 3-5-25

From: Arthur Basaldua
531174
N.4.C.2

To whoever this may concern,

I am writing to see if there is any change in my memo from Nov. 13, 2024 from your Department, Warden Dauzat, and Investigation Department that my Visitation privileges and my phone privileges where being temporarily suspended. Dealing with a internal investigation. I wrote your department on 2-11-25 about this matter, and some one sent me the same memo I recieved on Nov. 13, 2024; saying that was the last information that your office recieved. Is there any update since then? Can you let me know some thing?

Thank You,
Arthur Basaldua
531174
N.4.C.2

AB

C/C: To Lawyer
Put in Farm mail
3-5-25

To: Visitation Dept.

Date: 4-30-25

12 of 25

From: Arthur Basaldva
531174
N.3.A.13

RECEIVED
MAY 02 2025

To whoever this may concern,

I would like to see if my visitation are reinstated yet? I talk to Warden Dauzat on 4-22-25 and she said I was going to get my privileges back. I got my phone privileges back and today I got my correspondence back I see because I got a Jpay email. But I never got no memo. I talk to Warden Malcomln Tuesday and he said he believes I got all my privileges back, so that is why I am writing to see if your Dept. got any memo? Can you please let me know something please.

Thank You, Arthur Basaldva
531174
N.3.A.13

At this time Visitation priveleges have Not been reinstated. Just phone and Correspondence's.
Msgt Lyman
Visitation

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
CORRECTIONS SERVICES
OFFENDERS RELIEF REQUEST FORM

CASE NUMBER: DWCC-2024 -0273

13 of 25

TO: ARTHUR BASALDUA 531174
Offender's Name and Number

N4C
Living Quarters

04/26/2024
Date of Incident

X ACCEPTED: This request comes to you from the Wardens Office. A response will be issued within 40 days of this date.

REJECTED: Your request has been rejected for the following reason(s):

05/06/2024
Date

Shannon Smith
Warden's Signature or Designee

On 5-7-24

I signed the paper for them Accepting my A.R.P.

On 5-7-24 in the morning they shook down all N.4. between 7:AM and 12:pm. then on 5-8-24 at 4:00A.M. they came shook down my tier again. ~~at 4 in the morning morning~~ they strip search me shackle me up in my boxers and walk me to the other side of compound in only my boxers about 4:30 in the morining. I was the only one off my tier and maybe the whole unit for that matter to be put threw this. This was between 4:30 to 5:00 A.M in the morning the camera footage will show me walking in Unit N.4 with Warden Dauzat in the controle key. The guards then with Col. Coleme put me in Cell # 14, no matterest in just my boxers with Warden Dauzat looking on thru the cameras in the controle center in the bats building allowing all this to take place. They said they had to search my property better. They left me in this cell with no matterest for hours with only my boxers. Until I finally got a jumpsuit but never a matterest for 7 to 10 hours, until the shake down guares came to ~~thear~~ shearch my property.

10-01-24

9:35 to 9:41 A.M on N.4.C.16 I talk to D.W. Mays dealing with A.R.P.

5-24-24

Colonel Hawley made rounds between 9:00 A.M. and 10:00 A.M. on C tier. And I was in my cell in cell 11 on the floor reading my newspaper enfront of my fan, on the tier. I guess he felt I was to comfterabl and about a hour late Warden Nail said to move me out of cell 11 that I've been in for the last 5 months. To the Hotest cell on the tier in the begining of the summer. Cell 16, ~~by~~ right next to the shower. The air is by cell 14 and I can't ~~barely~~ even feel. I sweat all day, breaking out in a heat rash because I sweat all day. I put a sick call for my heat rash on 7-9-2024 and received a cream.

On 5-28-24 between 7:00 A.M. to 7:40 A.M. they came and shook down C tier. I was the first cell they came in and almost the last they came out of. ~~the~~ All the time they shake our tier down they spend the most time in my cell all the time. I have a camera in my cell and right in front of my cell. I was stripped down, made to bend over and spread my butt cheeks. If you veiw the camera footage ~~then~~ shackled up. legs and hands. Col. Hawley was in my cell searching with shake down team. I feel it is retaliation

then after they shook my cell down they put me in it and then took me back out and put me in cell 15 to do another cavity search of my body 30 minutes after they did the first one. From what I am reading two strip searches in a day can violate your Eighth Amendment rights. Franklin v. Lockhart, 769 F.2d 509, 510-11 (8th Cir. 1985) allegation of twice-daily strip searches ~~stated~~ of inmates who did not leave segregation unit stated claim. Hodges v. Stanley, 712 F.2d 34, 35 (2d Cir. 1983) allegation of a strip search that was unnecessary because it immediately followed another strip search stated a fourth Amendment claim.

7-23-24 3:00 P.M.

Warden Dauzat made rounds on N.4 D. tier and I talked to her. I let her know I have 70 something days without a write up. I asked her when will I be moving up to the next ~~step~~ step. She said she hasn't begun to think about moving me from back here. She said she ain't ready to have to call someones mother and tell them they OD. That caught me off guard because I never have been charged with anything of that nature. So as of now I am in here in-definitely.

Form HCP13-a
20 August 2023

15 of 25

**Request for Medical Treatment**
**Facility:** ______________________

| Arthur Dasaldva | 531174 | 44 | N.4. D16 | | 7-15-24 |
|---|---|---|---|---|---|
| **Inmate Name** | **DOC#** | **Age** | **Housing** | **Job Assignment** | **Date/Time** |

**HEALTHCARE REQUEST: INMATE COMPLETE THIS SECTION ONLY**

cream is ~~not~~ not working I still have the heat rash on my arms and chest J.J.

**Healthcare Personnel Screening:** Date: 7/.../24 Time: ______ Allergies: ______________

☐ Routine Sick Call $1.00 ☐ Emergency Sick Call $2.00 ☐ Altercation $2.00

☐ Work-Related Incident - No Access Fee ☐ PREA Assessment - No Access Fee

**Medications Ordered:**

______________________________

______________________________

______________________________

______________________________ **Total #:**

**HC Personnel Signature:** [signature]

✓ $1.00 Access Fee ☐ $2.00 Access Fee ☐ No Access Fee $________ Total: $ 1.00

I understand, in accordance with Dept. Reg. No. HCP14, I will be charged $1.00 for routine sick call and $2.00 for emergency sick call and altercations. No fee shall be assessed for work-related incidents or PREA assessments.

| Arthur Barsaldva [signature] | 531174 | 7-15-24 | [signature] |
|---|---|---|---|
| Inmate Signature | DOC# | Date | Witness Signature |

Original - Inmate's Medical Record Yellow - Business Office Pink - Inmate's Copy

**LOUISIANA DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS**
**CONDUCT REPORT**

**NAME:** Arthur Basaldua

**DOC:** 531174

**DATE:**

**REPORT** **BOARD ACTION**

| No. | Incident Date | Rule No. | Hearing Date | Reprimand | Extra Duty | Isol | Loss of G.T. | Rec. Change (Job, Qtrs, Inst) | Loss of Privileges | Room Conf | Rest |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 7.16.11 | 21F | 7.19.11 | | | | | Jext 4D | | | LD |
| 2 | 12.24.11 | 17 | 12.28.11 1.3.12 | | | | | | 2 wk yard | | LD |
| 3 | 1.31.12 | 22 | 2.2.12 | | | | | | 2 wk yard | | LD |
| 4 | 4-16-13 | 28 | 4-18-13 | | | | | susp. 15 day MP Wck | | | WL |
| 5 | 6/26/13 | 5 | 6/28/13 | | | | | | 4 wks canteen | | |
| 6 | 7/2/13 | 27 | 7/8/13 | | | | | | 2 wks canteen | | |
| 7 | 10-8-13 | 30W | 10-28-13 11-7-13 11-15-13 | This is how they put you under investigation | | | | CP-D Falcon (dorm ord) | | | [illegible] |
| 8 | 3/4/14 | 1 | 3/6/14 | | | | | WQ/HIC F/L | | | [illegible] |
| 9 | 6-17-14 | 5 | 6-19-14 | | | | | | 2 wk telephone | | [illegible] |
| 10 | 10/28/14 | 5 | 10/30/14 | | | | | | (SUS 60 days) 6 wks phone | | [illegible] |
| 11 | 1/21/17 | 1 | 1/24/17 | | | | | WUB | 12 WK canteen | | AH |
| 12 | 8-22-17 | 5 | 8-30-17 | Verbal Reprimand | | | | | | | MJ |
| 13 | 10-18-17 | 1 | 10-25-17 | | | | | ext 4D | | | |
| 14 | 11-20-17 | 1 | 11-21-17 | | | | | | 12 wks yard 12 wks Canteen | | [illegible] |
| 15 | 11-20-17 | 1 | 11-21-17 | | | | | | 12 wks Canteen 12 wks phone | | |

1. Contraband
2. Contraband, Att. Poss. (A)
3. Defiance (B)
4. Disobedience (A)
5. Agg. Disobedience (B)
6. Disorderly Conduct (A)
7. Disrespect (A)
8. Att. Escape (B)
   Escape (B)
9. Favoritism
10. Fighting (B)
11. Agg. Fighting
12. Gambling (B)
13. Deleted
14. Intoxication
15. Malingering (A)
16. Agg. Malingering (B)
17. Prop. Destruction (B)
18. Radio/TV Abuse (A)
19. Self-Mutilation (B)
20. Rescinded
21. Agg. Sex Off (B)
22. Theft (B)
23. Theft, Att. (A)
24. Unauth. Area (A)
25. Unauth. Food (A)
26. Unsanitary Prac. (A)
27. Work Offense (A)
28. Agg. Work Offense. (B)

# LOUISIANA DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS
## CONDUCT REPORT

NAME: Arthur Basaldua

DOC: 531174

DATE:

**REPORT** **BOARD ACTION**

| No. | Incident Date | Rule No. | Hearing Date | Repri-mand | Extra Duty | Isol. | Loss of G.T. | Rec. Change (Job, Qtrs, Inst.) | Loss of Privileges/ Incentive Wages | Room Conf. | Rest | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 16 | 3.12.18 | 5 | 3.14.18 | | | | | | 12 wks yard | | | MR |
| 17 | 3.28.18 | 1, 5, 11 | 4.2.18 | | | #1 #5 | 180d, 30d | #11 | Ext L/D | | | MR |
| 18 | 4-24-18 | 3, 5 | 4-26-18 | | | | | | #3 8wks phone #4 8wks cnn #5 8wks yard 8wks can | | | [illegible] |
| 19 | 5-22-18 | 30W | 5-31-18 6-18-18 | This is how the put you under investigation | | | | EXT L/D | Place on Food loss | | | [illegible] |
| 20 | 7-6-18 | 1 | 7-10-18 | | | | | | 8 wks yard 8 wks canteen | | | BD |
| 21 | 8.27.18 | 1 | 9.4.18 | | | 10 | | #4.34 Rest for drug test | 12 wks yd + rec | | | |
| 22 | 8.27.18 | 1 | 9.11.18 | | | 10 | | | 12 wks yd + rec | | | |
| 23 | 8.31.18 | 1 | 9.11.18 | | | 10 | | | 12 wks yd + rec | | | |
| 24 | 10-10-18 | 1 | 10-15-18 | | | | | | 8 wk yd 8 wk can | | | [illegible] |
| 25 | 5-15-20 | 30C | 6-15-20 | Investigation | | | 60 | HD-SEG 60 days | | | | |
| 26 | 5-25-20 | 1 | 6/30/20 | > | | | 30 | D-Seg x 60 days | | | | |
| 27 | 6-25-20 | 3, 5 | 6/30/20 | Combined for sentencing | | | | | | | | |
| 28 | 6/26/20 | 3 | 6/30/20 | | | | | D-seg x 20 days | 4 wks no phone | | $5 | |
| 29 | 9-18-20 | 1 | 9-22-20 | | | | 60 | HDSeg-90 | | | | |
| 30 | 10/16/20 | 1 | 10/21/20 | | | | | 90 Days DSeg 8wks No canteen | | | | |
| 31 | 12-20-20 | 1 | 1-4-21 | | | | 90 | HD-SEG 180 days | | | | |
| 32 | 3-7-21 | 1 | 3-8-21 | | | | 90 | HD-SEG 180 days | | | | |

1. Contraband
1A. Unauthorized Items (A)
3. Defiance (B)
4. Disobedience (A)
5. Agg. Disobedience (B)
6. Disorderly Conduct (A)
7. Disrespect (A)
8. Escape (B)
9. Deleted
10. Fighting (B)
11. Agg. Fighting
12. Gambling (B)
13. Deleted
14. Intoxication
15. Malingering (B)
16. Rescinded
17. Prop. Destruction (B)
18. Radio/TV. Abuse (A)
19. Self-Mutilation (B)
20. Rescinded
21. Agg. Sex Offense (B)
22. Theft (B)
24. Unauth. Area (A)
25. Deleted
26. Unsanitary Prac. (A)
27. Work Offense (A)
28. Agg. Work Offense (B)
29. Disturbance (B)
30. Gen. Prohibited Behavior (B)

# LOUISIANA DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS
## CONDUCT REPORT

**NAME:** ARTHUR BASULDURA

**DOC:** 531174

**DATE:** 4/30/21

| REPORT | | | | BOARD ACTION | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| No. | Incident Date | Rule No. | Hearing Date | Repri-mand | Extra Duty | Isol. | Loss of G.T. | Rec. Change (Job, Qtrs, Inst.) | Loss of Privileges/ Incentive Wages | Room Conf. | Rest |
| 33 | 4/28/21 | 1 | 4/30/21 | | | | 90 | HD SEG 180 | | | $10.50 x 6 |
| 34 | 5/25/21 | 30C | 5/28/21 | Investigation | | | 60 | HDSEG90 | | | |

1. Contraband
1A. Unauthorized Items (A)
3. Defiance (B)
4. Disobedience (A)
5. Agg. Disobedience (B)
6. Disorderly Conduct (A)
7. Disrespect (A)
8. Escape (B)
9. Deleted
10. Fighting (B)
11. Agg. Fighting
12. Gambling (B)
13. Deleted
14. Intoxication
15. Malingering (B)
16. Rescinded
17. Prop. Destruction (B)
18. Radio/TV Abuse (A)
19. Self-Mutilation (B)
20. Rescinded
21. Agg. Sex Offense (B)
22. Theft (B)
24. Unauth. Area (A)
25. Deleted
26. Unsanitary Prac. (A)
27. Work Offense (A)
28. Agg. Work Offense (B)
29. Disturbance (B)
30. Gen. Prohibited Behavior (B)

Administrative Remedy Procedure

Arthur Basaldua #531174
N.4.C.11 8-20-2025

Date of Incident: July 18, 2025

Location of Incident: N.4.C. tier

On July 18, 2025 Warden Dauzat took my visitation, correspondence, and phone privileges. Mrs. Dauzat said in the memo "this action is being taken as a result of my continued attempts to violate the institutional rules and regulations as indicated by my recent rule violations". this is my thing the date of incident was 7-18-25. The report was written on 7-21-25 and I went to DB Court on 7-25-25. what this tells me is that no matter what I was going to be found guilty in DB Court. So this violated my Due Process to begin with, because no matter what I said or did I was going into a situation already rigged up by the Head Warden Mrs. Dauzat. By way of this memo. what Mrs. Dauzat did not mention in the memo is my visitation has been suspended for the pass 9 months. Since Nov 13, 2024, Illegally for a so called investigation that never resulted in any rule violations. She had also took my correspondence and phone privileges, until she came to talk to me in April 22, 2025 in N.4. Court room. Her and Major Phillip Krouse from investigations Unit.

My visitation privileges has been suspended since then Nov 13, 2024. As you see I wrote the visitation Dept. a number of times. First on 2-11-25 just to give the investigation some time at that time. Again on 3-5-25, again on 4-30-25 and again 7-8-25. As you see everyone always says to get at Warden Dauzat. I would like to enter these exhibits that I wrote to the visitation Dept. on these days. To support my allegations. Because in my previous ARP Head-quarters denied me, I could not support my allegations. Also I need evidence on the record at the administrative level under La. R.S. 15:1177 pursuant to CARP's statutory framework. So I will enter the letters to visitation Dept. as "Exhibit" B 4 pages. I also want to enter "Exhibit A" 4 pages a letter to Warden Dauzat 7-13-25 and a posted policy #007 effective 1-6-25 dealing with the language on it's sanctions. I've been able to get non-contact since I've been back here. But Mrs. Dauzat been known this and has been retaliating on me and abusing her authority & power. In accordance with established procedures, all visitors and offenders shall be provided equal opportunities to participate in the visitation process in accordance with the offender's security classification and housing assignment. Also noncontact visiting

shall be used only in instances of substantiated security risk. I understand visitation is a privilege and not a right. But I never violated any of the visiting guidelines that resulted in my suspension. In La. Admin. Code. tit. 22 Pt. I § 316 OFFENDER Visitation states all this and also offenders shall not be subject to suspension of visitation as a sanction for a rule violation unrelated to visitation. It also states no offender shall be subject to suspension of visiting for six consecutive months without the approval of the chief of operations. In no event shall an offender be subject to suspension of visiting for 12 consecutive months. Right now I've been on suspension illegally for 9 months without a memo from Chief of operations saying he approved.

There is no possible justification to keep me on Visitation, and phone privilege restriction. OPP's #20 - Use of offender telphones, monitoring and recording of phone calls. Under this policy the institution has the authority to monitor and record offender phone calls. And there is no record of me using the phone in what Warden Dauzat says my continued attempts to violate the institutional rules and regulations as Mrs. Dauzat indicated by my recent rule violations. No where on the record in DB Court on 7-25-25 did it state I was violating or recorded saying anything wrong on the phone calls. But I was sanction to 4 days loss of phone for the rule #37 and sanction to 10 days disciplinary days and 4 days lost of canteen for the rule #3. So these suspension of phone, visits, and correspondence is added sanctions. Dept. Reg. No. OP-C-1 states the disciplinary sanctioning Matrix is the Department-approved uniform system of adminstrative sanctioning which may be imposed upon an offender for rule violations. The matrix considers the severity of the violations, behavior, and any prior history of similar violations. Mrs. Dauzat is going out side the Matrix system, and violating my Due Process and double jeopardy in applying these extra sanctions without a hearing.

Also dealing with my correspondence I have never had a Notice of Rejection Form Op-C-7-b returning a letter sent to me or me sending it to someone in the free world,

for further investigation, retained for disciplinary procedings or forwarded to law enforcement officials. Because review disclosed in or out of the facility plans to escape, plans for activities in violation of facility or Department rules, plans for criminal activities, information which if communicated would creat a clear and present danger of violence or physical harm to a human being, letters or materals written in code, or information would jeopardize legitimate penological interests. I never got a notice for any of these things, the whole 21 months I have been in David Wade. But this is Mrs. Dauzat second time taking all my privileges indefinite like this. The first time was 11-13-24 until 4-22-25. which I still havent got my visit back yet. And now this recent incident of 7-18-24.

I understand Warden Dauzat is afforded a wide discretion in the application of policies and practices designed to maintain security and preserve internal order. while the prison adminstration may punish, it may not do so in a manner that threatens the physical and mental health of prisoners. Mrs. Dauzat is violating my 14th Amendment Right to Equal Protection by treating ~~[illegible]~~ similarly situated inmateds differently then me. She is also violating my First amendment right to association and speach. Also violating my Due Process rights to a fair hearing. The courts have said that the constiution protects certin kinds of highly personal relationships. Also Mrs. Dauzat is abusing her power & authority by not following DOC rules and procedures. I have never violated the visitation, correspondence, rules to get them taken from me without due process. I have made a call or two extra, or a 3 way calls, but never to get contraband as my disciplinary record will show. There is no penological justification to take all my privileges if they are all monitored, letters read and copied, and visits under camera and everything recorded. And until this day I have never got a write up for any of what I am complaining about and this is cruel and unusal punishment.

## Relief Desired

1.) No retaliation for this ARP.
2.) Make Warden Dauszat follow DOC posted policies and procedures.
3.) Restore all my privileges and correspondence back to normal
4.) ship me to another DOC prison
5.) $200 a day for violating my constitutional rights.

C/C: To Lawyer

Date: 8-20-25

Arthur Basaldua 531174
Arthur Basaldua 531174

7-13-2025

Dear Mrs Dauzat,

There is a few reasons why I am writing you.

1.) On April 22, 2025 you pulled me out of N.Y.C. tier cell 2 to talk to me in the N.Y court room. You said we were going to start all over, and you where going to start giving me my privileges back slowly. That day I got my phone privilege back and correspondence. And the next day you gave me the review board to Preventative Segregation Level 1 to Level 2. And you gave me a special visit with my wife. Which I appreciate.

But like I explained to you, you took all my privileges dealing with the phone, visitation, and my correspondence dealing with a ongoing investigation regarding my attempts to have contraband brought/sent to DWCC. This was on Nov 13, 2024. Just like you took my ~~prevo~~ privileges all in one day. I should get them back in one day. But that hasn't been the case. Apparently this investigation you had on me did not show any evidence that I tried to do anything of what you guys where trying to show I had nothing to do with, like I said from the jump. And I got rewarded moving up a level to P2, got my phone back, and even allowed to write anyone until the other day. And we will get back to that. But till this day I have not got my visits back.

Mrs. Dauzat I need you to fix this. It's been 8 months that you took my visitation. For a investigation that did not show any wrong doing, of my part. Also ~~my~~ Mrs. Dauzat you are using your power and authority in arbitrary manner in my situation. Mrs. Dauzat under DWCC Unit Specific for Offender Posted Policy #007 under Sanctions 9.d It states: Any inmate who pleads guilty or has ~~b~~ been found guilty of a Schedule B Disciplinary Rule violation for one or more of the following reasons shall be subject to non-contact visits for a minimum of six months. Such restrictions must be formally reviewed by an appropriate Board at a minimum of every six months. Look at "Exhibit A" I am sending you. I was charged with possesion of drugs. Contraband Rule #1.

This Update to USOPP's #007 when in effective 1-6-25. the inmate Drug and Alcohol testing does not have any to do with me. But the language in the sanctions applies to me and shows me I could never have lost my visitation privileges due to any on going investigation dealing with contraband dealing with drugs. the only thing I can lose is my "contact visits" to "non-contact". And since I am on the South compound in a cell. I can olny have non-contact visit, to begin with. If you want to read further in Dept. Reg. No. OP-C-9 Pg. 20 in section 8.R. 2) suspension of visiting:

A.) Any offender who pleas guilty or has been found guilty at a Disciplinary Board hearing of a Rule violation directly related to visitation may be subject to suspension of visiting in accordance with OP-C-1 "Disciplinary/Sanctions Matrix" and "offender Rule Book". Offenders shall "NOT" be subject to "suspension" of visitation as a sanction for a rule violation "unrelated" to visitation.

b.) No offender shall be subject to suspension of visiting for 6 consecutive months without the "approval" of the ~~of the~~ "Chief of operations".

Mrs. Dauzat it is 8 months today since I lost my visits. I wrote the visitation Dept this week on July 8, 2025 and it says my visitation is still suspened. It says to write you to see of any changes. Also I have never received a memo with the Chief of operations approval of continuing my suspension of my visits. I should of got something in May saying he is approving the continuous of my suspension.

Please Mrs. Dauzat can you please make this right?

2.) Second Mrs. Dauzat

On 5-16-25 Ashley Collins sent me $300 and on 5-28-25 I got a memo from DWCC Inmate Banking Judy Lofton. Saying these funds where returned to Jpay. It says this person is not approved to send me JPAY deposits. Under Dept. Reg. No: B-09-003. But this regulation is being used in a arbitrary manner against me. Mrs. Collins has been sending me money since I got ~~here~~ here in November 2023. Her first time was in December 19, 2023. You took her off my visit and phone list in March 6, 2024. Her last time sending me money was on June 5, 2025. It was never a problem then Mrs. Dauzat.

Then on 6-11-25 I got another memo from Mrs. Judy Lofton. Saying my friend Jessica Payton sent me $300 on 6-6-25 and It was being returned to Jpay. Same reason this person is not approved to send me Jpay deposits. Dept. Reg. No. B-09-003 like I said this does not apply to me. Because as you see Jessica Payton is and has been approved by you Mrs. Dauzat to come and visit me. That was approved May 15, 2024 as you see, exhibit B 1 of 3 pages. Mrs. Dauzat you understand that Mrs. Collins and Mrs. Payton are law abiding citizen's of Louisiana and Tax payer of Louisian. Never been convicted of a felony. I thought we where going to start all over Mrs. Dauzat?

3.) Third Mrs. Dauzat,

On July 8, 2025 I got a Notice of Rejection Form OP-C-9.6 returning a letter to me I wrote Ashley

Collins. But I don't know why you are restricting me from talking to her Mrs. Davzat I never had a letter from me or Ashley retained for further investigation, retained for disciplinary procedings or forwarded to law enforcement officials. Because review disclosed information concerning: The transport of contraband in or out of the facility, Plans to Escape, Plans for activities in violation of facility or Department Rules, plans for criminal activity, information which if communicated would creat a clear and present danger of violence and physical harm to a human being, Letters or materials written in code, or information which would jeopardize legitimate penological interests.

I never got a notice for any of these things, and our mail is monitored so I know I would of got a write up Mrs. Davzat. If I got a write up for a phone call I made ~~and~~ pass the phone to a unidentifed female for just passing the phone. why havent I got wrote up for any wrong doing?

Mrs. Davzat I thought we where going to start all over and you where going to give me a chance? All I ask is for a fair chance. Mrs. Davzat you told me you wanted me to mentor these young guys getting life, or coming up here with life sentences. And I do try to talk with a lot of these guys going home, for they don't come back with a life sentence.

But Mrs. Davzat I don't want to keep going back and forth with you over this nonsense. I gave you my word I wasn't going to do any thing. I just need a real chance. I ask you Mrs. Davzat all I ask for

is a chance to mentor Ashley Collins Sons Baby Legend and Rondell Peterson. Baby Legend is 2 years old, she adopted him. And Rondell will be 21 years old. Ashley is a good Person Mrs. Dauzat. Read our letters, she works hard. I don't Know what you guys are reading or misunderstanding. Mrs. Dauzat all I ask is if I do something wrong punish me. But don't just punish me, just as a ~~precaution~~ Precaution. All I am asking Mrs. Dauzat is give me a chance, and give me a chance with my friend Ashley. She is a big part of my life, because she is there for me and willing to be upart of my life, more then my own family. People like that are hard to come by. Let me know what me and Ashley are doing wrong or you think we are doing wrong and I give you my word it will stop. Let me get my visits with her Mrs Dauzat and able to call her and her mom. That was her mom I called and talked to that day. Mrs. Joyce Collins 225-329-5354. The unidentified female was Ashley. But you know that, that is why you took that number off my phone list a few days later. And I let your illegal write up go. I just wanted to hear her voice. I know a write up was coming.

Mrs. Dauzat you have a degree in Mental Health. Me and Ashley support one another. I help her with her mental break downs, and those visits are her and mine medication. I try to lend her and her family on the best course

Possible. Dealing with opening a catering business or a cleaning business, with her income tax at the end of the year, or just on life period.

Mrs Dauzat it's been 16 months since she got tookin off my visit list. All I ask is you treat me fair like you do everyone else. Don't single me out, and treat me differently. Also like I said, let me know what me and her are doing wrong. And it will stop, my word as a man. Also can you please unblock my sis Shamariah Ramson phone number again. 504-930-1887. They blocked it in Aug 13, 2024 for me getting a write up for her making 3 way calls. Like I said Mrs. Dauzat these people are my family that I have built these pass 18 years over here. I don't got a lot of family left that stays in contact with me as you can see. So please work with me. I ain't a bad guy, thank you for your patience and time. And please see it in your heart to give me a real chance like you do everyone else. Stop using my past against me. My past will alway be there.

Sincerely, Arthur Basaldva
#531174

P.S. Please fix these problems.

9. Sanctions "updated USOPP's" Exhibit "A"
effective January 6, 2025
DWCC - Unit spific for offender Posted Policy#
007 Inmate Drug and Alchol Testing

b. A finding of guilt by the Disciplinary Board for a Contraband rule violation that resulted from a positive drug screen, a positive breathalyzer test, possession of illegal drugs or alcohol, or who refused to submit to a drug or alcohol test will result in monthly drug or alcohol testing, at the inmate's expense, for a minimum of six months. Monthly drug/alcohol testing is not a disciplinary penalty.

c. Restitution in the amount of the actual cost of the drug test will be obtained from the inmate's account when the test results are positive and after a finding of guilt by a Disciplinary Board following a full due process hearing. Restitution is not a disciplinary penalty.

d. Any inmate who pleads guilty or has been found guilty of a Schedule B Disciplinary Rule violation for one or more of the following reasons shall be subject to non-contact visits for a minimum of six months. Such restriction must be formally reviewed by an appropriate Board at a minimum of every six months.

- Possession of any drug or drug paraphernalia;
- Producing a positive or adulterated urine sample;
- Refusal or substantial delay to provide a urine sample;
- Positive breathalyzer test;

NOTE: Violations of this Posted Policy are subject to the appropriate disciplinary actions as described in the Disciplinary Rules and Procedures for Adult Inmates. Inmate Drug and Alcohol Testing USOPP #007

**Comments:** updated entire USOPP – previously stated not unit specifics; Updated Dept. Reg. numbers and ACA standards; changed offender to inmate

" This USOPP supersedes USOPP #007 dated 09/01/2009 and approved 01/06/2025 "

**DWCC - UNIT SPECIFIC FOR**
OFFENDER POSTED POLICY #013

| | |
|---|---|
| SUBJECT: | Prohibition on Possession of Federal/State Income Tax Forms |
| REFERENCES: | Department Regulation No. OP-C-6, "Prohibition Against Federal/State Income Tax Forms", OP-C-1 Attachment A Disciplinary Rules and Procedures for Adult Inmates |
| APPLICABILITY: | All Inmates |
| DOPP EFFECTIVE DATE: *(of Department Offender Posted Policy)* | 08/30/2016 |

**Unit Body:**

**A.** If an inmate has a legitimate tax return to file, he may secure the necessary forms through his classification officer. Forms issued to inmates will be logged and initialed by

To: Visitation Dept. 

Date: 2-11-2025

FROM: Arthur Basaldua
#531174
N.Y.C.2

On Nov 13, 2024 I got a memo from the Warden Office, investigation Unit, and Visitation Dept. that my visitation was being temporarily suspended. Dealing with a internal investigation. I am writing to see if my visits have been reinstated? Can you ~~ples~~ please let me know something. Thank you.

Arthur Basaldua
531174
N.Y.C.2

This is the last information that the visitation office has recieved. We have not recieved anything new regarding this matter.

Magt Wyman

C/C: To Lawyer

To: Visitation Dept.



Date: 3-5-25

From: Arthur Basaldua
531174
N.4.C.2

To whoever this may concern,

I am writing to see if there is any change in my memo from Nov. 13, 2024 from your Department, Warden Dauzat, and Investigation Department that my visitation privileges and my phone privileges where being temporarily suspended. Dealing with a internal investigation. I wrote your department on 2-11-25 about this matter, and some one sent me the same memo I recieved on Nov. 13, 2024; saying that was the last information that your office recieved. Is there any update since then? Can you let me know some thing?

Thank You,
Arthur Basaldua
531174
N.4.C.2

C/C: To Lawyer
'ut in Farm mail
3-5-25

To: Visitation Dept. Date: 4-30-25

From: Arthur Basaldua
531174
N.3.A.13

12 of 25

RECEIVED
MAY 02 2025

To whoever this may concern,

I would like to see if my visitation are reinstated yet? I talk to Warden Dauzat on 4-22-25 and she said I was going to get my privileges back. I got my phone privileges back and today I got my correspondence back I see because I got a ~~[illegible]~~ Jpay email. But I never got no memo. I talk to Warden Malcomln Tuesday and he said he believes I got all my privileges back, so that is why I am writing to see if your Dept. got any memo? Can you please let me know something please.

Thank You, Arthur Basaldua
531174
N.3.A.13

At this time visitation priveleges have Not been reinstated. Just phone and Correspondence's
Msgt Lyman
Visitation

To: Visitation Dept.
DWCC

Date: July 8, 2025

From: Arthur Basaldua
531174
N·3·A·13

To whoever this may concern,

I would like to see if there is any update on my visits being reinstated again? My visits have been suspended since Nov 13, 2024 and the last time I wrote your Dept. was 4-30-25. It has been over 70 something days now so I would like to see if my friends and family can come again? If not who should I contact about this matter? Can you please let me know something. Thank you for your patience and time.

Sincerely, Arthur Basaldua
#531174
N·3·A·13

c/c:

To my knowlege your visitation is Still Suspended. If you'd like you can wright to Warden Dauzat to See if anything is Changing

Msgt Wyman
Visitation

CASE NUMBER: DWC-2025-0600

FIRST STEP RESPONSE FORM (FIRST STEP RESPONDENT)

TO: BASALDUA, ARTHUR 531174

N4C
Living Quarters

Response to request dated 8/20/25, received in this office on 09/24/2025

I have reviewed your grievance concerning the loss of your visiting privileges. You claim that your visiting privileges were revoked administratively prior to being found guilty of a rule violation, and that you have served nine consecutive months on loss of visiting privileges. Upon review, your visiting privileges were suspended in accordance with policy following disciplinary action, and the time served corresponds with the imposed sanctions. Your visitation privileges were originally suspended in November of 2024 pending an internal investigation. Phone and correspondence privileges were subsequently reinstated in April of 2025 and you were moved to Preventative 2 in an attempt to positively progress forward. These privileges were suspended again on July 18, 2025, due to continued attempts to violate institutional rules and regulations. However, you are still permitted to maintain communication with your wife, sister, and mother through approved correspondence and telephone calls. Since the most recent suspension, efforts have been made to allow you to maintain close relationships. For example, a special two-day visit with your wife was approved by Warden Dauzat in October 2025. All remaining issues raised in your grievance are disciplinary in nature and were properly addressed through the established disciplinary process. You have not provided any tangible evidence to substantiate your claims, nor have you offered any credible information to disprove or reflect uncertainty of staff actions. Due to the above mentioned, your grievance is deemed to be without merit, and no further administrative intervention is planned at this level.

Prepared by: [signature]
Dakota Nalitt, Assistant Warden

11.6.25
Date

Brenda Acklin, dw
Unit Head

Instructions to Offender: If you are not satisfied with this response, you may go to Step Two by checking below and forwarding to the ARP Screening Officer in the manila envelope within 5 days of your receipt of this decision.

(✓) I am not satisfied with this response and wish to proceed to Step Two.

Reason: I wrote on two long sheets of paper my reasons. I also enclose exhibits of memos of 7-18-25 and 11-13-24, Appeal Decision of 11-13-25, Employee policy # 02-01-032, two write up from 7-18-25, and two pages from letter I wrote ~~[illegible]~~ Dauzat 7-13-25

11-09-25
Date

Arthur Basaldua 531174
Offender's Signature DOC#

To: Warden Dauzat
DWCC

From: Arthur Dasaldua
531174
N.Y.C. II

Date: 10-22-2025

Dear Ms. Dauzat,

The reason why I am writing you is because Department Regulation No. OP-C-9 states that reinstatement of visiting privileges for visitors who have been removed from visiting lists shall only be considered upon written request from the offender and in accordance with with this regulation.

Warden Dauzat it has been since March 2024 since you suspended Ashley Collins off my visitation list for an on going investigation. Warden Dauzat this is my problem and the reason why I am fighting you on this. If I did all that investigation said me and Ashley did, I am talking about Col. Hauley reports from ARP case # DWCC-2024-0147 on 4-24-24 and 5-28-24 ARP Case No. DWCC-2024-0273. Why wasn't I ever brought to DB Court with a rule violation? These are some serious allegations. Don't you think?

Ms. Dauzat this is what I am asking you, I need you to do what is right, don't just fuck over me because you feel like you can. Yeah I got written up on bullshit write ups. You see if I get caught up I take what ever I got coming. But I am not ok on having people lie on me and you take it and think their word is creditable. For what ever reason people use me up to get what they want, transferred to another prison or to the North side, what ever the case may be.

I am asking you give me a real chance. I give you my word you won't hear any one tell you I am violating, the rules. But I don't and won't go to population any more. You can keep me right here as long as you want in N.Y.C tier, as long as when you feel I am ready, you move me to a CCR tier. I am not trying to go to P2 or P3. It don't make no sense to be around all those other

People and get the same results. I don't mind being around the less people possible on a tier. I also want to work on my case to try and give this life sentence back and try and do a college correspondence the next few years. So can you please put me in CCR.

Also Ms. Dauzat I am asking you to reconsider allowing me my visits, phone, and correspondence with Ashley Collins. From this day forward I give you my word me and ~~Ashley~~ Ashley will not make you think twice about what we are writing or talking about. or anyone else for that matter. I never got a write up for any of this that is why I filed ~~any~~ all the ARP's. But I don't want to sue you to get her back on my list. I want us to work it out, between me and you. I want to concentrate first and for most on giving my ~~case~~ life sentence back and also getting a degree for to prepare me for society. Can you please rethink this? I won't make you regret it I promise. She is my friend Ms. Dauzat, but more like my family.

Ms. Dauzat I also wanted to ask you is there any way when you put me in CCR or me being right here in N.4 can I arrange to marry my wife? I've been wanting to but COVID happened and I been in the cells 3 years now. I love her Ms. Dauzat but I do have other female friends. But she is my wife, and who I am going home to. So can you please help me.

Like I say I give you my word I will not bring any ~~other~~ contraband in to your prison. You said you don't know if you can take my word. All you have to do is give me that chance. And I will show you. Actions speak louder then words. All I ask let me get my privileges back to normal, and let me have Ashley Collins in my life again. You gave Telly that chance, let me get that chance, And like I said when you feel like I deserve to get my privileges back put me on CCR not P2. I will wait here. But please let me know something, because if not I have to keep going forward with my suit. I don't want to, but I may have no choice. please think about this, Ms. Dauzat, and get with me, in a timely matter. Thank you for your patience and time.

Sincerely, Arthur Basaldua
531174
N.4.C. 11

# MEMO

TO: ARTHUR BASALDUA, 531174 – N4C

FROM: SARAH NALITT

Legal Liaison

DATE: November 12, 2025

RE: ARP DWCC-2025-0600

Your request to have the above referenced Administrative Remedy Procedure (ARP) sent to the Secretary has been received.

The necessary documents have been sent to the Secretary for review.

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
CORRECTIONS SERVICES

CASE NUMBER: DWCC-2025-0600

SECOND STEP RESPONSE FORM
(HEADQUARTERS)

TO: BASALDUA, ARTHUR 531174
Offender Name and Number

DWCC
Living Unit

Received in this Office on 11/14/2025:

Your request for an Administrative review of ARP# DWCC-2025-0600 has been received. A qualified member of the Headquarters staff has reviewed your request in order to render a fair and impartial response.

Your allegations have been considered. There is no reason to doubt the credibility of the information provided in the first step response. You have failed to provide any evidence to substantiate your allegations or that would cause us to believe otherwise. The first step response provided is clear and concise, as well as has addressed your request appropriately. As such, this office concurs with staff and finds no further investigation warranted. The statements you made in your request to proceed to step two were found to have no merit as the first step response addressed your allegations..

Your request for relief is denied.

1-13-26
Date

Secretary's Signature or His Designee

Received ON 1-21-2026
At 3:35 AM
By: Capt. ~~[illegible]~~ K. Taylor
N.4.C.11

DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS
STATE OF LOUISIANA
DAVID WADE CORRECTIONAL CENTER

JEFF M. LANDRY
GOVERNOR

GARY E. WESTCOTT
SECRETARY

November 12, 2025

TO: Arthur Basaldua #531174

FROM: Michele Dauzat
Warden

RE: Visitation Privileges

This is to notify you that the request for review of visitation privileges has been evaluated. At this time there will be no changes made to your visitation privileges. If you would like to request a special visit with Lisa Basaldua (Sister), Lillian Basaldua (Mother), or Aurora Marroquin (Emergency Contact), one may be submitted through the proper channels. If you have any questions, please forward them to the Warden's Office.

Michele Dauzat
Warden

670 BELL HILL ROAD ⚜ HOMER, LA 71040 ⚜ (318) 927-0400 ⚜ FAX (318) 927-0433 ⚜ WWW.DOC.LOUISIANA.GOV

AN EQUAL OPPORTUNITY EMPLOYER

To: Visitation Department
DWCC

From: Arthur Basaldua
#531174
N.4.C.11

Date: 10-21-2025

To who ever this may concern,

The reason why I am writing is to check and see if the warden Mrs. Dauzat has reinstated my visits and I just never got the memo. My visits has been suspended since Nov. 13, 2024. The last time I wrote your department was on July 8, 2025 my visits where still suspended.

Can you please let me know what is going on, thank you for your patience and time.

Sincerely, Arthur Basaldua
531174
N.4.C.11

C/C: To Lawyer

At this time your visitation has not been reinstated. ① Warden Dauzat will send a letter to you if your status changes. Msgt Lyman Visitation

P.S. If you have any further questions direct them to the warden's office.

Must Return To Law Library

STATE OF LOUISIANA
DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
CORRECTIONS SERVICES

**Department Regulation**
**No. OP-C-9**

**20 June 2023**

**OPERATIONS**
**Offender Rules and Discipline**
**Offender Visitation**

1. **AUTHORITY:** Secretary of the Department of Public Safety and Corrections; La. R.S. 36:404.

2. **REFERENCES:** La. R.S. 9:364.1, 14:54.3(C), 14:110, 14:402, 15:541, 15:833(A), and 46:1951 – 1953; ACA Standards 4-4142, 4-4156, 4-4169, 4-4267, 4-4169, 4-4275, 4-4285, 4-4429, 4-4498, 4-4499, 4-4499-1, 4-4500, 4-4501, 4-4503, and 4-4504 (Adult Correctional Institutions) and 2-CO-5D-01 (Administration of Correctional Agencies); Department Regulation Nos. AM-F-3 "Equal Employment Opportunity" IS-B-2 "Classification Plan," OP-C-1 "Disciplinary Rules and Procedures for Adult Offenders," OP-C-13 "Administrative Remedy Procedure," PS-E-1 "Faith-Based Programs and Services," PS-A-1 "Offender Organizations," HCP36 "Effective Communication with the Hearing Impaired," AM-C-2 "Offender Banking," OP-C-10 "Attorney Visits," PS-H-2 "Victim-Offender Dialogue," OP-B-7 "Institutional Riots, Major Disturbances and Hostage Situations," and OP-A-10 "Searches of Visitors."

3. **PURPOSE:** To establish the protocol through which offenders may receive visits from persons outside the Department in order to preserve family ties and relationships in the community while maintaining safe, secure and orderly management and operation of the institution.

4. **APPLICABILITY:** Deputy Secretary, Chief of Operations, Communications Director, Regional Wardens and Wardens. Each Warden shall be responsible for ensuring that appropriate unit written policy and procedures are in place to comply with the provisions of this regulation and for conveying its content to all offenders, affected employees and visitors.

5. **POLICY:** It is the Secretary's policy that authorized visitation be permitted at each institution and that each institution conducts the visiting process in accordance with this regulation and with as much uniformity and consistency as possible while considering the institution's physical limitations and security needs. Thus, the visiting process shall not overly tax the institution's resources or its ability to maintain adequate supervision and security. In this matter, as in all others affecting institutional operations, safety and security are the primary considerations. Additionally, maintaining offenders' ties with the community, including their family and loved ones, is vital to the carrying out of the Department's mission to successfully reintegrate offenders into society. Any restrictions placed on visiting privileges pursuant to this regulation shall be rationally related to legitimate penological interests.

Return back to Law Library

iii. The following sex offenders may be authorized to visit with any minor child at the discretion of the Warden or his Designee:

a) Offenders who have successfully completed or are participating satisfactorily in sex offender treatment. (Treatment staff who teach the sex offender treatment class shall be involved in the decision-making process for this type of visit.)

b. Establishing and Maintaining Visiting Lists Between Incarcerated Sex Offenders and Minors

i. The legal guardian shall submit a written request to the Warden and shall accompany the minor child during the visit. The legal guardian may be permitted to name another individual (other than the legal guardian) who is on the offender's visiting list to accompany the minor child for a visit. The legal guardian shall provide a written, notarized statement authorizing a specific individual to accompany the minor child.

Q. Emergency Situations during Visitation

If the Warden determines an emergency exists or is likely to develop, the Warden may suspend visitation. If visitation is suspended, all visits and visiting activities shall be immediately terminated and visitors escorted from the facility. (See Department Regulation No. OP-B-7 "Institutional Riot, Significant Disturbance and Hostage Situation" for additional information.)

R. Restriction of an **Offender's** Visiting Privileges

1) Noncontact Visiting:

a. Offenders who are housed in segregated housing shall be limited to noncontact visiting when the institution's space and personnel resources permit.

b. Any offender who pleads guilty or has been found guilty at a Disciplinary Board hearing of any of the following for the first time shall be subject to noncontact visiting for up to six months, to be determined by the Warden or designee who shall be an Assistant Warden or higher specified by facility policy:

i. Violation of Disciplinary Rule No. 21, Sex Offenses, Aggravated;

ii. Assault on staff; or

iii. Any Schedule B Disciplinary Rule violation that occurs in the visitation area.

c. Any offender who pleads guilty or has been found guilty at a Disciplinary Board hearing of any of the following for the second or more time within the past five years shall be subject to noncontact visiting for a up to one year, to be determined by the Warden or designee who shall be an Assistant Warden or higher specified by facility policy:

i. Violation of Disciplinary Rule No. 21, Sex Offenses, Aggravated;
ii. Assault on Staff; or
iii. Any Schedule B Disciplinary Rule violation that occurs in the visitation area.

2) Suspension of Visiting:

a. Any offender who pleads guilty or has been found guilty at a Disciplinary Board hearing of a rule violation directly related to visitation may be subject to suspension of visiting in accordance with OP-C-1 "Disciplinary/Sanctions Matrix" and "Offender Rule Book." Offenders shall not be subject to suspension of visitation as a sanction for a rule violation unrelated to visitation.

b. No offender shall be subject to suspension of visiting for 6 consecutive months without the approval of the Chief of Operations. In no event shall an offender be subject to suspension of visiting for 12 consecutive months.

c. An offender who is currently subject to suspension of visiting may be granted a special visit, as outlined above in section 8.K of this regulation.

4) The Warden or designee, who shall be an Assistant Warden or higher specified by facility policy, shall ensure that at the conclusion of an offender's restriction of visiting privileges (noncontact visiting or suspension of visiting), the offender's visiting privileges are reinstated.

NOTE: See OP-C-1 "Offender Rule Book" and "Disciplinary/Sanctions Matrix" for a full description of each disciplinary rule.

S. Restriction of a **Visitor's** Visiting Privileges

1) Suspension of Visiting

a. Any visitor who introduces contraband into or upon the grounds of an institution, including inside personal vehicles, or commits any illegal activity on the grounds of an institution shall be subject to suspension of visiting at the discretion of the Warden or designee. The suspension of visiting may be temporary (removal from visiting list for a fixed period of time) or indefinite (removal from a visiting list for an undetermined amount of time), depending upon the severity of the offense and at the discretion of the Warden or designee.

For the purposes of this regulation, the Warden's designee shall be an Assistant Warden or higher specified by facility policy.

b. Suspension of a visitor's visiting privileges at a particular institution shall include suspension of a visitor's visiting privileges at all Department facilities.

c. Procedures for Suspension of Visiting for a Visitor:

   i. The Warden or designee shall review the visitor's offense(s) and determine if the visitor's suspension of visiting privileges is temporary or indefinite;
   ii. The Warden or designee shall notify the visitor in writing that he has been removed from all applicable visiting lists, the reason why, whether the removal is temporary or indefinite, and that he may appeal the suspension of visiting in writing to the Secretary within 15 calendar days of the Warden's notification;
   iii. If the visitor exercises this appeal right, the Secretary or designee shall review the appeal and investigate, as appropriate, within 30 days of the appeal letter. The Warden or designee may submit a report to the Secretary setting forth any information that he feels may assist in making the decision. The Secretary or designee shall render a written decision granting or denying the appeal and shall notify the visitor and the Warden of the decision in a timely manner.

d. Procedures for Reinstatement of a Visitor's Visiting Privileges:

   i. Reinstatement of visiting privileges for visitors who have been removed from visiting lists shall only be considered upon written request from the offender and in accordance with this regulation.
   ii. Reinstatement of visiting privileges for visitors who have been removed on a temporary basis shall only be considered after the fixed period of time for the removal has elapsed or in accordance with the Secretary's decision upon appeal.

NLC. 11

FORM OP-C-1-a
23 February 2023

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
DISCIPLINARY REPORT

INSTITUTION: **David Wade Correctional Center**

| 1. Name of Inmate | 2. Number | 3. Date of Incident | 4. Time of Incident |
|---|---|---|---|
| **Arthur Basaldua** | **531174** | **18 July 2025** | **Approx. 0815** |

| 5. Place of Incident | 6. Job Assignment (Inmate) | 7. Housing Assignment (Inmate) |
|---|---|---|
| **Investigative Office** | **U/A** | **N4 C-Tier** |

| 8. Rule Violated | 9. Rule Number |
|---|---|
| **Bribery of Coercion** | **#37** |

10. Description of Incident (Include all relevant information – "unusual inmate behavior, staff witnesses, physical evidence & disposition, immediate action taken, including use of force"). Use other side, if necessary.

On the above date and approximate time, it was determined through the information provided by numerous confidential informants that inmate Authur Basaldua #531174 has made several attempts to circumvent the rules and regulation of DWCC in an effort to smuggle contraband into the facility. Inmate Basaldua was propositioned various inmates to assist with trafficking drugs into the facility. Inmate Basaldua has provided restricted numbers to inmate in an effort to reach civilians that he has been prohibited to communicate with over the telephone. Inmate Basaldua was offered the use of inmate telephone, seen by medical and placed on investigative segregation.

11. Inmate Placed in Administrative Segregation ☒ Yes ☐ No

12. Signature of Reporting Employee [signature]

13. Name, Title, Assignment (Print) Rankin Krane Major Investigations

14. Date of Report **21 July 2025**

15. Time of Report **0915**

16. Report (copy) given to above Inmate by: [signature] Michael Calley 21 July 2025

17. Inmate's Signature [signature] Arthur Basaldua

18. Plea by Inmate: ☐ Not Guilty ☐ Guilty

19. Verdict: ☐ Not Guilty ☐ Guilty

20. Date of Hearing: 25 July 25

21. Counsel Substitute: W. Austin DOC #: 504845

22. Disciplinary Court Motions: Refer to Form OP-C-1-b.

23. Reasons For Disposition:
- ☐ Report is clear and precise. ☐ Lack of credible defense/little or no defense. ☐ Based on inmate's statement.
- ☐ The officer's version is determined to be more credible than the inmate's. ☐ Pled guilty/accepted guilty plea.
- ☐ Only defense is denying contents of report. ☐ The inmate presented no evidence to refute the charges.
- ☐ The investigative officer's testimony was deemed more truthful and accurate than the inmate's. ☐ Plea bargain.
- ☐ The inmate's demeanor led the board to believe that the inmate's testimony was untrue.
- ☐ Other

24. Reasons for Sentence:
- ☐ Seriousness of offense ☐ The need to protect the institution, employees or other.
- ☐ Poor conduct record. A total of ________ rule violation(s). A total of ________ Schedule B violations since: ________________.
  A total of ________ # ________ rule violations since ________________.
- ☐ Other: ________________

25. Sentence: ☐ Suspended ☐ Imposed ✓ ________ Days
4 Days Loss of Canteen

26. Sentence: ☐ Suspended ☐ Imposed ________ Days

27. DISCIPLINARY BOARD: After an inmate is found guilty of a disciplinary violation through a formal administrative hearing, the Disciplinary Board may order restitution in accordance with Department Regulation No. OP-C-11 "Imposition of Restitution via the Disciplinary Board."

[signature] ________________
CHAIRMAN (DISCIPLINARY OFFICER)

[signature] K. Rawson ________________
MEMBER

[signature] ________________
MEMBER

FORM OP-C-1-a
23 February 2023

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
DISCIPLINARY REPORT

INSTITUTION: **David Wade Correctional Center**

| 1. Name of Inmate | 2. Number | 3. Date of Incident | 4. Time of Incident |
|---|---|---|---|
| **Arthur Basaldua** | **531174** | **18 July 2025** | **Approx. 0800** |

| 5. Place of Incident | 6. Job Assignment (Inmate) | 7. Housing Assignment (Inmate) |
|---|---|---|
| **Investigative Office** | **U/A** | **N4 C-Tier** |

| 8. Rule Violated | 9. Rule Number |
|---|---|
| **Defiance** | **#3** |

10. Description of Incident (Include all relevant information – "unusual Inmate behavior, staff witnesses, physical evidence & disposition, immediate action taken, including use of force"). Use other side, if necessary.

On the above date and approximate time, it was determined through the information provided by numerous confidential informants that inmate Authur Basaldua #531174 has made several attempts to circumvent the rules and regulation of DWCC in an effort to smuggle contraband into the facility. Inmate Basaldua was propositioned various inmates to assist with trafficking drugs into the facility. Inmate Basaldua has provided restricted numbers to inmate in an effort to reach civilians that he has been prohibited to communicate with over the telephone. Inmate Basaldua was offered the use of inmate telephone, seen by medical and placed on investigative segregation.

11. Inmate Placed in Administrative Segregation ☒ Yes ☐ No

| 12. Signature of Reporting Employee | 13. Name, Title, Assignment (Print) |
|---|---|
| | |

| 14. Date of Report | 15. Time of Report | 16. Report (copy) given to above Inmate by: | 17. Inmate's Signature |
|---|---|---|---|
| **21 July 2025** | **0900** | | |

18. Plea by Inmate: ☐ Not Guilty ☐ Guilty
19. Verdict: ☐ Not Guilty ☐ Guilty
20. Date of Hearing:
21. Counsel Substitute:
DOC #:

22. Disciplinary Court Motions: Refer to Form OP-C-1-b.

23. Reasons For Disposition:
☐ Report is clear and precise. ☐ Lack of credible defense/little or no defense. ☐ Based on Inmate's statement.
☐ The officer's version is determined to be more credible than the Inmate's. ☐ Pled guilty/accepted guilty plea.
☐ Only defense is denying contents of report. ☐ The Inmate presented no evidence to refute the charges.
☐ The Investigative officer's testimony was deemed more truthful and accurate than the Inmate's. ☐ Plea bargain.
☐ The Inmate's demeanor led the board to believe that the Inmate's testimony was untrue.
☐ Other

24. Reasons for Sentence:
☐ Seriousness of offense ☐ The need to protect the institution, employees or other.

☐ Poor conduct record. A total of _________ rule violation(s). A total of _________ Schedule B violations since: _____________________.

A total of _________ # _________ rule violations since_________________________.

☐ Other: ______________________________________________________________

25. Sentence: ☐ Suspended ☐ Imposed _________ Days
26. Sentence: ☐ Suspended ☐ Imposed _________ Days

27. DISCIPLINARY BOARD: After an Inmate is found guilty of a disciplinary violation through a formal administrative hearing, the Disciplinary Board may order restitution in accordance with Department Regulation No. OP-C-11 "Imposition of Restitution via the Disciplinary Board."

_______________________________
CHAIRMAN (DISCIPLINARY OFFICER)

_______________________________
MEMBER

_______________________________
MEMBER

To: Warden Dauzat
DWCC

From: Arthur Basaldua
531174
N.4.C.11

Date: 10-21-2025

Dear Warden Dauzat,

Hello, well the reason why I am writing you is because I would like to say thank you for the special visit with my wife. We really needed that. It's been a while. Ms. Dauzat it will be a year now since I lost my visitation privileges. Nov. 13, 2024 was the date I lost my visit and you never gave me back my visits. The last time I wrote visitation Department was July 8, 2025 and they said ~~mp~~ mine is still suspended to their knowledge. If I'd like I could write you to see if anything has changed. So I wrote you on 7-13-25 dealing with my visits. I asked you twice now to show me the memo that the chief of operations has approved the continued suspension.

Also Dept. Reg. No. OP-C-9 states that "In no event shall an offender be subjected to suspension of visiting for 12 consecutive months. Nov. 13, 2025 ~~wh~~ will be 12 months. I also wrote you 9-22-2025 asking you could you send me the memo that the chief of operations has approved the continued suspension of visitation past 6 months. To make it legal to continue my suspension of visitation privileges. Especially when your memo you sent me Nov. 13, 2024 was for an internal investigation. You said the suspension of my visitation privileges will be reviewed pending the outcome of the internal investigation. Ms. Dauzat that investigation did not come up with anything that I violated any department rules. You came and seen me April 22, 2025 gave me my phone privileges back that day and made sure I was allowed to call my wife. You put me on a emergency review board the next day April 23, 2025 and moved me up to P2 that same week. I also got my correspondence back. But never my visits. Now I am doing my due diligence in seen what is going on. Please let me know what is going on. Thank you for your patience and time.

Sincerely, Arthur Basaldua
531174
N.4.C.11

C/C: To Lawyer

To: Warden Dauzat                                        Date: 9-22-2025

From: Arthur Basaldua
#531174
N.4.C.11.

Dear Warden Dauzat,

I am writing you for the second time this month. I wrote you on 9-2-25 to see if I can get a special visit with my wife Aurora Marroquin for the week-end of Sept. 19 & 20, 2025. But I never got any response. My wife told me to put it in again, so here I am. I am asking again to see if I can get the days approved for Oct. 17 & 18, 2025 for my wife can come and see me. The last time I got a visit was May 30 & 31, 2025.

Also Warden Dauzat can you please send me a copy of the Memo of the Chief of Operations approval for the continuance of these suspension of visits. Because my visits have been suspended since Nov. 13, 2024, and after 6 months the Chief of Operations has to approve it. Per Department Regulations No. OP-C-9. It has been over 10 months now, with my visits suspended, but you never showed me anything that after 6 months the Chief of Opperations has ever approved it, per posted policy. Thank you for your patience and time

Sincerely Yours Truly,
Arthur Basaldua
#531174
N.4.C.11

C/c: To Lawyer

# DAVID WADE CORRECTIONAL CENTER

670 Bell Hill Road
Homer, LA 71040
PHONE 318-927-0400

JEFF LANDRY
GOVERNOR

GARY E. WESTCOTT
SECRETARY

MICHELE DAUZAT
WARDEN

DWCC Form: #235

DATE: SEPT. 30, 2025

## SPECIAL/EXTENDED VISIT APPROVED

| TO: | ARTHUR BASALDUA | # 531174 | N4-C |
|---|---|---|---|
| | INAMTE NAME | NUMBER | HOUSING |

RE: SPECIAL VISIT FOR OCT. 17-18, 2025

YOUR SPECIAL/EXTENDED VISIT WAS APPROVED WITH THE FOLLOWING NAMED INDIVIDUAL(S).

1. AURORA MARROQUIN

STIPULATIONS:

DENIAL REASON:

MSGT J WYMAN
VISITATION OFFICER

DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS
STATE OF LOUISIANA
DAVID WADE CORRECTIONAL CENTER

JEFF M. LANDRY
GOVERNOR

GARY E. WESTCOTT
SECRETARY

18 July 2025

To: Arthur Basaldua #531174

From: Michele Dauzat

Warden

Re: Suspension of Phone, Correspondence, and Visitation Privileges

This is to notify you that your phone, correspondence, and visitation privileges have been suspended until further notice, effective immediately. This action is being taken as a result of your continued attempts to violate the institutional rules and regulations as indicated by your recent rule violations.

In an effort for you to maintain some family contact, you may continue to contact Lisa Basaldua (Sister), Lillian Basaldua (Mother), and Aurora Marroquin (Emergency Contact) via correspondence and telephone and receive your legal mail in the same manner you have been receiving it. Special visitation requests for the visitors listed above will be reviewed on a case-by-case basis. Each request will be carefully evaluated and responded to accordingly.

Sincerely,

Michele Dauzat

Michele Dauzat
Warden

JG/bt

xc: Secretary Westcott
Chief Smith
Support Colonel
Visitation File
Offender's File

Administrative Remedy Procedure

Arthur Basaldua
#531174
N.Y.C.11 8-30-25

Date of Incident: 6-17-25
Location of Incident: N.3.A.

On 6-15-25 I wrote this letter to Warden Dauzat as you see on "Exhibit A" I am including with this ARP. I put this letter in the mail box on 6-16-25 on Monday morning for breakfast time. I will show that Warden Dauzat has been retaliating on me and weaponizing the investigation unit to harass me for complaining through the proper channels about their misconduct, Warden Dauzat is violating my First Amendment Right for using the grievance system as I will show. This is a on going situation, dealing with Warden Dauzat and investigation unit.

So on 6-15-25 when the call-out sheet was passed around down the tier, that shows who got a call-out for that week. This was Sunday night. I seen my name was not on the call-out for the Review Board for that week 6-18-25. So I wrote this letter to Warden Dauzat to explain to her that my days for my Review Board would be over the 60 days. If I had to wait until the following week Review Board on 6-25-25. I explained to Warden Dauzat that I had since Dec 13, 2024 without a write up and now I have to do over 60 days to be on the Review Board. I also explained to her that while I was in P1 in N.4 unit there would be two or three times I needed 3 or 4 days to be 60 days write up free. But they would put me on the review board 50 something days just for they can get another 60 days out of me on P1. Now that I had over 6 months write up free and I complain about it through the proper channels to Warden Dauzat. I get a write up the next day 6-17-25, from the investigation unit Mr. Krouse Major. I want to make this clear this has nothing

to do with disciplinary and all to do with the continued harassment and retaliation, and pattern of abuse of Authority & Power by Warden Dauzat and Investigation unit. Major Krouse said 6-16-25 he all of a sudden was monitoring my phone calls. I will show this is a lie. On May 18, 2025 I called this number on my phone list. He said I was in a phone call in progress when I had the female go to another room and put a unidentified female on the phone. That is true. He wrote me up for Rule #30 General Prohibited Behaviors (Schedule A) a lower court write up.

The thing is this call was on a Sunday 5-18-25 as you see "Exhibit B" the write up. I was on Preventative Segregation 2 in N-3 at this time. We use the phone on A tier Sunday & Mondays. So I made that call 5-18-25, so when I tried to call that number on Monday 5-19-25 that number was blocked off my phone list. If you do a systematic check you will see when the number was blocked, way before 6-16-25. So that is why I say Major Krouse is lying, is because the investigation monitor my calls every week because my back round. Major Krouse told me on 4-22-25 when he came with Warden Dauzat to talk to me, that he will investigate for the whole time I am at David Wade. And when I made that call on 5-18-25 and I tried to call again it was blocked. It is all because the investigation unit monitor's my calls. So this will show that warden Dauzat is weaponizing the investigation Unit to retaliate on me with these bogus write ups, to be able to isolate me and deny me the review board, to keep me from moving up where I have more privileges.

Warden Dauzat is violating my Eighth Amendmen Right to cruel and unusal punishment because the conditions she has me living in constitute mental torture, in inhumane conditions for the pass 22 months and on going now with minimal property and little to no meaningful social interaction and environmental stimulation. Warden Dauzat is causing to retaliate by

Weaponizing with the Investigation by using these write up to social isolation, and enforced idleness for extreme and long indefinite priods of time, since I've been at David Wade.

Warden Dauzat is also violating my Equal Protection Rights to the 14th Amendment. By treating similarly situated inmates differently then me. If you do a systematic check on Leroy Bird #608855 from April to June he got a write up for making too many phone calls, him and about 9 other inmates went to DB Court together for phone calls, on N-3 Unit. And every one made the review board including Leroy Bird, they told him don't worry about that write up. I went to the Review Board on 6-20-25 and was denied by Warden Dauzat. I am trying to show a pattern of discrimination dealing with these write ups. It is a on going sitution for me with Warden Dauzat. So what Warden Dauzat is telling me is every other inmate can call their mom and if their mom is by their family members house and that inmate wants to talk to his kids, cousins, Aunt's, or Uncles they can. But when it comes to me I can't, even though I ain't talking about breaking the rules.

I am asking Warden Dauzat to quit weaponizing the investigation Unit to retaliate against me, with these frivolous write ups just to keep me from moving up to the next level, while letting similarly situated inmates get the same write ups, and granting them for reassignment to the next level. I understand I get write ups, but these write up are so small to keep me in a cell for 22 months now. while other similarly situated inmates get these same write ups and get moved up all the way to population.

## Relief Desired

1.) No retaliation for this ARP
2.) $200 day for ~~violation~~ violating my constitutional rights for retaliation on me.
3.) Ship me to another DOC prison.
4.) Have Warden Dauzat quit retaliating on me for using the grievance system, and for writing her legitimate correspondence complaining to her dealing with certain misconduct she is allowing investigation Unit to harass me.

C/C: To Lawyer

8-30-2025

Arthur Basaldua #531174
Arthur Basaldua #531174

To: Warden Dauzat Date: 10-15-2025

From: Arthur Basaldua
531174 . N-3-A-13

"Exhibit A"

Dear Mrs. Dauzat,

The reason why I am writing is because I want to see why I am not on the Review Board this Week, 6-18-25. I made the board 4-23-25 to P2 so this week would make 56 days.

The Department Regulation No. OP-C-1 Offender Rules and Disciplinary Rules June 6, 2024 book states the following: In ch. 2 Disciplinary Procedures General Procedures: The Applicable Review Board shall review the status of inmates who are in Preventative Segregation at least "every 60 days!" what I don't understand every time I go for board this happens.

Mrs. Dauzat My 14th Amendment right to Equal Protection is being violated. Because every similarly situated inmates are being treated differently dealing with this review board. I brought this same claim up in my ARP. I've been here 19 months and every time I go to review board while in N-4 I would get brought up to the board a few times before my 60 days no write up free time to make the board. I would only need 3 or 4 days to be write up free. But still be brought up

50 to 50 something days before my 60 days to make the board. I would get denied. Now I have since Dec. 13, 2025 without a write up and now I have to do over 60 days be for I get put on the review board. How does that work mrs. Dauzat. Every similarly situated inmate on the South compound always goes up to board before their 60 days, just like it states in Dep. Reg. No. OP-C-1 states for Preventative Segregation. Can you please add me to the emergency board. Thank you for your time and patience.

Sincerely Yours,
Arthur Basaldua
531174
N-3-A-13

C/C: To Lawyer

Received 6-17-25
1:00 p.m.

FORM OP-C-1-a
23 February 2023

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
DISCIPLINARY REPORT

"Exhibit B"

INSTITUTION: David Wade Correctional Center

| 1. Name of Inmate | 2. Number | 3. Date of Incident | 4. Time of Incident |
|---|---|---|---|
| ARTHUR BASALDUA | 531174 | MAY 18 2025 | 1358 HRS |

| 5. Place of Incident | 6. Job Assignment (Inmate) | 7. Housing Assignment (Inmate) |
|---|---|---|
| N3A | UNASSIGNED | N3A |

| 8. Rule Violated | 9. Rule Number |
|---|---|
| General Prohibited Behaviors (Schedule A) | Rule #30 |

10. Description of Incident (Include all relevant information – "unusual Inmate behavior, staff witnesses, physical evidence & disposition, immediate action taken, including use of force"). Use other side, if necessary.

**On 16 June 2025, I, Major Phillip Krouse, was monitoring Inmate Arthur Basaldua's #531174 phone calls. On 18 May 2025, at approximately 1358 hours, Inmate Basaldua called 1(225)329-5354. Inmate Basaldua #531174, already ha a phone call in progress with the above number when Inmate Basaldua had the female go to another room and put : unidentified female on the phone. Inmate Basaldua could clearly be heard conversing with another individual durir the duration of the phone call. Rule #30- Any behavior not specifically enumerated herein that may impair or threater the security or stability of the unit or well-being of an employee, visitor, guest, inmate, or their families.**

11. Inmate Placed in Administrative Segregation ☐ Yes ☒ No

| 12. Signature of Reporting Employee | 13. Name, Title, Assignment (Print) |
|---|---|
| | Phillip Krouse, Maj, (Investigations) |

| 14. Date of Report | 15. Time of Report | 16. Report (copy) given to above Inmate by: | 17. Inmate's Signature |
|---|---|---|---|
| 16 June 2025 | 1422 Hours | | |

18. Plea by Inmate: ☐ Not Guilty ☐ Guilty
19. Verdict: ☐ Not Guilty ☐ Guilty
20. Date of Hearing:
21. Counsel Substitute:
DOC #:

22. Disciplinary Court Motions: Refer to Form OP-C-1-b.

23. Reasons For Disposition:
☐ Report is clear and precise. ☐ Lack of credible defense/little or no defense. ☐ Based on Inmate's statement.
☐ The officer's version is determined to be more credible than the Inmate's. ☐ Pled guilty/accepted guilty plea.
☐ Only defense is denying contents of report. ☐ The Inmate presented no evidence to refute the charges.
☐ The Investigative officer's testimony was deemed more truthful and accurate than the Inmate's. ☐ Plea bargain.
☐ The Inmate's demeanor led the board to believe that the Inmate's testimony was untrue.
☐ Other

24. Reasons for Sentence:
☐ Seriousness of offense ☐ The need to protect the institution, employees or other.

☐ Poor conduct record. A total of ______ rule violation(s). A total of ______ Schedule B violations since: __________.

A total of ______ # ______ rule violations since __________.

☐ Other: __________

25. Sentence: ☐ Suspended ☐ Imposed ______ Days
26. Sentence: ☐ Suspended ☐ Imposed ______ Days

27. DISCIPLINARY BOARD: After an Inmate is found guilty of a disciplinary violation through a formal administrative hearing, the Disciplinary Board may order restitution in accordance with Department Regulation No. OP-C-11 "Imposition of Restitution via the Disciplinary Board."

CHAIRMAN (DISCIPLINARY OFFICER)

MEMBER

MEMBER

# Administrative Remedy Procdure

Arthur Basaldua # 531174
N.4.C.11. 9-08-2025

Date of Incident: 6-13-2025
Location of Incident: N.3.A. tier

On 6-11-25 I wrote Mrs. Judy Lofton of Inmate banking at DWCC. See "Exhibit A" the letter. Dealing with $300 Jessica Payton sent me, on 6-6-25. See Memorandum dated 6-11-25, "Exhibit B". I also asked why Ashley Collins was rejected as well, she sent me $300 as well on 5-20-25, see "Exhibit C". As you see in my letter to Mrs. Judy Lofton I stated that Department Regulation No. B-09-003 is being applied wrongly in my ~~situat~~ situation. I explained to her that Jessica Payton is on my visitation and phone list. If you see Warden Dauzat approved Jessica on my visitation list May 15, 2024, it was signed by Lt. Kinsey. See "Exhibit D". As you see Mrs. Judy Lofton wrote me on 6-13-25 and sent my letter back to me, see "Exhibit A". She said she was told to move the money out of my account by Warden Dauzat.

On 7-13-25 I wrote Warden Dauzat a letter, see "Exhibit E". I am only sending the part that is relevent to this issue at hand. The whole letter is in my ARP I filed on 8-20-25 as an Exhibit in my ARP on the record. As I explained to Warden Dauzat, Ashley collins has been sending me money since I got to David Wade. Her first time was 12-21-23, see "Exhibit F". Like I explained to warden Dauzat that Ashley Collins was taken off my visitiation and phone list in March 6, 2024. Her last time sending me money through Jpay was on June 7, 2024, and it was never a problem then. See "Exhibit G" Jpay money receipt.

Also I explained to Mrs. Dauzat that Jessica Payton is on my approved visitation list and phone list. So this Dept. Reg. No. B-09-009 is being applied to me arbitrarily. There is no penological justification for these restrictions. As you see I also told Warden Dauzat that Ashley Collins and Jessica Payton are law abiding citizen's of Louisiana, and Tax payers of Louisiana. They have never been convicted of any kind of felony. I also told Warden Dauzat that I thought we were going to start all

over again. Because she came and talk to me on April 22, 2025 in the N.Y. courtroom with the Major of investigation phillip Krouse. She said we where going to start all over again. And give me a chance.

But all Warden Dauzat has been doing is retaliating on me with different issues, and harassing me. As this issue, for complaining through proper channels about Col. Havley misconduct. Through the exercise of me using my first Amendment Right to use the prison grievance system. I have to show more then a de minimis threshold requirement for retaliation claims. It is well-established that prison walls do not form a barrier seaparating prison inmates from the protections of the Constitution, nor do they bar free citizens from exercising their own constitutional rights by reaching out to those on the inside. I retain those constitutional rights that are not inconsistent with my status as a prisoner or with the legitmate penological objectives of the corrections system. I am showing a pattern of retaliation by warden Dauzat since filing my ARP'S. Warden Dauzat is weaponizing the inmate banking department in a way to retaliate against me. By not allowing me to receive Jpay funds from Ashley Collins and Jessica Payton in this matter, with no penological justification at all. Warden Dauzat is abusing her Power & Authority, by telling Mrs. Judy Lofton to take that money off my account and using Dept. Reg. No. B-09-003 as a means, that is wrongly applied in my situation. I have a right to receive money through Jpay, especially if that person is on my approved visit and phone list. Ashley Collins been sending me money, even after they took her off my visit and phone list as I have shown here. But since I have exercised my First Amendment Right to file A grievance, now it is a problem for Ashley Collins and Jessica Payton to send me money. Warden Dauzat is violating my 14th Amendment right to Equal protection by discrimination. If you do a systematic check in the pass year with prisoners receiving money. You will see similarly situated inmates get treated differently then me. I have spoken to over 20 inmates and they are

allowed to receive money from people not on there visit or phone list. Theirs is not getting refunded or returned ~~the~~ to the sender. Also they are allowed to get money from people on their visit list. It is not getting returned, to Jpay.

Warden is afforded a wide discretion in the application of policies and practies designed to maintain security and preserve internal order. while the prison adminstration may punish, it may not do so in a manner that threatens the physical and mental health of prisoners. Mrs. Dauzat is violating my 14th Amendment Right to Equal protection by treating similarly situated inmates differently then me. Mrs. Dauzat is retaliating on me for exercising my First Amendment Right to file a grievance through the prison system. Mrs. Dauzat is abusing her power & authority and harassing me without Due process. And violating my Eighth Amendmen Right from Cruel and unusal punishment. There is no penological justification for these actions. But other then retaliation by Warden Dauzat.

## Relief Desired

1.) No retaliation for this ARP
2.) $200 a day for violating my constitutional rights
3.) Make warden Dauzat follow DOC policies and procedures
4.) ship me to another DOC prison
5.) Restore these people the right to send me money again, and restore my rights to get money as the DOC Policies allow.

C/C: To Lawyer

Date: 9-8-25

Arthur Basaldua #531174

Arthur Basaldua
#531174

To: ARP Dept.
Sarah Nalitt

From: Arthur Basaldua
531174 · N.Y.C. 11
DWCC

Date: 9-8-25

Dear Mrs. Nalitt,

Hello, how are you? I hope to hear good. Mrs. Nalitt I am writing because I am filing this ARP today with a incident date of 6-13-25. Also I filed 2 ARP's one on 8-20-25 and the other one a week or two later. this one of 8-20-25 is been 19 days and I haven't got a acceptance or rejection. I don't even know if you received it yet. I also wrote you on 8-8-26, and again on 8-26-25 and never got a response from you or your dept. I asked you about some legal ~~[illegible]~~ and adequate assistance, from this department. Now dealing with these ARP's can you please let me know you received them. Because as I said I put them in the mail box, the first one 19 days ago, and still no reply. Just to let me know they where received by your Department.

I put my disciplinary Appeal in the ~~[illegible]~~ Mailbox on 8-7-25 and this Friday night 9-5-25 I received a rejection saying it was received

8-12-25 so it was rejected because it was more then 15 days since the hearing. Mrs. Nalitt aren't Weekends and Holidays excluded? So that is why I would like to know you received these ARP's.

Can you please get back at me or have somebody that job it is from your department to respond to me in a timely matter. Thank you for your time and patience.

Sincerely, Arthur Basaldua
531174
N.Y.C.11

C/C: To Lawyer

To: Mrs. Judy ~~Lofton~~ Lofton
DWCC Inmate Banking

Date: 6-11-25

"Exhibit A"

From: Arthur Basaldua
531174 N.3.A.13
DWCC

Dear Mrs. Lofton,

The reason why I am writing is because I got a memorandum dealing with Jessica Payton sending me $300 on 6-6-25. It says this person is not approved to send me Jpay deposits.

Mrs. Lofton your Department is applying Department Regulation B-09-003 wrongly in my situation. I am asking you to please correct this for me. Jessica Payton is on my visitation list since May 15, 2024 and on my phone list as well.

Do I have to send you a copy of the visitation approval from the Visitation Department? With Warden Dauzat name on it? From May 15, 2024. Form: DWCC 153. Because Dept. Reg. B-09-003 does not apply to me in either situation that you sent ~~refunds~~ my money back to Jpay. I understand Ashley Collins is not on my visitation list, and may be that is why you did it on 5-28-25. But dealing with Jessica Payton there must be a mistake. Please get back at me, Thank you.

C/C: To Lawyer.

Sincerely, Arthur Basaldua
531174
N.3.A.13

I was told to move the money out of your account by Warden Dauzat.
J. Lofton
06-13-25

1

Exhibit B

**STATE OF LOUISIANA**
DEPARTMENT OF
PUBLIC SAFETY AND CORRECTIONS
DAVID WADE CORRECTIONAL CENTER
670 BELL HILL ROAD, HOMER, LA 71040
TELEPHONE 318-927-0400
FAX 318-927-0433

GARY WESTCOTT
SECRETARY

MICHELE DAUZAT
WARDEN

**MEMORANDUM**

Date: 06/11/2025

To: Arthur Basaldua 531174 N3A 1712

From: Judy Lofton
DWCC Inmate Banking

Re: Returned JPay Funds

Departmental Regulation B-09-003 states that funds cannot be sent to offenders from other offenders or the families of other offenders without the prior approval of the Warden. Funds cannot be sent to offenders from ex-offenders or their families, or employees and their families, except to purchase hobbycraft items properly supported by a hobbycraft agreement or other contract approved by the Warden in accordance with Department Regulation #C-03-009 "Sale of Hobbycraft to Employees and Employees' Families".

A deposit of $__300.00____________ received from __Jessica_Payton____________________________ on __06/06/25____________________ was returned for the following reasons:

_______ This is a former offender.

_______ This is a family member of an offender or ex-offender

_________This person is on another inmate's visiting/phone/JPay list.

_______ This is not the correct procedure for purchasing hobbycraft.

____x____This person is not approved to send you JPAY deposits.

The above mentioned funds will be returned to JPAY.

"Exhibit C"

**STATE OF LOUISIANA**
DEPARTMENT OF
PUBLIC SAFETY AND CORRECTIONS
DAVID WADE CORRECTIONAL CENTER
670 BELL HILL ROAD, HOMER, LA 71040
TELEPHONE 318-927-0400
FAX 318-927-0433

GARY WESTCOTT
SECRETARY

MICHELE DAUZAT
WARDEN

**MEMORANDUM**

Date: 05/28/2025

To: Arthur Basaldua 531174 N3A

From: Judy Lofton
DWCC Inmate Banking

Re: Returned JPay Funds

Departmental Regulation B-09-003 states that funds cannot be sent to offenders from other offenders or the families of other offenders without the prior approval of the Warden. Funds cannot be sent to offenders from ex-offenders or their families, or employees and their families, except to purchase hobbycraft items properly supported by a hobbycraft agreement or other contract approved by the Warden in accordance with Department Regulation #C-03-009 "Sale of Hobbycraft to Employees and Employees' Families".

A deposit of $__300.00____________ received from __Ashley_Collins____________________________ on __05/20/25___________________ was returned for the following reasons:

_______ This is a former offender.

_______ This is a family member of an offender or ex-offender
.
_________This person is on another inmate's visiting/phone/JPay list.

_______ This is not the correct procedure for purchasing hobbycraft.

_____x____This person is not approved to send you JPAY deposits.

The above mentioned funds will be returned to JPAY.

"Exhibit D"

# DAVID WADE CORRECTIONAL CENTER

670 BELL HILL ROAD
HOMER, LA 71040
PHONE 318-927-0400

**JEFF LANDRY**
GOVERNOR

**JAMES M. LEBLANC**
SECRETARY

**MICHELE DAUZAT**
WARDEN

**FORM: DWCC 153**

**DATE: May 15, 2024**

***VISITATION APPROVAL***

**TO : ARTHUR BASALDUA — 531174 — N4-C**
**INMATE NAME — DOC — Housing**

**THE FOLLOWING NAME HAS BEEN APPROVED FOR YOUR VISITOR LIST PER YOUR REQUEST:**

**1.JESSICA PAYTON**
**2.**
**3.**

**NIKITA MARK WAS REMOVED PER YOUR REQUEST.**

**NEXT UPDATE : Your next update is schedule for : 9/14/2024**

**LT. T. KINSEY**
**Visitation Department**

"Exhibit E"

Please Mrs. Dauzat can you please make this right?

2.) Second Mrs. Dauzat

On 5-16-25 Ashley Collins sent me $300 and on 5-28-25 I got a memo from DWCC Inmate Banking Judy Lofton. Saying these funds where returned to Jpay. It says this person is not approved to send me JPAY deposits. Under Dept. Reg. No: B-09-003. But this regulation is being used in a arbitrary manner against me. Mrs. Collins has been sending me money since I got here in November 2023. Her first time was in December 19, 2023. You took her off my visit and phone list in March 6, 2024. Her last time sending me money was on June 5, 2025. It was never a problem then Mrs. Dauzat.

Then on 6-11-25 I got another memo from Mrs Judy Lofton. Saying my friend Jessica Payton sent me $300 on 6-6-25 and It was being returned to Jpay. Same reason this person is not approved to send me Jpay deposits. Dept. Reg. No. B-09-003 like I said this does not apply to me. Because as you see Jessica Payton is and has been approved by you Mrs. Dauzat to come and visit me. That was approved May 13, 2024 as you see, exhibit B 1 of 3 pages. Mrs. Dauzat you understand that Mrs. Collins and Mrs. Payton are law abiding citizen's of Louisiana and Tax payer of Louisian. Never been convicted of a felony. I thought we where going to start all over Mrs. Dauzat?

3.) Third Mrs. Dauzat,

On July 8, 2025 I got a Notice of Rejection Form OP-C-9.6 returning a letter to me I wrote Ashley

**You have received a JPay offender payment**

"Exhibit F"

ID#: 00531174 Name: BASALDUA,ARTHUR HOUSING UNIT: N4C ||

INSTITUTION: WCC
DATE: Tuesday, December 19, 2023

In accordance with Department Regulation B-09-003, Offender Banking, the following transaction has been received by Centralized Offender Banking. Please allow two business days for the money to appear on your account.164312539

| JPay TR# | Amount | Customer Name | Customer Address |
|---|---|---|---|
| 164312539 | 200.00 | ASHLEY COLLINS | Not Available |

Posted 12/21/2023

You have received a jpay offender payment

"Exhibit G"

ID#: 00531174 Name: BASALDUA,ARTHUR HOUSING UNIT: N4C

INSTITUTION: WCC
DATE: Wednesday, June 5, 2024

In accordance with Department Regulation B-09-003, Offender Banking, the following transaction has been received by Centralized Offender Banking. Please allow two business days for the money to appear on your account.170075443

| JPay TR# | Amount | Customer Name | Customer Address |
|---|---|---|---|
| 170075443 | 300.00 | ASHLEY COLLINS | Not Available |

Posted 06/07/2024

# Administrative Remedy Procedure

Arthur Basaldua
#531174
N.Y.C. 11 9-16-25

Date of Incident: 7-9-25
Place of Incident: N-3-A-13

On July 9, 2025 I received a Notice of Rejection form OP-C-7-b, in the mail. I got this form return to sender a letter I wrote to Ashley Collins. Stating I am not allowed to receive or send any correspondence from this person. See "Exhibit A".

In Department Regulations No. OP-C-7 states rejections shall be ~~appeala~~ appealable through the ARP system. Since I've been here at David Wade, Warden Dauzat has been weaponizing the investigation Unit to harass me. Investigation Unit has been alleging that me and Ashley Collins write in codes Using numbers. But until this day I have never gotten a notice of rejection stating any letter she has wrote me or I have wrote her was retained for further investigation, referred for disciplinary proceedings, or forwarded to law enforcement officials. Because review disclosed information concerning: the transport of contraband in or out of the facility, plans to escape, plans for activities in violation of facility or Department Rules, plans for criminal activity, information which if communicated would create a clear and present danger of violence and physical harm to a human being, letters written in code or foreign language, threats to the safety and security of staff, other offenders, or the public, facility order, or discipline, rehabilitation or racially inflammatory meterial, information which would jeopardize legitimate penological interests, or procedures for mailing were not followed.

In the last 22 months I've been in David Wade I have never got written up or when to Disciplinary court for any

of these things that would associate itself with jeopardizing the use of legitimate penological interests violations. Me and Ashley Collins enjoy the protections of the First Amendment Right, It is well-established that prison walls do not form a barrier separating prison inmates from the protections of the constitution, nor do they bar free citizens from exercising their own constitutional rights by reaching out to those on the inside. I retain those constitutional rights that are not inconsistent with my status as a prisoner or like I said there is no penological interests in this case.

As you can see this has nothing to do with legitimate penological interests, because all my correspondence through Jpay Email or US post office is all copied and monitored dealing with Ashley Collins, or anyone else. And all to do with a pattern of abuse from Warden Dauzat for exercising my First Amendment Right to using the prison grievance system. Warden Dauzat has been retaliating against me and harassing me for complaining through proper channels about Col. Hauley when he was over investigations unit when I got here. I am showing a pattern of abuse and power and violating my constitutional rights in my last 4 ARP's. this is a on going issue with Warden Dauzat weaponizing the investigation unit against me. How can I get written up for making one to many phone calls or calling a phone number on my approved phone list and they write me up for having that female I call give the phone to another unidenified female the phone to talk to in another room in the house. Becouse as Major Krouse of investigation was monitoring my phone calls. Like I said the investigation monitor's everything dealing with me at all times. But now on July 9, 2025 I received this rejection notice saying I cannot receive or send

any correspondence to Ashley Collins. Till this day I have not received anything that I violated any rules dealing with anything dealing with my correspondence to and from Ashley Collins to ~~warnt~~ warrant taking our correspondance from each other.

This has nothing to do with pass write ups for disciplinary or other ARP'S. But all to do with a pattern of retaliation By Warden Dauzat. For complaning through proper channels about Col. Hauley and exercising my First Amendment Right to using the grivance system. I have writen Warden Dauzat and talked to her numerous times while she makes rounds ~~[illegible]~~ about the situation. She tells me you ain't dumb you know what is going on. I tell her I don't read minds, can I get some kind of explanation. But as you see I have to file this to look for answers ~~[illegible]~~ while I am getting my constitutional right violated.

## "Relief Desired"

1.) No retaliation for this ARP
2.) $200 a day for violating my constitutional rights
3.) Make warden Dauzat follow DOC posted policies and procedures
4.) restore my correspondence with Ashley Collins
5.) ship me to another DOC prison

C/C: To Lawyer

9-16-2025

Arthur Basaldua (signature)
Arthur Basaldua #531174

Form OP-C-7-b
20 March 2012

Louisiana Department of Pu: ic Safety and Corrections
INCOMING/OUTGOING GENERAL CORR SPONDENCE, FARM MAIL AND E-MAIL
NOTICE OF REJECTION

Arthur Basaldua | 531174 | N3
Name | DOC No. | Location

Your correspondence, farm mail or e-mail to/from Ashley Collins has been:

- [ ] Restricted
- [ ] Confiscated
- [x] Returned to sender
- [ ] Retained for further investigation
- [ ] Referred for disciplinary proceedings
- [ ] Forwarded to law enforcement officials

Because review disclosed information concerning:

- [ ] The transport of contraband in or out of the facility
- [ ] Plans to escape
- [ ] Plans for activities in violation of facility or Depa ent rules
- [ ] Plans for criminal activity
- [ ] Information which, if communicated, would creat a clear and present danger of violence and physical harm to a human being
- [ ] Letters or materials written in code or foreign language
- [ ] Mail which attempts to forward unauthorized correspondence to a third party
- [ ] Threats to the safety and security of staff, other offenders, or the public, facility order, or discipline, rehabilitation or racially inflammatory material
- [ ] Sexually explicit material
- [ ] Information which would jeopardize legitimate penological interests
- [ ] Procedures for mailing were not followed
- [ ] Greeting cards larger than 8" x 10" or containing electronic or other non-paper parts
- [x] Other - not allowed to receive or send any correspondence from the person

M/Sgt. [illegible] — Mailroom Officer's Signature

9 Jul 25 — Date

To: Inmat Accounting
Mrs. Judy Lofton

Date: 1-28-25

FROM: Arthur Basaldua
#531174
N.4.C. 2

Dear Mrs Lofton,

I want to see if you or your department process my withdraw slip dealing with my legal mail sent on or about to chief of Operations of DOC Seth Smith on 1-14-25 or so, And to my Lawyer Maureen shanahan some time last week. I still haven't got my receipt showing that it got sent to either person and how much I was charge to sent.

Can you please let me know something please.

That legal mail to Seth Smith chief of Operations is A ARP sensitive matter. So I need to know what's up.

Thank you for you patience & Time
Arthur Basaldua
#531174 N.4.C. 2

I hope these help.
J. Lofton
04-16-25

C/C: To Lawyer



1

DATE: 04/16/25 DPS&C CORRECTIONS SERVICES IINQDEBT
TIME: 16:09 INMATE BANKING - DEBT ACCOUNT DETAIL

NAME: BASALDUA, ARTHUR R W/M LSP NUMBER: 00531174
LVQR: 7638-N4C WORK: 006L-
MASTER ACCOUNT STATUS: ACTIVE DEBT ACCOUNT: # 0111, INACTIVE

I N M A T E   D E B T   I N F O R M A T I O N

PAYEE NAME......: 999361 PAYEE CODE.......: 00999361
DEBT TYPE.......: LEGAL POSTAGE PENDING APPEAL?..: N
COMMENTS........: 1/27/25 LARGE ENV-DOC HDQ SETH SMITH
INPUT DATE......: 01302025
DATE RECEIVED...: 01302025 TOTAL DEBT AMOUNT: $ 1.77
DB COURT DATE...: CUMULATIVE PAID..: $ 1.77
APPEAL DATE.....: FORGIVEN AMOUNT..: $ 0.00
CUTOFF DATE.....: -----------
LAST UPDATE DATE: 01302025 AMOUNT OWED: $ 0.00
LAST UPDATE USER: 4275WADE

XMIT FROM HERE->
F2=MENU F3=PREV SCRN F4=IMODDEBT F5=IADDDEBT F6=CANSTD F7=DAILY REPORT

DATE: 04/16/25 DPS&C CORRECTIONS SERVICES IINQDEBT
TIME: 16:09 INMATE BANKING - DEBT ACCOUNT DETAIL

NAME: BASALDUA, ARTHUR R W/M LSP NUMBER: 00531174
LVQR: 7638-N4C WORK: 006L-
MASTER ACCOUNT STATUS: ACTIVE DEBT ACCOUNT: # 0112, INACTIVE

I N M A T E D E B T I N F O R M A T I O N

PAYEE NAME......: 999361 PAYEE CODE.......: 00999361
DEBT TYPE.......: LEGAL POSTAGE PENDING APPEAL?..: N
COMMENTS........: 1/29/25 LARGE ENV-MAUREEN SHANAHAN
INPUT DATE......: 01302025
DATE RECEIVED...: 01302025 TOTAL DEBT AMOUNT: $ 3.15
DB COURT DATE...: CUMULATIVE PAID..: $ 3.15
APPEAL DATE.....: FORGIVEN AMOUNT..: $ 0.00
CUTOFF DATE.....: -----------
LAST UPDATE DATE: 01302025 AMOUNT OWED: $ 0.00
LAST UPDATE USER: 4275WADE

XMIT FROM HERE->
F2=MENU F3=PREV SCRN F4=IMODDEBT F5=IADDDEBT F6=CANSTD F7=DAILY REPORT

TO: ARP Department
DWCC
Mrs. Sarah ~~Nat~~ Nalitt

Date: 6-11-2025

Case Number: DWCC-2025-0257

FROM: Arthur Basaldua
531174
N.3.A.13

Dear Mrs. Nalitt,

I would like to "drop" this ARP Case number DWCC-2025-0257 dealing with Col. Coleman I filed on 3-6-2025. Can you please let me know this has been done or send me the papers I need to sign to do this.

Also I would like to know what ever happen to that ARP Case number DWCC-2025-1078 that I resubmitted on ~~4~~ 4-7-25 to ~~you~~ your Department addressed to you Mrs. Sarah Natlitt. It was a Sensitive Issue ARP to Chief of Operations Seth Smith. Please let me know what is going on in a timely matter. ↑

thank You, Sincerely,
Arthur Basaldua
531174 N.3.A.13

c/c: To Lawyer.

This ARP was forwarded to Headquarters for Chief Smith's response. SN

To: Inmate Accounting
Judy Lofton

From: Arthur Basaldua
531174
N.Y.C. 11

Date: 1-7-2026

Dear Mrs. Lofton,

The reason why I am writing you is to see if my account is blocked from receiving money thru Jpay? I know I may not be able to get from certain ~~peope~~ people. But my wife Aurora Marroquin, and my mom Lillian Basaldua, and ~~a~~ sister Lisa Basaldua should be able to send me money. But every time they try it does not let them.

My wife got with Jpay for a few hours and fixed the problem they thought. But when she went to money gram it is not allowing her to send me money. when she came to visit me on Dec 5 ~~4~~ 6, 2025 she tried to do it with a Debt Card on friday with no success, she thought it was her Debt card. So she brought cash the next day and it still would not let her add money to my account.

Can you please let me know what is going on, or who do I have to contact to fix this problem. thank you for your ~~patienctce~~ patience and time.

Sincerely,
Arthur Basaldua
531174
N.Y.C. 11

c/c:

$312.50

I called the JPay help desk. There's a Charge back showing on your account for $312.50. That's the problem. The ~~depoil~~ deposit came from Jessica Payton. (1)

J. Lofton
01-08-26

To: Mrs. Judy Lofton
Inmate Accounting

From: Arthur Basaldua
#531174
N.Y.C. 11

1-15-2026

Dear Mrs. Lofton

On 1-8-26 I wrote you back dealing with my letter I wrote you on 1-7-26 dealing with the problem of my mom and my wife sending me money. You said you called Jpay help desk and there is a back charge showing on my account for $312.50. That came from Jessica Payton. On 1-8-26 I sent you a letter from 6-11-25 and a memo from 6-11-25 that you sent me that you returned this Jpay funds under Dept. Reg. B-09-003 for $300 to Jessica Payton on 6-6-25 that she sent me. This is the only time she ever sent me money.

And it takes Jpay months to refund the money back to my family and friends. And I am not allowed to get Jpay deposits with a credit card or dept. Card. I can only go to Money gram with cash, or money order. So can you please let me know what I have to do to get my account straight. thank you for your patience and time.

JPay tells me the $312.50 charge back has to be paid before the block on your account is removed.
J. Lofton
01-16-26

Sincerely Yours,
Arthur Basaldua
531174
N.Y.C. 11

C/c:

**DAVID WADE CORRECTIONAL CENTER**
670 Bell Hill Road
Homer, LA 71040
PHONE 318-927-0400

**JEFF LANDRY**
GOVERNOR

**GARY E. WESTCOTT**
SECRETARY

**MICHELE DAUZAT**
WARDEN

**DWCC Form:** #235

**DATE:** MAY 15, 2025

**SPECIAL VISIT APPROVED**

| TO: | ARTHUR BASALUDA | # 531174 | N3-A |
|---|---|---|---|
| | INAMTE NAME | NUMBER | HOUSING |

**RE:** **SPECIAL VISIT FOR MAY 30-31, 2025**

**YOUR SPECIAL VISIT WAS APPROVED WITH THE FOLLOWING NAMED INDIVIDUAL(S).**

1. **AURORA MARROQUIN**

**STIPULATIONS:**

**DENIAL REASON:**

**MSGT J WYMAN**
**VISITATION OFFICER**

# DAVID WADE CORRECTIONAL CENTER

670 Bell Hill Road
Homer, LA 71040
PHONE 318-927-0400

JEFF LANDRY
GOVERNOR

GARY E. WESTCOTT
SECRETARY

MICHELE DAUZAT
WARDEN

DWCC Form: #235

DATE: SEPT. 30, 2025

## SPECIAL/EXTENDED VISIT APPROVED

TO: ARTHUR BASALDUA # 531174 N4-C 11
INAMTE NAME NUMBER HOUSING

RE: SPECIAL VISIT FOR OCT. 17-18, 2025

YOUR SPECIAL/EXTENDED VISIT WAS APPROVED WITH THE FOLLOWING NAMED INDIVIDUAL(S).

1. AURORA MARROQUIN

STIPULATIONS:

DENIAL REASON:

MSGT J WYMAN
VISITATION OFFICER

[signature]

**DAVID WADE CORRECTIONAL CENTER**
670 Bell Hill Road
Homer, LA 71040
PHONE 318-927-0400

C-11

**JEFF LANDRY**
GOVERNOR

**GARY E. WESTCOTT**
SECRETARY

**MICHELE DAUZAT**
WARDEN

**DWCC Form:** #235

**DATE:** NOV. 21, 2025

**SPECIAL/EXTENDED VISIT APPROVED**

| TO: | ARTHUR BASALDUA | # 531174 | N4-C |
|---|---|---|---|
| | INMATE NAME | NUMBER | HOUSING |

**RE:** SPECIAL/EXTENDED VISIT FOR DEC. 05/06, 2025

YOUR SPECIAL/EXTENDED VISIT WAS APPROVED WITH THE FOLLOWING NAMED INDIVIDUAL(S).

1. AURORA MARROQUIN

STIPULATIONS:

DENIAL REASON:

**MSGT J WYMAN**
**VISITATION OFFICER**

JW

DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS
STATE OF LOUISIANA
DAVID WADE CORRECTIONAL CENTER

JEFF M. LANDRY
GOVERNOR

GARY E. WESTCOTT
SECRETARY

November 19, 2025

To Whom It May Concern:

This letter serves as official approval for a special visit for inmate Arthur Basaldua #531174 with his wife, Aurora Marroquin, on December 5 and 6, 2025. All standard facility rules and visitation guidelines will apply during this approved special visit.

Should you require any further information, please contact my office directly.

Sincerely,

Michele Dauzat
Warden

DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS
STATE OF LOUISIANA
DAVID WADE CORRECTIONAL CENTER

JEFF M. LANDRY
GOVERNOR

GARY E. WESTCOTT
SECRETARY

February 3, 2026

To Whom It May Concern:

This letter serves as official approval for a special visit for inmate Arthur Basaldua #531174 with his wife, Aurora Marroquin, on February 13 and 14, 2026. All standard facility rules and visitation guidelines will apply during this approved special visit.

Should you require any further information, please contact my office directly.

Sincerely,

Michele Dauzat
Warden

670 BELL HILL ROAD ⚜ HOMER, LA 71040 ⚜ (318) 927-0400 ⚜ FAX (318) 927-0433 ⚜ WWW.DOC.LOUISIANA.GOV

AN EQUAL OPPORTUNITY EMPLOYER

FORM OP-C-1-a
23 February 2023

C11

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
DISCIPLINARY REPORT

INSTITUTION: David Wade Correctional Center

| | | | |
|---|---|---|---|
| 1. Name of Inmate: **Arthur Basaldua** | 2. Number: **531174** | 3. Date of Incident: **26 February 2024** | 4. Time of Incident: **Approx. 0900** |
| 5. Place of Incident: **N4C-11** | 6. Job Assignment (Inmate): **U/A** | | 7. Housing Assignment (Inmate): **N4C-11** |
| 8. Rule Violated: **Aggravated Disobedience** | | 9. Rule Number: **#5** | |

10. Description of Incident (Include all relevant information – "unusual Inmate behavior, staff witnesses, physical evidence & disposition, immediate action taken, including use of force"). Use other side, if necessary.

On 26 Feb 2024 at approximately 0900 hrs., I, Colonel Terrance Haulcy completed an investigation related to inmate Arthur Basaldua #531174. On Wednesday 21 Feb 24 inmate Basaldua was approved (1) completed attorney call. I monitored inmate Basaldua phone calls on 21 Feb 24 and observed inmate Basaldua make (2) phone calls. On 24 Feb 24 I clearly observed inmate Basaldua conduct multiple phone calls. Inmate Basaldua abused his phone privileges by making an additional call on 21 Feb 24 and multiple calls on 24 Feb 24. Inmate Basaldua is currently housed on preventative segregation.

11. Inmate Placed in Administrative Segregation ☐ Yes ☒ No

| | |
|---|---|
| 12. Signature of Reporting Employee: *Terrance Haulcy* | 13. Name, Title, Assignment (Print): **Terrance Haulcy, Col, (Investigations)** |
| 14. Date of Report: **26 February 2024** | 15. Time of Report: **0930** |
| 16. Report (copy) given to above Inmate by: *Col [illegible]* *26 Feb 24 @ 1425* | 17. Inmate's Signature: *Refused to sign* |
| 18. Plea by Inmate: ☐ Not Guilty ☐ Guilty | 19. Verdict: ☐ Not Guilty ☐ Guilty |
| 20. Date of Hearing: | 21. Counsel Substitute: DOC #: |

22. Disciplinary Court Motions: Refer to Form OP-C-1-b.

23. Reasons For Disposition:
☐ Report is clear and precise. ☐ Lack of credible defense/little or no defense. ☐ Based on Inmate's statement.
☐ The officer's version is determined to be more credible than the Inmate's. ☐ Pled guilty/accepted guilty plea.
☐ Only defense is denying contents of report. ☐ The Inmate presented no evidence to refute the charges.
☐ The Investigative officer's testimony was deemed more truthful and accurate than the Inmate's. ☐ Plea bargain.
☐ The Inmate's demeanor led the board to believe that the Inmate's testimony was untrue.
☐ Other

24. Reasons for Sentence:
☐ Seriousness of offense ☐ The need to protect the institution, employees or other.

☐ Poor conduct record. A total of ________ rule violation(s). A total of ________ Schedule B violations since: ________.

A total of ________ # ________ rule violations since ________.

☐ Other: *2 Weeks Loss of Phone*

25. Sentence: ☐ Suspended ☐ Imposed ________ Days *[signature]*

26. Sentence: ☐ Suspended ☐ Imposed ________ Days *[signature]*

27. DISCIPLINARY BOARD: After an Inmate is found guilty of a disciplinary violation through a formal administrative hearing, the Disciplinary Board may order restitution in accordance with Department Regulation No. OP-C-11 "Imposition of Restitution via the Disciplinary Board."

________________________
CHAIRMAN (DISCIPLINARY OFFICER)

________________________
MEMBER

________________________
MEMBER

FORM OP-C-1-a
23 February 2023

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
DISCIPLINARY REPORT

INSTITUTION: David Wade Correctional Center

| 1. Name of Inmate | 2. Number | 3. Date of Incident | 4. Time of Incident |
|---|---|---|---|
| Arthur Basaldua | 531174 | 11 March 2024 | Approx. 0900 |

| 5. Place of Incident | 6. Job Assignment (Inmate) | 7. Housing Assignment (Inmate) |
|---|---|---|
| N4C-11 | U/A | N4C-11 |

| 8. Rule Violated | 9. Rule Number |
|---|---|
| Aggravated Disobedience | #5 |

10. Description of Incident (Include all relevant information -- "unusual Inmate behavior, staff witnesses, physical evidence & disposition, immediate action taken, including use of force"). Use other side if necessary.

On 11 March 2024 at approximately 0900 hrs., I, Colonel Terrance Haulcy completed an investigation related to inmate Arthur Basaldua #531174. On 09 March 24 I clearly observed inmate Basaldua conduct multiple phone calls. Inmates housed on preventive segregation level 1 are allowed only one completed call per week. Inmate Basaldua abused his phone privileges by making multiple calls. Inmate Basaldua is currently housed on preventative segregation level 1.

11. Inmate Placed in Administrative Segregation ☐ Yes ☒ No

12. Signature of Reporting Employee: [signature]

13. Name, Title, Assignment (Print): Terrance Haulcy, Col, (Investigations)

14. Date of Report: 11 March 2024

15. Time of Report: 0950

16. Report (copy) given to above Inmate by: [signature]

17. Inmate's Signature: [signature]

18. Plea by Inmate: ☐ Not Guilty ☐ Guilty

19. Verdict: ☐ Not Guilty ☑ Guilty

20. Date of Hearing: 4/12/24 ~~26 Feb 24~~

21. Counsel Substitute: Holland 516151
DOC #:

22. Disciplinary Court Motions: Refer to Form OP-C-1-b.

23. Reasons For Disposition:
☐ Report is clear and precise. ☐ Lack of credible defense/little or no defense. ☐ Based on Inmate's statement.
☐ The officer's version is determined to be more credible than the Inmate's. ☐ Pled guilty/accepted guilty plea.
☑ Only defense is denying contents of report. ☐ The Inmate presented no evidence to refute the charges.
☐ The Investigative officer's testimony was deemed more truthful and accurate than the Inmate's. ☐ Plea bargain.
☐ The Inmate's demeanor led the board to believe that the Inmate's testimony was untrue.
☐ Other

24. Reasons for Sentence:
☐ Seriousness of offense ☑ The need to protect the institution, employees or other.

☐ Poor conduct record. A total of ________ rule violation(s). A total of ________ Schedule B violations since: ________.

A total of ________ # ________ rule violations since ________.

☐ Other: Defer

25. Sentence: ☑ Suspended ☐ Imposed 4 Days
4 Weeks Loss of Phone

26. Sentence: ☐ Suspended ☐ Imposed ________ Days

27. DISCIPLINARY BOARD: After an Inmate is found guilty of a disciplinary violation through a formal administrative hearing, the Disciplinary Board may order restitution in accordance with Department Regulation No. OP-C-11 "Imposition of Restitution via the Disciplinary Board."

[signature] CHAIRMAN (DISCIPLINARY OFFICER)

[signature] MEMBER

[signature] MEMBER

FORM OP-C-1-a
23 February 2023

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
DISCIPLINARY REPORT

G1

INSTITUTION: David Wade Correctional Center

| | | | |
|---|---|---|---|
| 1. Name of Inmate: Arthur Basaldua | 2. Number: 531174 | 3. Date of Incident: 15 March 2024 | 4. Time of Incident: Approx. 0900 |
| 5. Place of Incident: N4C-11 | 6. Job Assignment (Inmate): U/A | 7. Housing Assignment (Inmate): N4C-11 | |
| 8. Rule Violated: General Prohibited Behavior | 9. Rule Number: #30X | | |

10. Description of Incident (Include all relevant information – "unusual Inmate behavior, staff witnesses, physical evidence & disposition, immediate action taken, including use of force"). Use other side, if necessary.

On 15 March 2024 at approximately 0900 hrs., I, Colonel Terrance Haulcy completed an investigation related to inmate Arthur Basaldua #531174. Inmate Basaldua currently have an active Facebook account in the name of El Grande. Inmate Basaldua is in clear violation of Rule #30-G which states, Establishing or maintaining an account on any Internet-based social networking website, as well as unauthorized access to any internet or intranet network is prohibited. Inmate Basaldua is currently housed on preventative segregation level 1.

11. Inmate Placed in Administrative Segregation ☐ Yes ☒ No

12. Signature of Reporting Employee: Terrance Haulcy

13. Name, Title, Assignment (Print): Terrance Haulcy, Col, (Investigations)

14. Date of Report: 15 March 2024

15. Time of Report: 0930

16. Report (copy) given to above Inmate by: Col. Haulcy 15 March 24 @ 1300

17. Inmate's Signature: Refused to Sign

18. Plea by Inmate: ☐ Not Guilty ☐ Guilty

19. Verdict: ☐ Not Guilty ☐ Guilty

20. Date of Hearing: 21 Mar 24 ~~26 Feb 24~~

21. Counsel Substitute: [illegible] 516151

DOC #:

22. Disciplinary Court Motions: Refer to Form OP-C-1-b.

23. Reasons For Disposition:
☑ Report is clear and precise. ☐ Lack of credible defense/little or no defense. ☐ Based on Inmate's statement.
☐ The officer's version is determined to be more credible than the Inmate's. ☐ Pled guilty/accepted guilty plea.
☐ Only defense is denying contents of report. ☐ The Inmate presented no evidence to refute the charges.
☐ The Investigative officer's testimony was deemed more truthful and accurate than the Inmate's. ☐ Plea bargain.
☐ The Inmate's demeanor led the board to believe that the Inmate's testimony was untrue.
☐ Other

24. Reasons for Sentence:
☑ Seriousness of offense ☐ The need to protect the institution, employees or other.

☐ Poor conduct record. A total of ______ rule violation(s). A total of ______ Schedule B violations since: ______.

A total of ______ # ______ rule violations since ______.

☐ Other: ~~[illegible]~~

25. Sentence: ☐ Suspended ☐ Imposed ______ Days
4 Weeks Loss of Canteen

26. Sentence: ☐ Suspended ☐ Imposed ______ Days

27. DISCIPLINARY BOARD: After an Inmate is found guilty of a disciplinary violation through a formal administrative hearing, the Disciplinary Board may order restitution in accordance with Department Regulation No. OP-C-11 "Imposition of Restitution via the Disciplinary Board."

[signature]
CHAIRMAN (DISCIPLINARY OFFICER)

[signature]
MEMBER

[signature]
MEMBER

FORM OP-C-1-a
23 February 2023

C 11

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
DISCIPLINARY REPORT

INSTITUTION: David Wade Correctional Center

| 1. Name of Inmate | 2. Number | 3. Date of Incident | 4. Time of Incident |
|---|---|---|---|
| Arthur Basaldua | 531174 | 10 May 2024 | Approx. 1120 |

| 5. Place of Incident | 6. Job Assignment (Inmate) | 7. Housing Assignment (Inmate) |
|---|---|---|
| N4C-11 | U/A | N4C-11 |

| 8. Rule Violated | 9. Rule Number |
|---|---|
| Aggravated Disobedience | #5 30W |

10. Description of Incident (Include all relevant information – "unusual Inmate behavior, staff witnesses, physical evidence & disposition, immediate action taken, including use of force"). Use other side, if necessary.

On 10 May 2024 at approximately 1120 hrs., I, Colonel Terrance Haulcy was monitoring inmate phone calls from 28 April 2024 and clearly heard inmate Arthur Basaldua #531174 conduct a phone call using inmate Leroy Bird #608855 phone account. I clearly heard inmate Basaldua relay messages through the pipe chase to inmate Bird who was housed on N4D-Tier. Inmate Basaldua is in clear violation of Rule #30W- "Any behavior not specifically enumerated herein that may impair or threaten the security or stability of the unit. Inmate Basaldua is currently housed on preventative segregation level 1.

11. Inmate Placed in Administrative Segregation ☐ Yes ☒ No

12. Signature of Reporting Employee: Terrance Haulcy

13. Name, Title, Assignment (Print): Terrance Haulcy, Col, (Investigations)

14. Date of Report: 10 May 2024

15. Time of Report: 1240

16. Report (copy) given to above Inmate by: 10 May 24 2015

17. Inmate's Signature: Refused to Sign

18. Plea by Inmate: ☐ Not Guilty ☐ Guilty

19. Verdict: ☐ Not Guilty ☐ Guilty

20. Date of Hearing:

21. Counsel Substitute:

DOC #:

22. Disciplinary Court Motions: Refer to Form OP-C-1-b.

23. Reasons For Disposition:
☐ Report is clear and precise. ☐ Lack of credible defense/little or no defense. ☐ Based on inmate's statement.
☐ The officer's version is determined to be more credible than the Inmate's. ☐ Pled guilty/accepted guilty plea.
☐ Only defense is denying contents of report. ☐ The Inmate presented no evidence to refute the charges.
☐ The Investigative officer's testimony was deemed more truthful and accurate than the Inmate's. ☐ Plea bargain.
☐ The Inmate's demeanor led the board to believe that the Inmate's testimony was untrue.
☐ Other

24. Reasons for Sentence:
☐ Seriousness of offense ☐ The need to protect the institution, employees or other.

☐ Poor conduct record. A total of ________ rule violation(s). A total of ________ Schedule B violations since: ________________

A total of ________ # ________ rule violations since ________________.

☐ Other: ________________

25. Sentence: ☐ Suspended ☐ Imposed ________ Days

26. Sentence: ☐ Suspended ☐ Imposed ________ Days

27. DISCIPLINARY BOARD: After an Inmate is found guilty of a disciplinary violation through a formal administrative hearing, the Disciplinary Board may order restitution in accordance with Department Regulation No. OP-C-11 "Imposition of Restitution via the Disciplinary Board."

________________ CHAIRMAN (DISCIPLINARY OFFICER)

________________ MEMBER

________________ MEMBER

FORM OP-C-1-a
23 February 2023

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
DISCIPLINARY REPORT

INSTITUTION: **David Wade Correctional Center**

| | | | |
|---|---|---|---|
| 1. Name of Inmate: **Arthur Basaldua** | 2. Number: **531174** | 3. Date of Incident: **13 Aug 2024** | 4. Time of Incident: **Approx. 1200** |
| 5. Place of Incident: **N4D-14** | 6. Job Assignment (Inmate): **U/A** | 7. Housing Assignment (Inmate): **N4D-14** | |
| 8. Rule Violated: **General Prohibited Behaviors** | 9. Rule Number: **#30** | | |

10. Description of Incident (Include all relevant information – "unusual Inmate behavior, staff witnesses, physical evidence & disposition, immediate action taken, including use of force"). Use other side, if necessary.

**On the above date and approximate time, I, Colonel Terrance Haulcy was monitoring inmate Arthur Basaldua #531174 phone calls. On 27 July 24, I clearly observed inmate Basaldua ask caller Shamariah Ramson to conduct a three way call for him. The 3- way call was successful conducted. On 10 Aug 2024, I clearly observed inmate Basaldua ask caller Shamariah Ramson to conduct another 3-way call for him. The 3- way call was conducted successfully. On 11 Aug 2024, inmate Basaldua ask caller Shamariah Ramson to conduct (3) 3-way calls for him. All three calls was conducted successfully. Inmate Basaldua is clearly manipulating the system by conducting 3 way calls to make calls that's not on his approved telephone list. Inmate Basaldua is in clear violation of Rule #30- "Any behavior not specifically enumerated herein that may impair or threaten the security or stability of the unit. Inmate Basaldua is currently housed on preventative segregation level 1.**

11. Inmate Placed in Administrative Segregation ☐ Yes ☒ No

| | |
|---|---|
| 12. Signature of Reporting Employee: Terrance Haulcy (signature) | 13. Name, Title, Assignment (Print): **Terrance Haulcy, Col, (Investigations)** |

| | | | |
|---|---|---|---|
| 14. Date of Report: **13 Aug 2024** | 15. Time of Report: **1255** | 16. Report (copy) given to above Inmate by: 13 Aug 2024 (signature) | 17. Inmate's Signature: Refuse to Sign |
| 18. Plea by Inmate: ☐ Not Guilty ☐ Guilty | | 19. Verdict: ☐ Not Guilty ☐ Guilty | |
| 20. Date of Hearing: | | 21. Counsel Substitute: Holland DOC #: | |

22. Disciplinary Court Motions: Refer to Form OP-C-1-b.

23. Reasons For Disposition:
☐ Report is clear and precise. ☐ Lack of credible defense/little or no defense. ☐ Based on Inmate's statement.
☐ The officer's version is determined to be more credible than the Inmate's. ☐ Pled guilty/accepted guilty plea.
☐ Only defense is denying contents of report. ☐ The Inmate presented no evidence to refute the charges.
☐ The Investigative officer's testimony was deemed more truthful and accurate than the Inmate's. ☐ Plea bargain.
☐ The Inmate's demeanor led the board to believe that the Inmate's testimony was untrue.
☐ Other

24. Reasons for Sentence:
☐ Seriousness of offense ☐ The need to protect the institution, employees or other.

☐ Poor conduct record. A total of ________ rule violation(s). A total of ________ Schedule B violations since: ________________.

A total of ________ # ________ rule violations since________________________.

☐ Other: ________________________________

| | |
|---|---|
| 25. Sentence: ☐ Suspended ☐ Imposed ________ Days | 26. Sentence: ☐ Suspended ☐ Imposed ________ Days |

FORM OP-C-1-a
23 February 2023

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
DISCIPLINARY REPORT

INSTITUTION: David Wade Correctional Center

| 1. Name of Inmate | 2. Number | 3. Date of Incident | 4. Time of Incident |
|---|---|---|---|
| Arthur Basaldua | 531174 | 13 Aug 2024 | Approx. 1300 |

| 5. Place of Incident | 6. Job Assignment (Inmate) | 7. Housing Assignment (Inmate) |
|---|---|---|
| N4D-14 | U/A | N4D-14 |

| 8. Rule Violated | 9. Rule Number |
|---|---|
| Aggravated Disobedience | #5 |

10. Description of Incident (Include all relevant information – "unusual inmate behavior, staff witnesses, physical evidence & disposition, immediate action taken, including use of force"). Use other side, if necessary.

**On the above date and approximate time, I, Colonel Terrance Haulcy was monitoring inmate Arthur Basaldua #531174 phone calls. On 10 Aug 24, I clearly observed inmate Basaldua conduct 3 completed phone calls. On 11 Aug 2024, I clearly observe inmate Basaldua conduct 5 completed phone calls. . Inmates housed on preventive segregation level 1 are allowed only one completed call per week. Inmate Basaldua abused his phone privileges by making multiple calls. Inmate Basaldua is currently housed on preventative segregation level 1.**

11. Inmate Placed in Administrative Segregation ☐ Yes ☒ No

12. Signature of Reporting Employee: [signature]

13. Name, Title, Assignment (Print): Terrance Haulcy, Col, (Investigations)

14. Date of Report: 13 Aug 2024

15. Time of Report: 1305

16. Report (copy) given to above Inmate by: [signature] 13 Aug 2024 1306

17. Inmate's Signature: Refuse to Sign

18. Plea by Inmate: ☐ Not Guilty ☐ Guilty

19. Verdict: ☐ Not Guilty ☐ Guilty

20. Date of Hearing: 20 Aug 2024

21. Counsel Substitute: Holland 516151

DOC #:

22. Disciplinary Court Motions: Refer to Form OP-C-1-b.

23. Reasons For Disposition:
☐ Report is clear and precise. ☐ Lack of credible defense/little or no defense. ☐ Based on inmate's statement.
☐ The officer's version is determined to be more credible than the inmate's. ☐ Pled guilty/accepted guilty plea.
☐ Only defense is denying contents of report. ☐ The inmate presented no evidence to refute the charges.
☐ The investigative officer's testimony was deemed more truthful and accurate than the inmate's. ☐ Plea bargain.
☐ The inmate's demeanor led the board to believe that the inmate's testimony was untrue.
☐ Other

24. Reasons for Sentence:
☐ Seriousness of offense ☐ The need to protect the institution, employees or other.

☐ Poor conduct record. A total of ________ rule violation(s). A total of ________ Schedule B violations since: ____________.

A total of ________ # ________ rule violations since ____________.

☐ Other: ____________

25. Sentence: ☐ Suspended ☐ Imposed ________ Days
(14) Days loss of Phone

26. Sentence: ☐ Suspended ☐ Imposed ________ Days

27. DISCIPLINARY BOARD: After any inmate is found guilty of a disciplinary violation through a formal administrative hearing, the Disciplinary Board may order restitution in accordance with Department Regulation No. OP-C-11 "Imposition of Restitution via the Disciplinary Board."

[signature]
CHAIRMAN (DISCIPLINARY OFFICER)

[signature]
MEMBER

MEMBER

Received 6-17-25
1:00 p.m.

FORM OP-C-1-a
23 February 2023

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
DISCIPLINARY REPORT

INSTITUTION: David Wade Correctional Center

| 1. Name of Inmate | 2. Number | 3. Date of Incident | 4. Time of Incident |
|---|---|---|---|
| **ARTHUR BASALDUA** | **531174** | **MAY 18 2025** | **1358 HRS** |

| 5. Place of Incident | 6. Job Assignment (Inmate) | 7. Housing Assignment (Inmate) |
|---|---|---|
| **N3A** | **UNASSIGNED** | **N3A** |

| 8. Rule Violated | 9. Rule Number |
|---|---|
| **General Prohibited Behaviors (Schedule A)** | **Rule #30** |

10. Description of Incident (Include all relevant information – "unusual Inmate behavior, staff witnesses, physical evidence & disposition, immediate action taken, including use of force"). Use other side, if necessary.

**On 16 June 2025, I, Major Phillip Krouse, was monitoring Inmate Arthur Basaldua's #531174 phone calls. On 18 May 2025, at approximately 1358 hours, Inmate Basaldua called 1(225)329-5354. Inmate Basaldua #531174, already ha a phone call in progress with the above number when Inmate Basaldua had the female go to another room and put ; unidentified female on the phone. Inmate Basaldua could clearly be heard conversing with another individual durir the duration of the phone call. Rule #30- Any behavior not specifically enumerated herein that may impair or threater the security or stability of the unit or well-being of an employee, visitor, guest, inmate, or their families.**

11. Inmate Placed in Administrative Segregation ☐ Yes ☒ No

| 12. Signature of Reporting Employee | 13. Name, Title, Assignment (Print) |
|---|---|
| | **Phillip Krouse, Maj, (Investigations)** |

| 14. Date of Report | 15. Time of Report | 16. Report (copy) given to above Inmate by: | 17. Inmate's Signature |
|---|---|---|---|
| **16 June 2025** | **1422 Hours** | | |

18. Plea by Inmate: ☐ Not Guilty ☐ Guilty

19. Verdict: ☐ Not Guilty ☐ Guilty

20. Date of Hearing:

21. Counsel Substitute:

DOC #:

22. Disciplinary Court Motions: Refer to Form OP-C-1-b.

23. Reasons For Disposition:
☐ Report is clear and precise. ☐ Lack of credible defense/little or no defense. ☐ Based on Inmate's statement.
☐ The officer's version is determined to be more credible than the Inmate's. ☐ Pled guilty/accepted guilty plea.
☐ Only defense is denying contents of report. ☐ The Inmate presented no evidence to refute the charges.
☐ The Investigative officer's testimony was deemed more truthful and accurate than the Inmate's. ☐ Plea bargain.
☐ The Inmate's demeanor led the board to believe that the Inmate's testimony was untrue.
☐ Other ______

24. Reasons for Sentence:
☐ Seriousness of offense ☐ The need to protect the institution, employees or other.

☐ Poor conduct record. A total of ______ rule violation(s). A total of ______ Schedule B violations since: ______.

A total of ______ # ______ rule violations since ______.

☐ Other: ______

25. Sentence: ☐ Suspended ☐ Imposed ______ Days

26. Sentence: ☐ Suspended ☐ Imposed ______ Days

27. DISCIPLINARY BOARD: After an Inmate is found guilty of a disciplinary violation through a formal administrative hearing, the Disciplinary Board may order restitution in accordance with Department Regulation No. OP-C-11 "Imposition of Restitution via the Disciplinary Board."

______
CHAIRMAN (DISCIPLINARY OFFICER)

______
MEMBER

______
MEMBER

N4C. 11

FORM OP-C-1-a
23 February 2023

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
DISCIPLINARY REPORT

INSTITUTION: **David Wade Correctional Center**

| 1. Name of Inmate | 2. Number | 3. Date of Incident | 4. Time of Incident |
|---|---|---|---|
| **Arthur Basaldua** | **531174** | **18 July 2025** | **Approx. 0815** |

| 5. Place of Incident | 6. Job Assignment (Inmate) | 7. Housing Assignment (Inmate) |
|---|---|---|
| **Investigative Office** | **U/A** | **N4 C-Tier** |

| 8. Rule Violated | 9. Rule Number |
|---|---|
| **Bribery of Coercion** | **#37** |

10. Description of Incident (Include all relevant information – "unusual Inmate behavior, staff witnesses, physical evidence & disposition, immediate action taken, including use of force"). Use other side, if necessary.

On the above date and approximate time, it was determined through the information provided by numerous confidential informants that inmate Authur Basaldua #531174 has made several attempts to circumvent the rules and regulation of DWCC in an effort to smuggle contraband into the facility. Inmate Basaldua was propositioned various inmates to assist with trafficking drugs into the facility. Inmate Basaldua has provided restricted numbers to inmate in an effort to reach civilians that he has been prohibited to communicate with over the telephone. Inmate Basaldua was offered the use of inmate telephone, seen by medical and placed on investigative segregation.

11. Inmate Placed in Administrative Segregation ☒ Yes ☐ No

| 12. Signature of Reporting Employee | 13. Name, Title, Assignment (Print) |
|---|---|
| [signature] | Parker Kraus Major Investigations |

| 14. Date of Report | 15. Time of Report | 16. Report (copy) given to above Inmate by: | 17. Inmate's Signature |
|---|---|---|---|
| 21 July 2025 | 0915 | Michael Cully 21 July 2025 | Arthur Basaldua |

18. Plea by Inmate: ☐ Not Guilty ☐ Guilty
19. Verdict: ☐ Not Guilty ☐ Guilty
20. Date of Hearing: 25 July 25
21. Counsel Substitute: V. Austin DOC #: 504843
22. Disciplinary Court Motions: Refer to Form OP-C-1-b.

23. Reasons For Disposition:
☐ Report is clear and precise. ☐ Lack of credible defense/little or no defense. ☐ Based on Inmate's statement.
☐ The officer's version is determined to be more credible than the Inmate's. ☐ Pled guilty/accepted guilty plea.
☐ Only defense is denying contents of report. ☐ The Inmate presented no evidence to refute the charges.
☐ The Investigative officer's testimony was deemed more truthful and accurate than the Inmate's. ☐ Plea bargain.
☐ The Inmate's demeanor led the board to believe that the Inmate's testimony was untrue.
☐ Other

24. Reasons for Sentence:
☐ Seriousness of offense ☐ The need to protect the institution, employees or other.

☐ Poor conduct record. A total of ________ rule violation(s). A total of ________ Schedule B violations since: ________.

A total of ________ # ________ rule violations since ________.

☐ Other:

25. Sentence: ☐ Suspended ☐ Imposed ✓ ________ Days
4 Days Loss of Canteen

26. Sentence: ☐ Suspended ☐ Imposed ________ Days

27. DISCIPLINARY BOARD: After an Inmate is found guilty of a disciplinary violation through a formal administrative hearing, the Disciplinary Board may order restitution in accordance with Department Regulation No. OP-C-11 "Imposition of Restitution via the Disciplinary Board."

[signature] CHAIRMAN (DISCIPLINARY OFFICER)

K Rawson MEMBER

[signature] MEMBER

FORM OP-C-1-a
23 February 2023

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
DISCIPLINARY REPORT

INSTITUTION: David Wade Correctional Center

| 1. Name of Inmate | 2. Number | 3. Date of Incident | 4. Time of Incident |
|---|---|---|---|
| **Arthur Basaldua** | **531174** | **18 July 2025** | **Approx. 0800** |

| 5. Place of Incident | 6. Job Assignment (Inmate) | 7. Housing Assignment (Inmate) |
|---|---|---|
| **Investigative Office** | **U/A** | **N4 C-Tier** |

| 8. Rule Violated | 9. Rule Number |
|---|---|
| **Defiance** | **#3** |

10. Description of Incident (Include all relevant information – "unusual Inmate behavior, staff witnesses, physical evidence & disposition, immediate action taken, including use of force"). Use other side, if necessary.

On the above date and approximate time, it was determined through the information provided by numerous confidential informants that inmate Authur Basaldua #531174 has made several attempts to circumvent the rules and regulation of DWCC in an effort to smuggle contraband into the facility. Inmate Basaldua was propositioned various inmates to assist with trafficking drugs into the facility. Inmate Basaldua has provided restricted numbers to inmate in an effort to reach civilians that he has been prohibited to communicate with over the telephone. Inmate Basaldua was offered the use of inmate telephone, seen by medical and placed on investigative segregation.

11. Inmate Placed in Administrative Segregation ☒ Yes ☐ No

| 12. Signature of Reporting Employee | 13. Name, Title, Assignment (Print) |
|---|---|
| | |

| 14. Date of Report | 15. Time of Report | 16. Report (copy) given to above Inmate by: | 17. Inmate's Signature |
|---|---|---|---|
| **21 July 2025** | **0900** | | |

18. Plea by Inmate: ☐ Not Guilty ☐ Guilty
19. Verdict: ☐ Not Guilty ☐ Guilty
20. Date of Hearing:
21. Counsel Substitute:
DOC #:

22. Disciplinary Court Motions: Refer to Form OP-C-1-b.

23. Reasons For Disposition:
☐ Report is clear and precise. ☐ Lack of credible defense/little or no defense. ☐ Based on Inmate's statement.
☐ The officer's version is determined to be more credible than the Inmate's. ☐ Pled guilty/accepted guilty plea.
☐ Only defense is denying contents of report. ☐ The Inmate presented no evidence to refute the charges.
☐ The Investigative officer's testimony was deemed more truthful and accurate than the Inmate's. ☐ Plea bargain.
☐ The Inmate's demeanor led the board to believe that the Inmate's testimony was untrue.
☐ Other

24. Reasons for Sentence:
☐ Seriousness of offense ☐ The need to protect the institution, employees or other.

☐ Poor conduct record. A total of ________ rule violation(s). A total of ________ Schedule B violations since: ____________________.

A total of ________ # ________ rule violations since____________________.

☐ Other: ____________________

25. Sentence: ☐ Suspended ☐ Imposed ________ Days
26. Sentence: ☐ Suspended ☐ Imposed ________ Days

27. DISCIPLINARY BOARD: After an Inmate is found guilty of a disciplinary violation through a formal administrative hearing, the Disciplinary Board may order restitution in accordance with Department Regulation No. OP-C-11 "Imposition of Restitution via the Disciplinary Board."

CHAIRMAN (DISCIPLINARY OFFICER)

MEMBER

MEMBER

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
CORRECTIONS SERVICES
OFFENDERS RELIEF REQUEST FORM

CASE NUMBER: DWCC-2024 -0147

TO: ARTHUR BASALDUA 531174 — Offender's Name and Number

N4C — Living Quarters

03/07/2024
Date of Incident

X ACCEPTED: This request comes to you from the Wardens Office. A response will be issued within 40 days of this date.

REJECTED: Your request has been rejected for the following reason(s):

03/11/2024
Date

Shannon Smith
Warden's Signature or Designee

# Emergency Administrative Remedy Procedure

NAME: Arthur Basaldua #531174
Housing: N.4.C.11
Date: 3-7-24

Date of Incident: 3-6-24
Time of Incident: Approx 4:00 P.M.
Location of Incident: N4.C.11

Complaint....

On the above date & approx time, I, Arthur Basaldua #531174, was approched by Major Shalen Heard on the Southside in N4-C-11. Major Heard told me that he was sent to me by Colonel Malcolm to let me know that my visits were being cancelled this weekend, I should contact the warden to inquire why. . I asked how did he know I had a visit & he replied he didn't know whether or not, but was following his last direct order. He also asked that I give him the name & number of my visitor so that he could contact them and alert them of these changes. I told him I didn't feel comfortable giving him my family number but I needed to contact my ~~attorney~~ lawyer so that she could make my family aware of what is going on. Major Heard said he would get back with me yet all he was able to tell me was allegely Warden Dauza took my visitation and he couldn't help me with an alternative to notify my family of these changes.

According to Dept. Reg. No. OP-C-1, loss of visitation privileges is only for a violation of a D.P.S.C. rule, in which it must involve visiting. (Also see Disciplinary Rules & Procedures for Adult offenders Rule Book)

I have not broke any rules that involve visiting nor have I been notified of such. My 14th Amendment rights are being deprived, (A state liberty interest, Equal Protection of the Law & Due Process) reasons for such actions of Wade officials are direct violations of civil rights.

## Relief

1.) My visitation be restored
2.) All parties guilty of violating my rights be punished
3.) Any loses my family incurr be resolved by Wade D.O.C.
4.) Injunctive relief be granted & officials not ~~circumdent~~ circumvent the rules set forth by D.P.S.C.
5.) No retaliation shall ensue due to this A.R.P.

* Arthur Basaldua 531174 3-7-24

You have received a JPay letter, the fastest way to get mail

From : Ashley Collins, CustomerID: 25534228
To : ARTHUR BASALDUA, ID: 00531174
Date : 3/22/2024 11:27:10 PM EST, Letter ID: 198870557
Location : WCC
Housing : N4C

DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS
STATE OF LOUISIANA
DAVID WADE CORRECTIONAL CENTER

JEFF M. LANDRY
GOVERNOR

JAMES M. LE BLANC
SECRETARY

06 March 2024

Ashley Collins
2911 George Nick Connor Dr
New Orleans, LA 70119

Re: Suspension of Phone and Visiting Privileges

Dear Ms. Collins,

Please be advised that your phone and visiting privileges with inmate Arthur Basaldua #531174 are being suspended, effective immediately. This action is being taken as a result of an internal investigation and in order to continue to provide Security and Public Safety in support of the Department's Mission, your visitation and phone privileges have been suspended.

If you wish to appeal this decision, you may contact the Secretary of the Department of Public Safety and Corrections within fifteen (15) days of this notice. The address is as follows: Secretary of Public Safety and Corrections, 504 Mayflower St. Baton Rouge, LA 70804.

Sincerely,

Michele Dauzat
Warden

MD/ht

xc: Secretary Leblanc
Chief Smith
Support Colonel
Visitation File
Offender's File

670 Bell Hill Road ✦ Homer, LA 71040 ✦ (318) 927-0400 ✦ Fax (318) 927-0420 ✦ www.doc.louisiana.gov
An Equal Opportunity Employer

JPay Tell your friends and family to visit www.jpay.com to write letters and send money!

CASE NUMBER: DWCC-2024-0147

FIRST STEP RESPONSE FORM (FIRST STEP RESPONDENT)

TO: BASALDUA, ARTHUR 531174 N4C
Living Quarters

Response to request dated 03/06/2024, received in this office on 03/11/2024

I have reviewed your grievance received on 11 March 2024 concerning you complaint of loss of visitation privileges. You were never denied visiting privileges. In result of an internal investigation involving your visitor Ashley Collins, on 06 March 2024 her visiting privileges were suspended. In the meantime you were still allowed visiting privileges. Ashley Collins is a lawyer but not does not represent herself as a lawyer. Ashley Collins has played a major roll in assisting you in coordinating of purchasing illegal drugs with the intent to transport or distribute. For the safety and security of DWCC the visiting privileges of Ashley Collins was suspended. This action was taken in order to continue to provide security and public safety in support of the department mission. On 06 March 2024 a copy of the suspension letter was forwarded to Ashley Collins for her review. In addition you were given a phone call on 09 March 2024 to notify Ashley Collins. There is no evidence of your 14th amendment right being deprived.
Due to the above- mentioned findings, the following decision has been rendered. Your grievance is deemed to be without merit. Therefore, no administrative intervention is planned at this level

Prepared by: [signature]

4.24.24
Date

[signature], DW
Unit Head

Instructions to Offender: If you are not satisfied with this response, you may go to Step Two by checking below and forwarding to the ARP Screening Officer in the manila envelope within 5 days of your receipt of this decision.

( ) I am not satisfied with this response and wish to proceed to Step Two.

Reason:

Date

Offender's Signature DOC#

# Administrative Remedy Procedure

Name: Arthur Basaldua
#531174
Housing: N.4.C.11
Date: 4/26/24

Date of Incident 2/26/24 - On going
Time of Incident: N/A
Location of Incident. N4 C-11

## Nature of Complaint

Col. Terrance Hauley (Investigations) has begun a pattern that is consistent with racially discrimination and harassment. Warden Dauzat has hired Col. Hauley as an investigator, and notified her verbally and in writing with no response in action, so she is liable and a party to these developments. On 2/21/24 I requested to make a legal call to my lawyer. My lawyer informed me that my wife had not sent her the legal papers of mine. So after talking to my lawyer, I called my wife and told her I need her to send the lawyer the papers and order me some legal books and a spanish/English dictionary.

On 2/26/24 Col. Malcolm is the one that allowed me to make a legal call and he told me. you made two calls. This is about 13:00 to 14:00 you can ~~review~~ review the camera and see, he was in front of my cell. I said yes I made two calls I had to call my wife because my lawyer didn't receive the legal papers from my wife So I had to make sure that was handled, and I ordered a legal book as well So around 14:25 on 2/26/24 Col. hauley comes to my cell trying to question me, and me and him get into a heated arguement. He ended up telling me "You think you know it all you fucking wetback." I got you, I've been doing this 14 years. And he handed me my write up for a rule #5 (Aggravated Disobedience). How would I know he been doing this for 14 years if he had not answered me like this? with a racial slur. From 2/26/24 to 3/1/24 Col. Hauley delievered my two books I told my wife to order from Prison Legal New Publishing. Harassing me talking about I got drugs in there. I told him I being down 17 years now and I just want these books to try and gain my freedom, and to write

my family with this spanish dictionary. He said "I didn't know you fucking wetbacks could read and write. All you guys know is to sell drugs and kill our community!" And told me again for the second time I am going to show you, you fucking Wet back, I am going to hook you up. I've been doing this 14 years. I said cool.

Now on 3/6/24 Warden Dauzat cancelled my visits (3) days prior to my actual visit with my Friend Ashley Collins due to an internal investigation, conducted by Col. Hauley. Col. Hauley says Ashley Collins is a lawyer but does not represent herself as a lawyer. And has played a major roll in assisting me of purchasing illegal drugs with intent to transport and/or distribute. According to Offender Posted Policy # 030 Sec. C sub sec. La (Suspension of a visitor's visiting Privileges) the only giving reason for such suspension are any visitor who introduces contraband into or upon the grounds of an institution, commits any illegal activity on the grounds of an institution, commits any illegal activity on the grounds or Sec F (conditions of visits) states if a disturbance or disrespectful behavior accurs a vist can be terminated Mrs. Collins has also been removed from my phone list and was told not to write me when she called up here. I never recieved any notice of said actions or why. Ms. Collins recieved a notice on 3/15/24 and timely appealed. On 3/7/24 I sought ~~Admin~~ Administrative Remedy in this instance (DWCC-2024-0147).

On 3/11/24 Col. Hauley brought me another write up for a rule #5 for making two 10 minute free phone calls, for the same ~~previous~~ previous reason in retaliation of the ~~[illegible]~~ last A.R.P. Since the Covid-19 pandemic Securus phone company gives us two 10 ~~[illegible]~~ minute free phone calls. There is no way around this. In offender Posted policy # 020 we are allowed one 15 minute call a week on extended. So we have to use these (2) 10 minute calls before we are allowed to make on 15 minute collect call or one 15 minute call on your account on your phone. See Sec. K, states every offender housed in pre-seg will receive 1 collect call per week for 15 minutes Since the first calls we make weekly are the 10 min. calls the officers allow us to use those or our 15 minute period. At no time did I violate a rule #5, when the officers come for the phone I hang up and give it to him. I never disobeyed a direct verbal order from Col. Hauley or any other officer on the tier If you check the

or do a systematic check of offender to offender that has the same status as me within a year will prove that not only is this the norm, but Col. Hooley only writes up a hand full of offenders for this rule violation that does not apply to any of us, for what ever reason he has a problem with us back here And that is abusing his "Authority & Power"

On 3/15/24 Col. Hooley wrote me up on a 30x rule violation a active facebook account for writing my cousin to go on my messenger and get me two women address. The rule says "however this shall not include social media accounts maintained by an outside third party, on behalf of offender. So how did I violate rule 30x? Col. hooley has written me up 3 times in 14 days. I was shockdown 3 times in 7 days by ranking officers and shakedown team. In that same period I was shakendown two time in 24 hour period, once at 4 A.M. and again at 8 A.M. on 3/20/24. Col. Hooley states in all 3 write ups that he completed an investigation and I am wondering what sort of investigation and why am I not notice of being placed under investigation? The main person helps me maintain my focus has been remove from my life. The pattern is consistent and contrary to the evidence being used to conduct such extramites, Col. Hooley is a racist and is racially discriminating against me due to I am mexican and my past conduct I have 3 witnesses to the racial slurs and insults. Warden Dauzat is allowing him to harass me and the 14th ~~ame~~ amendment is binding, I am entitled to equal protection of the law and should not be discriminated against due to my race and past short comings. They are abusing their authority and placing unnecessary hardships upon me without any actual & substantion penological interest. The unlimitation of this raises to the ground hold of ~~and~~ cruel & unusual punishment that violates the eighth amendment.

Relief Desired

1) warden Dauzat & Col. Hooley follow the rules as well & complete their investigation timely & with out prejudice

2) Col Hooley stop harassing me without justifiable reason

3) Col. Hooley be relieved of his duties or demoted for insulting me by disrespecting my heritage and abusing his authority and power by creating fictitious reasons to harass me

4) My friend Ashley Collins be allowed to resume visiting & be place back on my phone list

5) I be transferred to another facility insitution

6) That no retaliation ensue me for this A.R.P in accordance with title 22

7) The RVR's be removed from my disciplinary record.

(3) [signature] 531174 4/26/24

Declaration of Derek M. Hale #499675 Under Penalty of Perjury

Arthur Basaldua
V.
Terrance Hanley, et al.

I, Derek M. Hale #499675, duly sworn, state the following to the best of my belief & knowledge:

1. I am over the age of 18, and have personal knowledge of the matters stated herein;

2. On 2/26/24, Arthur Basaldua #531174 was housed on N4-C-#11 at David Wade Correctional Center.

3. I, Derek M. Hale #499675, was housed on N4-C-#9 at David Wade Correctional Center.

4. On 2/26/24, during relevant time (camera footage shall substantiate claim) Lt. Col. Hanley approached Arthur Basaldua housing area. Lt. Col. Hanley appeared to be serving Arthur Basaldua a RVR.

5. During the course of the aforementioned meeting, Mr. Basaldua & Lt. Col. Hanley engaged in an argument about why is Mr. Basaldua being harassed by said officer.

6. I clearly overheard Lt. Col. Hawley state to Mr. Basaldua, "You think you can pull this bullshit on me. I got 14 years of doing this." Mr. Basaldua replied, "How do I know that?"

7. Lt. Col. Hawley then stated, "I don't give a fuck about your attorneys. I'm going to show you, you fucking wet back! All you do is come over here & destroy our communities..."

8. Mr. Basaldua never once disrespected Lt. Col. Hawley, yet for this officer to overtly disrespect Mr. Basaldua due to his race is in direct violation of the oath Lt. Col. Hawley took when he not only committed to not being bias, but to handle himself in a proffesional matter & always uphold the integrity of law.

Further you affiant say not.

Derek M. Hale #499875

Dated this 28th day of April, 2024.

I, Derek M. Hale have read the foregoing, and declare under the penalty of purjury under the laws of the United States that the statements contained herein are true & correct to the best of my belief & knowledge.

Declaration of Herman h. Scott #567278 Under Penalty of Perjury

Arthur Basaldua
V.
Terrance Hauley, et al.

I, Herman h. Scott #567278, duly sworn, state the following to the best of my belief & knowledge.

1 I am over the age of 18, and have personal knowledge of the matters stated herein;

2. On 2/26/24, Arthur Basaldua #531174 was housed on N-4-C #11 at David Wade Correctional Center.

3 I, Herman h. Scott #567278, was housed on N-4 C#12 at David Wade Correctional Center.

4. On 2/26/24. during relevant time (Camera footage shall Substantiate claim) LT. Col. Hauley approached Authur Basaldua housing area. LT. Col. Hauley appeared to be searing Authur Basaldua a RVR.

5. During the course of the forementioned meeting, Mr. Basaldua & LT. Col. Hauley engaged In an argument about why Is Mr. Basaldua being harassed by said officer.

6. I clearly overheard LT. Col. Hauley stated to Mr. Basaldua," You think you can pull this bullshit on me; I got 14 years of doing this. "Mr. Basaldua replied, "How do I know that?

7. Lt. Col. Hauley then stated, "I dont give a fuck about your attorneys. Im going to show you, you fucking wetback! All you do Is come over here $ destroy our communities....

8. Mr. Basaldua never once disrespected Lt. Col. Hauley, yet for this officer to overly desrespected Mr. Basaldua due to his race Is in direct violation of the oath Lt. Col. Hauley took when he not only committed to not being bias; but to handle himself In a proffesional matter $ always uphold the integrity of law.

Futher you affiant say not.

Herman J. Scott #567778

Dated this 3rd day of May, 2024.

I, Herman L. Scott have read the foregoing, and declare under the penalty of perjury under the laws of the United states that the statements contained herein are true $ correct to the best of my belief $ knowledge.

Human Rights Defense Center
Prison Legal News Publishing
PO Box 1151
Lake Worth Beach, FL 33460

# Invoice

| Date | Invoice # |
|---|---|
| 2/20/2024 | 58044 |

PAID 02/20/2024

Arthur Basaldua, #531174
Wade Corr Ctr
670 Bell Hill Rd
Homer, LA 71040

| P.O. Number | Terms | Rep | Ship | Via |
|---|---|---|---|---|
| 32908 | Stripe | PL | 2/20/2024 | Media Mail |

| Item Code | Description | Quantity | Price Each | Amount |
|---|---|---|---|---|
| 2021 | The Habeas Citebook: Ineffective Assistance of Counsel, 2nd Edition | 1 | 49.95 | 49.95 |
| 1034 | Spanish-English/English-Spanish Dictionary | 1 | 15.95 | 15.95 |
| | USPS Package 1 Tracking #: 9449011206204989320654<br>Shipping Charges: $6.35 | | | |

| | |
|---|---|
| **Total** | $65.90 |
| **Payments/Credits** | -$65.90 |
| **Balance Due** | $0.00 |

Human Rights Defense Center
Prison Legal News Publishing
PO Box 1151
Lake Worth Beach, FL 33460

# Invoice

| Date | Invoice # |
|---|---|
| 3/26/2024 | 58493 |

PAID
03/26/2024

Arthur Basaldua, #531174
Wade Corr Ctr
670 Bell Hill Rd
Homer, LA 71040

| P.O. Number | Terms | Rep | Ship | Via |
|---|---|---|---|---|
| 33178 | Stripe | PL | 3/26/2024 | Media Mail |

| Item Code | Description | Quantity | Price Each | Amount |
|---|---|---|---|---|
| 1077 | Prisoner's Self-Help Litigation Manual | 1 | 59.95 | 59.95 |
| 2017 | Disciplinary Self-Help Litigation Manual | 1 | 49.95 | 49.95 |
| | USPS Package 1 Tracking #: 9449011206204385456445 | | | |
| | Shipping Charges: $7.83 | | | |

| | |
|---|---|
| **Total** | $109.90 |
| **Payments/Credits** | -$109.90 |
| **Balance Due** | $0.00 |

CASE NUMBER: DWCC-2024-0273

FIRST STEP RESPONSE FORM (FIRST STEP RESPONDENT)

TO: BASALDUA, ARTHUR 531174 N4C
Living Quarters

Response to request dated 04/26/2024, received in this office on 05/06/2024

I have reviewed your grievance dated 26 April 2024 concerning an incident involving Colonel Terrance Haulcy. You allege Colonel Haulcy is racially discriminatory towards you and has used derogatory language while speaking with you. You further allege Colonel Haulcy has issued you RVRs wrongfully. You claim to have receive approval from Colonel Roderick Malcolm to make a legal call, and Colonel Haulcy issued you an RVR for this. You also claim that due to an investigation conducted by Colonel Haulcy involving a person on your visitation list had her visitation privileges suspended. During the course of this review I have requested and received written statements from Colonel Malcolm and Colonel Haulcy. Colonel Malcolm states that he approved you to make one legal call to an attorney. It was discovered that you made a second call to someone other than your attorney, which violated his direct verbal order of one legal call. This information was forwarded to Colonel Haulcy. Colonel Haulcy adamantly denies all allegations. Colonel Haulcy has never spoken to you in an unprofessional manner nor has he used any racially inflammatory language towards you. On 21 February 2024 Colonel Haulcy was informed you were given permission to make a legal call, but made a second call after your approved legal call which is in violation of the approved legal call. On 24 February 2024 you conducted multiple phone calls and claim that the phone allows for two free phone calls for ten minutes and that you are allowed to make more than one phone call to get fifteen minutes. Colonel Haulcy states that Posted Policy states the in maximum housing an inmate is allowed one phone call a week, for four per month for a maximum of 15 minutes. Policy does not state there is a minimum amount of time required to complete a phone call. You violated disciplinary rules and procedures and were issued an RVR accordingly. Colonel Haulcy conducted an investigation regarding your active Facebook account discovering, with the help of a third party this account made references to selling "mojo" and cell phones which can comprise the security of the institution and you were issued an RVR. During an investigation Colonel Haulcy discovered several correspondences between you and Ashley Collins. Several times during the correspondence you talked in code and made references to cash app and green dot payments. It was also determined that Ashley Collins was assisting you in purchasing with the intent to transport or distribute illegal drugs. You wrote a letter to Ashley Collins instructing her to contact several individuals speaking in codes and using numbers. You requested Ashley Collins to take screen shots of various Apple Pay deposits and directions as to what to do with the "mix". This investigation was concluded and it was determined that contact between you and Ashley Collins could jeopardize and threaten the safety and security of the institution. Colonel Haulcy's findings were reported to Warden Dauzat, who then suspended Ashley Collins visitation and phone privileges in order to keep the safety and integrity of the institution. Colonel Haulcy contends he has received letters written by you to your family stating he loves his job and you were going to go after his job and his money due to the RVRs he issued you, and you are clearly attempting to retaliate against him by abusing the ARP system. You have not provided any tangible evidence to substantiate your claims, nor have you provided any verifiable information to discredit or dispute the reports of these Officers. Due to the above mentioned, your grievance is deemed to be without merit and no further administrative intervention is planned at this level.

Prepared by: ______________________

5.28.24
Date

Brenda Accolin, DW
Unit Head

Instructions to Offender: If you are not satisfied with this response, you may go to Step Two by checking below and forwarding to the ARP Screening Officer in the manila envelope within 5 days of your receipt of this decision.

(✓) I am not satisfied with this response and wish to proceed to Step Two.

Reason: I feel it is bias and the only way to be satisfied is go to the courts with this complaint. Let a jury decide the out come of his abuse. I am being retaliated as we speak because of this.

5-28-24
Date

Offender's Signature DOC#

# MEMO

TO: ARTHUR BASALDUA, 531174 – N4D ·16

FROM: SHANNON SMITH
Legal Liaison

DATE: 06/10/2024

RE: ARP-DWCC-2024-0273

ARP-DWCC NUMBER

Your request to have the above referenced Administrative Remedy Procedure (ARP) sent to the Secretary has been received.

The necessary documents have been sent to the Secretary for review.

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
CORRECTIONS SERVICES

CASE NUMBER: DWCC-2024-0273

SECOND STEP RESPONSE FORM
(HEADQUARTERS)

TO: BASALDUA, ARTHUR 531174
Offender Name and Number

DWCC
Living Unit

Received in this Office on 06/17/2024:

Your request for an administrative review of ARP# DWCC-2024-0273 has been received. A qualified member of the Headquarters staff has reviewed your request in order to render a fair and impartial response.

Your allegations have been considered. The information provided by Col. Haulcy does not support your allegations of retaliation or racial discrimination. In his statement, he denies your allegations. There is no reason to doubt the credibility of this information nor Col. Haulcy's statement. If you did not agree with the disciplinary reports you were issued, your next recourse was to submit your concerns in front of the Disciplinary Board and/or in the form of a Disciplinary Appeal to the Warden. The Administrative Remedy Procedure is not the correct avenue of relief for addressing disciplinary matters. Lastly, if Ms. Ashley Collins did not agree with her visitation privileges being suspended, she could have appealed the Warden's decision to the Secretary of the Department of Corrections. There is nothing else that can be added to make these issues any clearer. You have failed to provide any evidence to substantiate your allegations or that would cause us to believe otherwise. The first step response prepared by the DWCC staff is deemed adequate and appropriate. As such, this office concurs with staff and finds no further investigation warranted.

Your request for relief is denied.

7-30-24
Date

Secretary's Signature or His Designee

DWCC Form #267 (EMP #03-01-001)

# Segregation Review Board

C11

Type of Review: Preventative Segregation

INMATE: ARTHUR BASALDUA

DOC# 531174

Housing Assignment: N4C

Date 06 MARCH 2024

I. Annual Review:

- ☐ A. *No Action – No Problem*
- ☐ B. *Requests Housing Change*
- ☐ C. *Requests Transfer*
- ☐ D. *Requests Mental Health Services*
- ☐ E. *Requests Trusty Status*
- ☐ F. *Other (See comments Section)*

II. Cellblocks:

☑ A. Not eligible for Reassignment at this time

- ☐ 1. *Poor Attitude*
- ☑ 2. *Serious nature of past offenses*
- ☐ 3. *Disciplinary reports received during current confinement*
- ☐ 4. *Pending street charges*
- ☐ 5. *Length/Number of times in Extended Lockdown*
- ☐ 6. *Other:* ______________

☐ B. Eligible for reassignment from ______________ to ______________

Comments:

______________________________

______________________________

______________________________

[signature]
ARDC Specialist

[signature]
Mental Health

[signature] /Col
Unit Manager

Distribution: Records (Original), Inmate (Copy)

DWCC Form #267 (EMP #03-01-001)

# Segregation Review Board

Type of Review: Preventative Segregation

INMATE: ARTHUR BASALDUA DOC# 531174

Housing Assignment: N4C Date 01 MAY 2024

I. Annual Review:

- ☐ A. *No Action – No Problem*
- ☐ B. *Requests Housing Change*
- ☐ C. *Requests Transfer*
- ☐ D. *Requests Mental Health Services*
- ☐ E. *Requests Trusty Status*
- ☐ F. *Other (See comments Section)*

II. Cellblocks:

☑ A. **Not eligible for Reassignment at this time**

- ☐ 1. *Poor Attitude*
- ☑ 2. *Serious nature of past offenses*
- ☑ 3. *Disciplinary reports received during current confinement*
- ☐ 4. *Pending street charges*
- ☐ 5. *Length/Number of times in Extended Lockdown*
- ☐ 6. *Other:* ______________

☐ B. **Eligible for reassignment from**______________ **to** ______________

**Comments:**

______________________________________________

______________________________________________

______________________________________________

ARDC Specialist

Mental Health

Unit Manager

Distribution: Records (Original), Inmate (Copy)

DWCC Form #267 (EMP #03-01-001)

# Segregation Review Board

Type of Review: Preventative Segregation

INMATE: ARTHUR BASALDUA DOC# 531174

Housing Assignment: N4D 16 Date 20 JUNE 2024

I. Annual Review:

- ☐ A. *No Action – No Problem*
- ☐ B. *Requests Housing Change*
- ☐ C. *Requests Transfer*
- ☐ D. *Requests Mental Health Services*
- ☐ E. *Requests Trusty Status*
- ☐ F. *Other (See comments Section)*

II. Cellblocks:

☑ A. Not eligible for Reassignment at this time

- ☐ 1. *Poor Attitude*
- ☑ 2. *Serious nature of past offenses*
- ☑ 3. *Disciplinary reports received during current confinement*
- ☐ 4. *Pending street charges*
- ☐ 5. *Length/Number of times in Extended Lockdown*
- ☐ 6. *Other:* ______________

☐ B. Eligible for reassignment from ____________ to ____________

Comments:

______________________________

[signature] ARDC Specialist

[signature] Mental Health

[signature] Unit Manager

Distribution: Records (Original), Inmate (Copy)

DWCC Form #267 (EMP #03-01-001)

# Segregation Review Board

Type of Review: Preventative Segregation

INMATE: ARTHUR BASALDUA DOC# 531174

Housing Assignment: N4D Date 09 OCT 2024

I. Annual Review:

- ☐ A. *No Action – No Problem*
- ☐ B. *Requests Housing Change*
- ☐ C. *Requests Transfer*
- ☐ D. *Requests Mental Health Services*
- ☐ E. *Requests Trusty Status*
- ☐ F. *Other (See comments Section)*

II. Cellblocks:

☑ A. **Not eligible for Reassignment at this time**

- ☐ 1. *Poor Attitude*
- ☑ 2. *Serious nature of past offenses*
- ☑ 3. *Disciplinary reports received during current confinement*
- ☐ 4. *Pending street charges*
- ☐ 5. *Length/Number of times in Extended Lockdown*
- ☐ 6. *Other:* ____________

☐ B. **Eligible for reassignment from** ____________ **to** ____________

Comments:

______________________________

______________________________

______________________________

[signature]
ARDC Specialist

[signature] MSW, CSW
Mental Health

[signature]
Unit Manager

Distribution: Records (Original), Inmate (Copy)

DWCC Form #267 (EMP #03-01-001)

# Segregation Review Board

**Type of Review:** Preventative Segregation

**INMATE:** ARTHUR BASALDUA **DOC# 531174**

**Housing Assignment:** N4D **Date** 04 DEC 2024

**I. Annual Review:**

- ☐ A. *No Action – No Problem*
- ☐ B. *Requests Housing Change*
- ☐ C. *Requests Transfer*
- ☐ D. *Requests Mental Health Services*
- ☐ E. *Requests Trusty Status*
- ☐ F. *Other (See comments Section)*

**II. Cellblocks:**

☑ A. **Not eligible for Reassignment at this time**

- ☑ 1. *Poor Attitude*
- ☑ 2. *Serious nature of past offenses*
- ☑ 3. *Disciplinary reports received during current confinement*
- ☐ 4. *Pending street charges*
- ☐ 5. *Length/Number of times in Extended Lockdown*
- ☐ 6. *Other:* ______________

☐ B. **Eligible for reassignment from** ____________ **to** ____________

**Comments:**

[signature]
ARDC Specialist

[signature] MSW, CSW
Mental Health

[signature]
Unit Manager

Distribution: Records (Original), Inmate (Copy)

DWCC Form #267 (EMP #03-01-001)

# Segregation Review Board

Type of Review: Preventative Segregation

INMATE: ARTHUR BASALDUA DOC# 531174

Housing Assignment: N4C Date 29 JAN 2025

I. Annual Review:

- ☐ A. *No Action – No Problem*
- ☐ B. *Requests Housing Change*
- ☐ C. *Requests Transfer*
- ☐ D. *Requests Mental Health Services*
- ☐ E. *Requests Trusty Status*
- ☐ F. *Other (See comments Section)*

II. Cellblocks:

☑ A. **Not eligible for Reassignment at this time**

- ☑ 1. *Poor Attitude*
- ☑ 2. *Serious nature of past offenses*
- ☐ 3. *Disciplinary reports received during current confinement*
- ☐ 4. *Pending street charges*
- ☐ 5. *Length/Number of times in Extended Lockdown*
- ☐ 6. *Other:* ______________

☐ B. **Eligible for reassignment from** ______________ **to** ______________

Comments:

______________________________________________

______________________________________________

______________________________________________

[signature] Kristen Elmore(?)
ARDC Specialist

[signature] MSW CSW
Mental Health

[signature]
Unit Manager

Distribution: Records (Original), Inmate (Copy)

DWCC Form #267 (EMP #03-01-001)

C-2

# Segregation Review Board

Type of Review: Preventative Segregation

INMATE: ARTHUR BASALDUA DOC# 531174

Housing Assignment: N4C Date 26 MARCH 2025

I. **Annual Review:**

- ☐ A. *No Action – No Problem*
- ☐ B. *Requests Housing Change*
- ☐ C. *Requests Transfer*
- ☐ D. *Requests Mental Health Services*
- ☐ E. *Requests Trusty Status*
- ☐ F. *Other (See comments Section)*

II. **Cellblocks:**

☑ A. **Not eligible for Reassignment at this time**

- ☐ 1. *Poor Attitude*
- ☑ 2. *Serious nature of past offenses*
- ☐ 3. *Disciplinary reports received during current confinement*
- ☐ 4. *Pending street charges*
- ☐ 5. *Length/Number of times in Extended Lockdown*
- ☐ 6. *Other:* ______________

☐ B. **Eligible for reassignment from** ______________ **to** ______________

**Comments:**

______________________________

[signature]
ARDC Specialist

[signature] MSW, CSW
Mental Health

[signature]
Unit Manager

Distribution: Records (Original), Inmate (Copy)

DWCC Form #267 (EMP #03-01-001)

# Segregation Review Board

**Type of Review:** Disciplinary Segregation

**INMATE:** Arthur Basaldua **DOC#:** 531174

**Housing Assignment:** N4D **Date:** 7/30/2025

**I. Annual Review:**

- ☐ **A.** *No Action – No Problem*
- ☐ **B.** *Requests Housing Change*
- ☐ **C.** *Requests Transfer*
- ☐ **D.** *Requests Mental Health Services*
- ☐ **E.** *Requests Trusty Status*
- ☐ **F.** *Other (See comments Section)*

**II. Cellblocks:**

☐ **A. Not eligible for Reassignment at this time**

- ☐ **1.** *Poor Attitude*
- ☐ **2.** *Serious nature of past offenses*
- ☐ **3.** *Disciplinary reports received during current confinement*
- ☐ **4.** *Pending street charges*
- ☐ **5.** *Length/Number of times in Extended Lockdown*
- ☐ **6.** *Other:* Continue Disciplinary Segregation

☐ **B. Eligible for reassignment from** Disciplinary **to** Prev. Seg. Level 1 **on or after 7/30/2025**

**Comments:**

[signature]
ARDC Specialist

[signature] MSW, LCSW
Mental Health

[signature]
Unit Manager

**Distribution: Records (Original), Inmate (Copy)**

DWCC Form #267 (EMP #03-01-001)

# Segregation Review Board

Type of Review: Preventative Segregation

INMATE: ARTHUR BASALDUA DOC#531174

Housing Assignment: N3 Date 17 SEPT 2025

I. Annual Review:

- ☐ A. *No Action – No Problem*
- ☐ B. *Requests Housing Change*
- ☐ C. *Requests Transfer*
- ☐ D. *Requests Mental Health Services*
- ☐ E. *Requests Trusty Status*
- ☐ F. *Other (See comments Section)*

II. Cellblocks:

☑ A. **Not eligible for Reassignment at this time**

- ☐ 1. *Poor Attitude*
- ☑ 2. *Serious nature of past offenses*
- ☐ 3. *Disciplinary reports received during current confinement*
- ☐ 4. *Pending street charges*
- ☐ 5. *Length/Number of times in Extended Lockdown*
- ☐ 6. *Other:* ______________

☐ B. Eligible for reassignment from______________to ______________

Comments:

______________________________________________

______________________________________________

______________________________________________

[signature]
ARDC Specialist

[signature] MSW, CSW
Mental Health

[signature]
Unit Manager

Distribution: Records (Original), Inmate (Copy)

DWCC Form #267 (EMP #03-01-001)

# Segregation Review Board

Type of Review: Preventative Segregation

INMATE: ARTHUR BASALDUA DOC#531174

Housing Assignment: N4 Date 07 JAN 2026

I. Annual Review:

- ☐ A. *No Action – No Problem*
- ☐ B. *Requests Housing Change*
- ☐ C. *Requests Transfer*
- ☐ D. *Requests Mental Health Services*
- ☐ E. *Requests Trusty Status*
- ☐ F. *Other (See comments Section)*

II. Cellblocks:

☑ A. Not eligible for Reassignment at this time

- ☐ 1. *Poor Attitude*
- ☑ 2. *Serious nature of past offenses*
- ☐ 3. *Disciplinary reports received during current confinement*
- ☐ 4. *Pending street charges*
- ☐ 5. *Length/Number of times in Extended Lockdown*
- ☐ 6. *Other:* __________

☐ B. Eligible for reassignment from __________ to __________

Comments:

______________________________

______________________________

______________________________

[signature]
ARDC Specialist

[signature] MSW, CSW
Mental Health

T. Hawley c/o
Unit Manager

Distribution: Records (Original), Inmate (Copy)

DWCC Form #267 (EMP #03-01-001)

# Segregation Review Board

C/1

Type of Review: Preventative Segregation

INMATE: ARTHUR BASALDUA DOC#531174

Housing Assignment: N4 Date 25 FEB 2026

I. Annual Review:

- ☐ A. *No Action – No Problem*
- ☐ B. *Requests Housing Change*
- ☐ C. *Requests Transfer*
- ☐ D. *Requests Mental Health Services*
- ☐ E. *Requests Trusty Status*
- ☐ F. *Other (See comments Section)*

II. Cellblocks:

☑ A. **Not eligible for Reassignment at this time**

- ☐ 1. *Poor Attitude*
- ☑ 2. *Serious nature of past offenses*
- ☐ 3. *Disciplinary reports received during current confinement*
- ☐ 4. *Pending street charges*
- ☐ 5. *Length/Number of times in Extended Lockdown*
- ☐ 6. *Other:* ______________

☐ B. **Eligible for reassignment from** ______________ **to** ______________

Comments:

______________________________________________

______________________________________________

______________________________________________

ARDC Specialist

Mental Health

Unit Manager

Distribution: Records (Original), Inmate (Copy)